IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re IMPAX LABORATORIES, INC. SECURITIES LITIGATION<br><br>_____/<br><br>This Document Relates To:<br>ALL ACTIONS | NO. C 04-04802 JW<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11** |

Plaintiffs filed a "Motion for Administrative Relief Pursuant to Local Rule 7-11" seeking to alter language in the Court's Order Granting Defendants' Motion to Dismiss filed March 1, 2006. (Docket Item No. 74.) Specifically, Plaintiffs wish to change the sentence at pages 15-16 of the Court's Order, "in applying the Dura framework, the Ninth Circuit recognized that pleading loss causation is a difficult task," to "in applying the Dura framework, the Ninth Circuit recognized that pleading loss causation is not a difficult task." (Mot. at 1:14-19.)

Local Rule 7-11 is directed at "matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." L.R. 7-11. Plaintiffs' motion for the Court to change language in its Order does not appear to fall within the intended ambit of Local Rule 7-11. To the extent that Plaintiffs intended to file a motion for reconsideration, which under Local Rule 7-9 requires leave of the Court to so file, Plaintiffs will need to specifically show:

> 1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of

> reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9 (b) (2005). On an examination of Plaintiffs' Motion, the Court finds that Plaintiffs' suggested alteration also would not meet the requirements of Local Rule 7-9. The Court notes that the pinpoint citation in its Order should have read "In re Daou Sys., Inc. Sec. Litig., 411 F.3d 1006, 1025 (9th Cir. 2005)" instead of citing to page 1014. On this Court's reading of page 1025, the Ninth Circuit, although not agreeing with the lower court's decision, does concur with the district court's general assessment that "[a]s the district court pointed out, however, establishing 'loss causation' is a more difficult task." The Ninth Circuit's "independent assessment" of the plaintiffs' complaint, id. at 1026, and its limitation of loss causation to only the time period following revelations of Daou's "true financial health," id. at 1026-27, indicate that the burden of pleading loss causation is not as lenient as Plaintiffs suggest. The Court did not intend any confusion occasioned by the Court's oversight of a pinpoint citation, but also finds that the citation of page 1014 instead of page 1025 of the Daou decision does not rise to the standards set by Civil Local Rule 7-9 for leave to file a motion for reconsideration. Accordingly, Plaintiffs' Motion is DENIED.

Dated: April 12, 2006

04cv4802adminrelief

/s/ James Ware
JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Azra Z. Mehdi azram@lerachlaw.com
Dale E. Barnes dale.barnes@bingham.com
Darren J. Robbins e_file_sd@lerachlaw.com
Elizabeth P. Lin elin@milbergweiss.com
Joseph Otto Click click@blankrome.com
Monique Winkler MoniqueW@lerachlaw.com
Patrick J. Coughlin patc@lerachlaw.com
Robert S. Green RSG@CLASSCOUNSEL.COM
Shana Eve Scarlett shanas@lerachlaw.com
Tricia Lynn McCormick triciam@lerachlaw.com
William S. Lerach e_file_sd@lerachlaw.com
Willow E. Radcliffe willowr@lerachlaw.com

Kerry Brainard
600 New Hampshire Avenue, N.W.
Washington, DC 20037

Michael Joseph
600 New Hampshire Avenue, N.W.
Washington, DC 20037

**Dated: April 12, 2006**                           **Richard W. Wieking, Clerk**

**By:_/s/ JW Chambers_____**
       **Melissa Peralta**
       **Courtroom Deputy**