BLANK ROME LLP
MICHAEL JOSEPH (pro hac vice)
JOSEPH O. CLICK (pro hac vice)
600 New Hampshire Avenue, NW
Washington, DC  20037
Telephone:  202/772-5966
202/572-8361 (fax)


BINGHAM MCCUTCHEN LLP
DALE BARNES (SBN 99273)
Three Embarcadero Center
San Francisco, CA  94111
Telephone: 415/393-2522
415/393-2286 (fax)

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re IMPAX LABORATORIES, INC. SECURITIES LITIGATION | Master File No. C-04-4802-JW |
| | CLASS ACTION |
| This Document Related To: | |
| ALL ACTIONS | DEFENDANTS' ANSWER TO FOURTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT |

Defendants Impax Laboratories, Inc., Barry R. Edwards, Cornel C. Spiegler, Charles Hsiao, Larry Hsu, David S. Doll and David J. Edwards respond to the numbered paragraphs of the Fourth Amended Consolidated Class Acton Complaint as follows.

1.      This paragraph contains a characterization of plaintiffs' complaint, which requires no response.

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

1   2.   This paragraph contains a characterization of the class plaintiffs purport to represent,

2   which requires no response; to the extent that a response may be required, defendants deny the

3   allegations.

4   3.   Defendants admit the allegations in the first sentence, deny the allegations in the second

5   sentence, and lack sufficient information to admit or deny, and therefore deny, the remaining

6   allegations.

7   4.   Defendants deny the allegations.

8   5.   Defendants admit that the individual defendants, except D. Edwards, sold Impax stock on

9   one of the dates alleged, deny that D. Edwards sold any stock on any of the dates alleged, and deny

10  the remaining allegations.

11  6.   Defendants admit that defendants B. Edwards and Cornel C. Spiegler signed Sarbanes-

12  Oxley certifications for the second and third quarters of 2004, state that such certifications speak for

13  themselves and deny the remaining allegations.

14  7.   Defendants admit that the market price of Impax stock declined on August 4, 2004 and

15  November 4, 2004, and deny the remaining allegations.

16  8.   Defendants deny the allegations in the second sentence and admit the remaining

17  allegations, but state that they have nothing to do with Impax's restatement of first- and second-

18  quarter 2004 results.

19  9.   Defendants deny the first allegations in the first and second sentences of the paragraph,

20  admits that that Deloitte & Touche informed the Company that it would not stand for reappointment

21  as Impax's auditor in 2005 and denies the remaining allegations, except that D. Edwards lacks

22  knowledge sufficient to admit or deny, and therefore denies the allegations.

23  10.  This paragraph contains legal conclusions to which no response is required; to the extent

24  that a response may be required, defendants admit that the allegations concerning jurisdiction and

25  venue, and deny that any wrongful conduct occurred.

26  11.  Defendants lack knowledge to admit or deny, and therefore the allegations contained in the

27  first sentence of the paragraph and the first clause of the second sentence, and deny that Lead

28

-2-

Plaintiff or any putative class member suffered any damages as a result of any false or misleading statement made by any defendant.

12.   Defendants lack knowledge to admit or deny, and therefore the allegations concerning the stock transactions of Dr. Melvin Owens, and deny that he suffered any damages as a result of any false or misleading statement made by any defendant.

13.   Defendants deny that both of Impax's Hayward and Philadelphia facilities "has a full range of capabilities" and admit the remaining allegations.

14.   (a)   Defendants admit the allegations except that defendants deny that Global merged with "Impax" in December 1999 and state that Global merged with Impax Pharmaceuticals, Inc. in December 1999.

(b)   Defendants deny that B. Edwards participated in the preparation of false financial statements, but admit that B. Edwards repeated the contents of financial statements to the market, except that D. Edwards lacks knowledge sufficient to admit or deny and therefore denies that B. Edwards repeated the content of those financial statements to the market.  Defendants admit that B. Edwards signed Impax's SEC Form 10-Q reports for the first and second quarters of 2004, and deny the remaining allegations contained in the second sentence of this subparagraph.  Defendants admit that B. Edwards signed Reports on Form S-3 and amendments thereto which incorporated Impax's first- and second-quarter 2004 financial statements.  Defendants admit the last sentence of the subparagraph.

(c)   Defendants admit the allegations.

15.   (a)   Defendants admit the allegations.

(b)   Defendants admit that defendant Spiegler assisted in the preparation of financial statements that included certain results that are incorrect, and that defendant Spiegler repeated the contents of those financial statements to the market; except that D. Edwards lacks knowledge sufficient to admit or deny, and therefore denies, that Spiegler  repeated the content of those financial statements to the market..  Defendants deny the allegations in the second and third sentences of the subparagraph, and lack knowledge sufficient to admit or deny, and therefore deny, the allegations in the last sentence of the paragraph.

-3-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

1   (c)   Defendant admit the allegations in the first sentence and deny the remaining

2   allegations.

3   16.   (a)   Defendants deny the allegations in the sixth, seventh **and ninth sentences**, and admit

4   the remaining allegations, except that D. Edwards lacks knowledge sufficient to admit or deny, and

5   therefore denies all of the allegations of the paragraph..

6   (b)   Defendants admit the allegations in the first and third sentences, except that D.

7   Edwards lacks knowledge sufficient to admit or deny, and therefore denies the allegations in the

8   third sentence.  Defendants deny the allegations in the second sentence.

9   (c)   Defendants deny the allegations.

10   17.   (a)   Defendants deny the allegations in the first sentence, and admit the remaining

11   allegations.

12   (b)   Defendants admit the allegations of the first and second sentences, and lack

13   knowledge sufficient to admit or deny, and therefore deny, the remaining allegations.

14   (c)   Defendants deny the allegations.

15   (d)   Defendants admit the allegations.

16   18.   (a)   Defendants admit the allegations.

17   (b)   Defendants admit the allegations.

18   19.   (a)   Defendants admit the first sentence and deny the second sentence.

19   (b)   Defendants admit the allegations.

20   20.   This paragraph contains allegations concerning the nature and source of plaintiffs'

21   allegations, which do not require responses; to the extent that a response may be required,

22   defendants deny the allegations.

23   21.   Defendants lack knowledge sufficient to admit or deny, and they therefore deny, the

24   allegations.

25   22.   Defendants lack knowledge sufficient to admit or deny, and they therefore deny, the

26   allegations.

27   23.   Defendants lack knowledge sufficient to admit or deny, and they therefore deny, the

28   allegations.

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

-4-

Blank Rome LLP

Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

1   24.   Defendants lack knowledge sufficient to admit or deny, and they therefore deny, the
2   allegations.

3   25.   Defendants lack knowledge sufficient to admit or deny, and they therefore deny, the
4   allegations.

5   26.   Defendants lack knowledge sufficient to admit or deny, and they therefore deny, the
6   allegations.

7   27.   Defendants lack knowledge sufficient to admit or deny, and they therefore deny, the
8   allegations.

9   28.   Defendants lack knowledge sufficient to admit or deny, and they therefore deny, the
10   allegations.

11   29.   Defendants lack knowledge sufficient to admit or deny, and they therefore deny, the
12   allegations.

13   30.   Defendants admit the allegations.

14   31.   Defendants admit the allegations.

15   32.   Defendants admit the allegations.

16   33.   Defendants admit the allegations.

17   34.   Defendants admit the allegations.

18   35.   Defendants admit the allegations.

19   36.   Defendants admit the allegations.

20   37.   Defendants admit the allegations.

21   38.   Defendants admit the allegations.

22   39.   Defendants admit the allegations.

23   40.   Defendants admit the allegations.

24   41.   Defendants admit the allegations.

25   42.   Defendants admit the allegations.

26   43.   Defendants admit the allegations.

27   44.   Defendants admit the allegations.

28

110967.00100/35868827v.1

45.    Defendants state that the report cited in the first sentence speaks for itself, admit the allegations of the second and fifth sentences, state that they lack sufficient knowledge to admit or deny, and therefore deny, the allegations in the fourth sentence and deny the remaining allegations.

46.    Defendants state that the cited memorandum speaks for itself.  Defendants deny that D. Edwards was a member of the "executive committee" and that he was "more tuned in to what went on at Impax and involved with respect to operation by virtue of his chemical engineering background."

47.    Defendants state that the cited memorandum speaks for itself.

48.    Defendants state that the cited memorandum speaks for itself.

49.    Defendants state that the cited memorandum speaks for itself.

50.    Defendants state that the cited memorandums speak for themselves.

51.    Defendants state that the cited memorandums speak for themselves.

52.    Defendants the first sentence.

    (a)    Defendants state that the cited memorandum speaks for itself.

    (b)    Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

    (c)    Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

    (d)    Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

    (e)    Defendants state that the cited memorandum speaks for itself.

    (f)    Defendants state that the cited memorandum speaks for itself.

53.    (a)    Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

    (b)    Defendants state that the cited memorandum speaks for itself.

    (c)    Defendants state that the cited memorandum speaks for itself.

54.    Defendants state that the cited résumé speaks for itself.

55.    Defendants state that the cited résumé speaks for itself.

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC,  20037,

-6-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

56.   Defendants state that the cited résumé speaks for itself and deny the remaining allegations. Specifically, defendants deny the implication that defendant Spiegler engaged any "fraudulent behavior."

57.   Defendants state that the cited memorandum speaks for itself.

58.   Defendants state that the cited memorandum speaks for itself.

59.   Defendants admit the first sentence and lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations.

60.   Defendants admit the allegations in the fourth and seventh sentences, except that D. Edwards lacks knowledge sufficient to admit or deny and therefore denies the allegations in the seventh sentence.  Defendants lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations.

61.   The allegations consist of lead plaintiff's characterization and require no response.  To the extent a response is required, defendants deny the allegations.

62.   Defendants state that the cited memorandum speaks for itself.

63.   Defendants state that the cited memorandum speaks for itself.

64.   Defendants state that the cited memorandum speaks for itself.

65.   Defendants state that the cited memorandum speaks for itself.

66.   Defendants deny the allegations.

67.   Defendants deny the allegations in the second and third sentences and state that the remaining allegations are legal conclusions to which no response is required; to the extent that a response may be required, defendants deny the allegations.

68.   The allegations are legal conclusions to which no response is required; to the extent a response may be required, defendants deny the allegations.

69.   Defendants admit the allegations, except that defendants at this time lack knowledge sufficient to admit or deny, and therefore deny, that Teva accounted for 71% of related trade receivables as of March 31, 2004, and additionally defendant D. Edwards also lacks knowledge sufficient to admit or deny, and therefore denies that Teva accounted for 61% of Impax's total revenues for the three months ended March 31, 2004.

-7-

70.   Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

71.   Defendants admit the allegations in the last sentence and state that the cited agreement speaks for itself.

72.   Defendants deny the allegations.

73.   Defendants admit the first sentence, admit that Impax entered into agreements with Teva and Andrx and that those agreements speak for themselves, and deny the remaining allegations, particularly the characterizations of those agreements reflected in the allegations.

74.   Defendants state that the cited memorandum speaks for itself.

75.   Defendants deny the allegations in the first sentence, lack knowledge sufficient to admit or deny, and therefore deny, the allegations of the third and last sentences, and admit the remaining allegations.

76.   Defendants state that the cited memorandum speaks for itself.

77.   Defendants state that the cited memorandum speaks for itself.

78.   Defendants admit that Impax announced the proposed private placement of convertible debentures, and deny the remaining allegations in the first sentence.  Defendants admit the allegations in the second sentence.  Defendants admit that at least some of the initial purchasers of the debentures were Citigroup, Wachovia and First Albany Capital, and at this time lack information sufficient to admit or deny, and therefore deny, the remaining allegations of the third sentence, except that D. Edwards lacks sufficient information to admit or deny, and therefore denies, the allegations in the third sentence.  Defendants deny the allegations in the fourth sentence.  Defendants admit that Impax filed a SEC Form 3 with respect to the debentures on June 14, 2004.

79.   Defendants deny the allegations in the first and second sentences.  Defendants deny that any "news of defendants fraudulent scheme" leaked out, deny that there existed any "fraudulent scheme" and admit the remaining allegations of the third sentence.  Defendants admit the allegations in the fourth and fifth sentences, except that defendants state that the allegation that 3.5% is a "substantially higher cost" than 1.25% is an opinion and conclusion of lead plaintiff to which no response is required; to the extent a response is required, defendants deny the allegation, and except that D. Edwards denies the allegations in the fourth and fifth sentences.

-8-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

80.   Defendants admit that the amount of revenue stated in the press release turned out to be incorrect when additional facts concerning Teva's sales of bupropion products were later disclosed to Impax, state that the cited press release speaks for itself, and denies that the remaining statements in the press release were false.

81.   Defendants state that the cited press release speaks for itself.

82.   Defendants admit that the May 5, 2004 press release was released to the investing public, and lack information sufficient to admit or deny the remaining allegations.

83.   Defendants state that the cited press release speaks for itself and that the paragraph otherwise contains legal conclusions to which no response is required; to the extent that a response may be required, defendants deny the allegations.

84.   Defendants deny the allegations.

85.   Defendants admit that Impax restated its first-quarter 2004 financial results in a manner that reduced first-quarter 2004 revenues by approximately $4.3 million, and deny the remaining allegations of the first sentence.

86.   Defendants admit that Impax filed an SEC Form 10-Q/A for the first quarter of 2004 that included restated financial statements for that quarter.  Defendants lack information sufficient to admit or deny, and therefore deny, the remaining allegations in the paragraph.

87.   The allegations of the first sentence constitute an opinion or characterization of lead plaintiff to which no response is required; to the extent a response may be required, defendants deny the allegations.  The remaining allegations in the paragraph consist of statements or conclusions of law to which no response is required; to the extent that a response may be required, defendants state that the referened SEC regulation speaks for itself.

88.   Defendants admit the allegations in the first sentence.  Defendants deny the allegations of the second sentence.  The allegations in the third, fourth and fifth sentences constitute opinions or characterizations of lead plaintiff to which no response is required; to the extent that a response is required, state that the provisions of the referenced APB Opinion speaks for itself, and further state that these allegations are incomplete or incorrect statements of GAAP and deny the allegations.  Defendants admit that the restatement of first quarter 2004 financial results was due in part to an in

-9-

**Blank Rome LLP**
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

1   error in it previously issued financial results, and denies the remaining allegations in the sixth

2   sentence.  Defendants admit that some of the information contained Impax's original first-quarter

3   financial statements was incorrect.

4       89.    Defendants deny the allegations in the first sentence.  Defendants admit that they were

5   aware that Teva allowed for credits and returns from its customers, as is the customary practice

6   followed by virtually all participants in the pharmaceutical industry.  Defendants deny the remaining

7   allegations.

8       90.    Defendants deny the allegations.

9       91.    The allegations consist of conclusions and characterizations of the lead plaintiff to which

10  no response is required; to the extent that a response is required, defendants deny engaging in any

11  fraudulent scheme, and lack information sufficient to admit or deny the remaining allegations.

12      92.    Defendants admit that, as alleged in the footnote, a Declaration of Kenneth Neumann is

13  attached to the Fourth Amended Consolidated Complaint and that the Declaration purports to set

14  forth opinions of the declarant, opinions to which no response is required; to the extent a response is

15  required, defendants deny that the declarant's opinions accurately reflect the proper method of

16  accounting for the revenues at issue in this case, deny that the declarant's opinions are in conformity

17  with GAAP, and state that the declarant's opinions are result-oriented and not based on accurate

18  knowledge of the facts of this case or the generally accepted accounting principles employed in the

19  pharmaceutical industry.  The remaining allegations consist of lead plaintiff's interpretation of

20  generally accepted accounting principles to which no response is required; to the extent a response

21  may be required, defendants state that lead plaintiff and its declarant have taken statements from

22  various accounting literature out of context, and therefore deny the allegations.  To the extent that

23  lead plaintiff quotes various GAAP provisions, defendants state that those GAAP provisions speak

24  for themselves and must be read in context of GAAP and the facts

25      93.    Defendants admit the allegations.

26      94.    Defendants deny the allegations.

27

28

-10-

95. Defendants admit that Teva allowed for credits and returns from its customers, and that allowance for such credits and returns is common practice in the pharmaceutical industry, and deny the remaining allegations.

96. Defendants state that the referenced Form F-20 speaks for itself.

97. Defendants state that the referenced Form F-20 speaks for itself.

98. Defendants lack knowledge sufficient to admit or deny, and therefore deny the allegations.

99. Defendants deny the allegations.

100. Defendants deny the allegations.

101. Defendants admit the allegation in the first sentence, except that D. Edwards at this time lacks knowledge sufficient to admit or deny, and therefore denies the allegations. Defendants deny the allegations in the second sentence.

102. Defendants admit that statements quoted from the Terreri Chronology are contained in that document, and deny the remaining allegations.

103. Defendants deny the allegations.

104. Defendants deny the allegations in the first sentence. The remaining allegations consist of lead plaintiff's interpretation of various GAAP provisions to which no response is required; to the extent a response is required, defendants state that the referenced provisions speak for themselves and deny the allegations to the extent they are inconsistent with the referenced provisions.

105. Defendants state that the referenced FAS provision speaks for itself and requires no response; to the extent a response may be required, defendants deny the allegations to the extent they are inconsistent with GAAP.

106. Defendants deny the allegations in the first sentence.

(a) Defendants state that the referenced memorandum speaks for itself and that no response is required; to the extent a response is required, defendants deny the allegations to the extent they are inconsistent with the contents of the referenced memorandum.

(b) Defendants state that the referenced memorandum speaks for itself and that no response is required; to the extent a response is required, defendants deny the allegations to the extent they are inconsistent with the contents of the referenced memorandum.

-11-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

107.  Defendants deny the allegations.

108.  Defendants deny the allegations.

109.  Defendants admit that they relied on Teva to comply with the provisions of the SAA that required Teva to report its sales of products covered by the SAA in accordance with GAAP, and deny the remaining allegations.

110.  Defendants state that the quoted agreement speaks for itself.

111.  Defendant admit that the plain language of the provisions of the SAA required Teva to accrue reserves for each product sold by Teva in accordance with GAAP in the reports of "Net Sales" that Teva submitted to Impax, and deny the remaining allegations in the first sentence. Defendants admit the allegations in the second sentence.  Defendants deny the allegations of the third sentence.

112.  Defendants assert that the allegations are vague and potentially misleading.  To the extent these allegations pertain to the preparation by Teva and Impax of financial statements reporting the financial results for their respective companies, such as those filed with SEC periodic reports, defendants lack knowledge sufficient to admit or deny the allegations, and therefore deny the allegations.  To the extent these allegations pertain to Teva's preparation and submission of reports to Impax of "Net Sales" under the SAA, defendants deny the allegations.

113.  Defendants deny that plaintiff's conclusion is confirmed by anything and state that the cited declaration speaks for itself.

114.  Defendants deny the allegations in the first sentence.  Defendants state that the referenced memorandum in the second sentence speaks for itself, and requires no response; to the extent a response may be required, defendants deny the allegations to the extent they are inconsistent with the contents of the memorandum.

115.  Defendants admit that Impax received monthly and quarterly reports from Teva, but deny that the monthly reports were in the form alleged by plaintiffs, except that D. Edwards lacks knowledge sufficient to admit or deny and therefore denies all of the allegations.  Defendants state that the quoted agreement speaks for itself.

116.  Defendants deny the allegations.

-12-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

117. Defendants deny the allegations.

118. Defendants state that the cited memorandum speaks for itself and requires no response; to the extent a response is required, defendants deny the allegations.

119. Defendants state that the cited memorandum speaks for itself and requires no response; to the extent a response is required, defendants admit that defendant Spiegler made the statements attributed to him in the memorandum, except that D. Edwards lacks knowledge sufficient to admit or deny and therefore denies the allegations.

120. Defendants state that the cited agreement speaks for itself.

121. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

122. Defendants lack knowledge sufficient to admit or deny, and therefore deny, teh allegations.

123. Defendants deny the allegations.

124. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

125. Defendants deny the allegations.

126. Defendants deny the allegations.

127. Defendants deny the allegations.

128. Defendants deny the allegations.

129. Defendants admit the allegations.

130. Defendants deny the allegations.

131. Defendant deny the allegations.

132. Defendants deny the allegations.

133. Defendants deny the allegations.

134. Defendants deny the first sentence. Defendants admit that Impax announced on August 4, 2004 that earnings per share for the second quarter of 2004 were $.01, that the closing stock price for Impax stock on August 3, 2004 was $13.97 and that the closing stock price for Impax stock on August 4, 2004 was $12.00, and that volume on August 4, 2004 was approximately 7.1 million shares, and lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations in the second sentence. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations in the last sentence.

-13-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

135.  Defendants deny the first sentence, and admit that on November 3, 2004 Impax issued a press release that included the language quoted in the indented portion of the paragraph.

136.  Defendants admit that Andrx filed a SEC Form 10-Q for the third quarter of 2004 on November 3, 2004 that included the statements quoted in this paragraph, and deny any remaining allegations.

137.  Defendants admit that Andrx issued a press release on November 3, 2004 that included the statements quoted in this paragraph, and deny any remaining allegations.

138.  Defendants state that this paragraph contains a legal conclusion to which no response is required; to the extent that a response may be required, defendants deny the allegations.

139.  Defendants deny the allegations.

140.  Defendants admit that the price of Impax stock closed at $13.00 on November 3, 2004 and closed at 10.07 on November 4, 2004, and that volume on November 4, 2004 was approximately 6.77 million shares.  Defendants deny the remaining allegations.

141.  Defendants admit that Impax's November 3, 2004 press release did not notify investors, explicitly or implicitly, that Impax would restate its financial results for the first and second quarters of 2004, and deny the remaining allegations.

142.  Defendants deny the first and second sentences, admit that transcripts of the referenced conference call included the statements that are quoted in the paragraph.  Defendants further state that the quoted statements speak for themselves and do not require a response; to the extent a response may be required, defendants deny that the quoted statements had anything to do with credits issued in the first and second quarters of 2004, or with Impax's financial results for thoses quarters.

143.  Defendants deny the allegations.

144.  Defendants admit that Impax announced the restatement of its first- and second-quarter 2004 results on November 9, 2004, and that as a result of the restatements, first quarter earnings per share were reduced from $.16 to $.09, and there was no change in second-quarter earnings per share, and deny the remaining allegations.

110967.00100/35868827v.1

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

145.   Defendants deny the first and second sentences.  Defendants admit that defendant Spiegler made the statement attributed to him in the third sentence and aver that the statement was true. Defendants admit the allegations in the fourth sentence.  Defendants deny the allegations in the fifth sentence and aver that the fifth sentence is an incomplete and misleading presentation of what defendant B. Edwards said.

146.   Defendants deny the allegations.

147.   Based on information and belief, defendants admit that Credit Suisse Firt Boston issued an analyst report on November 9, 2004 that included the quoted statement, and deny the remaining allegations.

148.   Defendants admit that Impax's stock increased in value between November 9 and November 11, 2004, and that the closing price for Impax stock on November 9, 2004 was $11.85 and on November 11, 2004 was $13.30.  Defendants also aver that the closing price of Impax stock on November 8, 2004—the last market price immediately before the announcement of the November 9 announcement of the restatements—was $11.25. Defendants deny the remaining allegations.

149.   Defendants deny the allegations in the first sentence and the allegation that the performance of Impax's stock was "lackluster."  Defendants admit that the price of Impax stock closed at the prices alleged on the dates alleged in the paragraph, and specifically aver that any decrease in price was not material and had no causal relationship with the restatement of Impax's first- and second-quarter 2004 results.  Defendants deny the remaining allegations.

150.   Defendants deny the first sentence, and state that the cited statute speaks for itself.

151.   Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations. Defendants specifically deny that any losses claimed by lead plaintiff were caused by any statement made by any defendant that is alleged to have been false or misleading.

152.   Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations. Defendants specifically deny that any losses claimed by Dr. Owen were caused by any statement made by any defendant that is alleged to have been false or misleading.

153. Defendants deny that any member of the class suffered damages and state that this paragraph states a legal conclusion to which no response is required; to the extent that a response is required, defendants deny the allegations.

154. Defendant deny that Impax's May 5, 2004 press release contained any false or misleading statements and state that the press release speaks for itself.

155. Defendants admit the allegations and state that the press release speaks for itself.

156. Defendants admit that Impax's May 5, 2004 press release was issued to the public, and lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations.

157. Defendants admit the allegations of the first sentence, and deny the remaining allegations.

158. Defendants deny the allegations in the first and second sentences and repeats here its responses to the other allegations accompanied by references to other paragraphs of the Complaint.

159. Defendants deny the allegations.

160. Defendants admit the allegation in the first sentence. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations in the second sentence. Defendants deny the allegations in the third sentence.

161. Defendants deny the allegations in the first and second sentences. Defendants admit that Impax SEC Form 10-K for 2003 included the sentences quoted in the paragraphs, but specifically aver that the quoted material is an incomplete and misleading presentation of what Impax said in its Form 10-K.

162. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

163. Defendants deny the allegations in the first sentence. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations.

164. Defendants deny the allegation in the first sentence. Defendants aver that the allegations in the second sentence are vague, and on that basis deny the allegations. Defendants state that the memorandum referenced in the third sentence speaks for itself and requires no response; to the extent that a response may be required, defendants deny the allegation to the extent it is inconsistent with the referenced memorandum.

-16-

165. Defendants state that the memorandum referenced in the paragraph speaks for itself and requires no response; to the extent that a response may be required, admit the allegations to the extent that they accurately represent the content and intent of the statements made in the referenced memorandum, and deny the allegations to the extent they are inconsistent.

166. Defendants lack knowledge sufficient to admit or deny the allegation in the first sentence. Defendants admit the allegations of the second sentence.

167. Defendants state that the memorandum referenced in the paragraph speaks for itself and requires no response; to the extent that a response may be required, defendants admit the allegations to the extent that they accurately represent the content and intent of the statements made in the referenced memorandum, and deny the allegations to the extent they are inconsistent.

168. Defendants state that the memorandum referenced in the paragraph speaks for itself and requires no response; to the extent that a response may be required, defendants admit the allegations to the extent that they accurately represent the content and intent of the statements made in the referenced memorandum, and deny the allegations to the extent they are inconsistent.

169. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

170. Defendants deny that Impax began shipping the 100 mg bupropion product on March 22, 2004, and aver that Impax began shipping that product prior to that date. Defendants admit the remaining allegations, except that D. Edwards lacks sufficient knowledge to admit or deny, and therefore denies, the remaining allegations.

171. Defendants admit the allegations in the first sentence and deny the allegations in the second sentence.

172. Defendants admit that Impax and Teva initially sold the 150 mg bupropion product in the first quarter of 2004, and that as a result, orders for and sales of that product in subsequent periods were less than in the first quarter. Defendants further aver that this phenomenon is common in the pharmaceutical industry, and well known and understood by persons and entities who follow and invest in that industry.

173. Defendants state that the memorandum referenced in the paragraph speaks for itself and requires no response; to the extent that a response may be required, defendants admit the allegations

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

-17-

to the extent that they accurately represent the content and intent of the statements made in the referenced memorandum, and deny the allegations to the extent they are inconsistent.

174. Defendants state that the memorandum referenced in the paragraph speaks for itself and requires no response; to the extent that a response may be required, defendants admit the allegations to the extent that they accurately represent the content and intent of the statements made in the referenced memorandum, and deny the allegations to the extent they are inconsistent.

175. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations in the first sentence. Defendants admit that Impax sold almost all of its inventory of bupropion products to Teva in the first quarter of 2004. Defendants deny that sales of bupropion thereafter "dried up" and deny that the pipeline was "overloaded." Defendants admit that Impax and Teva sold bupropion for the first time in the first quarter of 2004, and thus, by definition, before the commencement of the class period, and further aver that reduced sales of this product in subsequent periods was a situation expected and understood by persons and entities who followed and invested in the pharmaceutical industry.

176. Defendants admit the allegations.

177. Defendants deny the allegations.

178. Defendants deny that they "knew" that the pipeline for bupropion products had been filled by Teva's sales in the first quarter and admit that Teva faced competition in sales of bupropion. Defendants deny the remaining allegations.

179. Defendants deny the allegations.

180. Defendants admit that the closing price of Impax stock on August 4, 2004 was $12.00 and deny the remaining allegations.

181. Defendants admit that on November 3, 2004 Impax announced a delay in the release of the Company's third-quarter 2004 financial results to allow Impax's auditors more time to review its third-quarter financial statements and the timing of credits given by Teva to its customers. Defendants admit that the closing price of Impax stock on November 4, 2004 was $10.07. Defendants deny the remaining allegations.

182. Defendants deny the allegations.

110967.00100/35868827v.1

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

183.  Defendants admit that the SEC Form 10-Q for the first quarter of 2004 included the language quoted in the paragraph.

184.  Defendants admit that the SEC Form 10-Q for the first quarter of 2004 included the language quoted in paragraph 183.

185.  Defendants admit that the SEC Form 10-Q for the first quarter of 2004 was available to the investing public, and lack information sufficient to admit or deny the remaining allegations.

186.  Defendants admit the allegations in the first sentence.  Defendants deny the allegations in the second and third sentences.

187.  Defendants deny the allegations.

188.  Defendants deny the allegations.

189.  Defendants deny the allegations.

190.  Defendants deny the allegations.

191.  Defendants deny the allegations.

192.  Defendants admit that the SEC Form 10-Q for the first quarter included the quoted statement, and deny the remaining allegations.

193.  Defendants admit that the SEC Form 10-Q for the first quarter included the quoted statement, and deny the remaining allegations.

194.  Defendants admit that the SEC Form 10-Q for the first quarter of 2004 was available to the investing public, and lack information sufficient to admit or deny the remaining allegations.

195.  Defendants admit the allegations in the first sentence.  Defendants deny the allegations in the second and third sentences.

196.  Defendants admit that during a November 9, 2004 conference defendant Spiegler made a statement similar to or the same as the statement quoted, except that D. Edwards lacks knowledge sufficient to admit or deny and therefore denies that Spiegler made a statement similar to or the same as the statement quoted.  Defendants deny the remaining allegations.

197.  Defendants state that the SAA speaks for itself.  Defendants lack knowledge and information to identify the Teva Form F-20 to which the allegations refer, and therefore deny the allegations in the second sentence.  Defendants deny the allegations in the third sentence.

-19-

**Blank Rome LLP**
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

Blank Rome LLP

Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

198. Defendants deny the allegations in the first sentence. Defendants incorporate their responses to the allegations in paragraphs 91-103 of the Fourth Amended Complaint, and admit that they knew that the terms of the SAA allowed Teva to right to determine the terms and conditions of sale of bupropion products by Teva to Teva's customers.

199. Defendants deny the allegations of the first sentence. Defendants admit that the SEC Form 10-Q/A for the first quarter of 2004 includes the language quoted in the paragraph, and denies the remaining allegations.

200. Defendants deny the allegations.

201. Defendants deny the allegations.

202. Defendants deny the allegations.

203. Defendants deny the allegations.

204. Defendants admit that Impax's SEC Form 10-Q for the first quarter included the language quoted in the paragraph.

205. Defendants admit that Impax's SEC Form 10-Q for the first quarter included the language quoted in the paragraph.

206. Defendants admit that the SEC Form 10-Q for the first quarter of 2004 was available to the investing public, and lack information sufficient to admit or deny the remaining allegations.

207. Defendants admit the allegations in the first sentence. Defendants deny the allegations in the second and third sentences.

208. Defendants deny the allegations.

209. Defendants deny the allegations.

210. Defendants deny the allegations.

211. Defendants deny the allegations.

212. Defendants deny the allegations.

213. Defendants admit that defendants B. Edwards and Spiegler signed certifications that included the language in quoted in the paragraph, and deny the remaining allegations.

214. Defendants admit that defendants B. Edwards and Spiegler signed certifications that included the language in quoted in the paragraph.

-20-

215. Defendants admit that the SEC Form 10-Q for the first quarter of 2004 and the included certifications were available to the investing public, and lack information sufficient to admit or deny the remaining allegations.

216. Defendants admit the allegations.

217. Defendants admit that Impax's SEC Form 10-Q/A for the first quarter of 2004 included the language quoted in the paragraph. Defendants admit that the revenue reported in Impax's SEC Form 10-Q for the first quarter of 2004 was incorrect due to various reporting errors by Teva and that defendants did not learn of Teva's reporting errors until long after that Form 10Q was filed.

218. The allegations state a legal conclusion to which no response is required; to the extent a response may be required, defendants deny the allegations.

219. Defendants deny the allegations.

220. Defendants state that the provisions of section 302 of the Sarbanes-Oxley Act speak for themselves, and deny the remaining allegations.

221. Defendants admit the allegations, except that D. Edwards at this time lacks knowledge sufficient to admit or deny and therefore denies the allegations.

222. Defendants deny that defendant Spiegler had knowledge of the internal weaknesses and lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations in the first sentence. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations in the second sentence. Defendants deny the allegations in the third sentence.

223. Defendants admit the allegations, except that D. Edwards lacks knowledge sufficient to admit or deny and therefore denies the allegations.

224. Defendants admit the allegations, except that D. Edwards lacks knowledge sufficient to admit or deny and therefore denies the allegations.

225. Defendants state that the referenced auditing standards speak for themselves; to the extent a further response may be required, defendants deny the allegations.

226. Defendants admit the allegations, except that D. Edwards lacks knowledge sufficient to admit or deny and therefore denies the allegations.

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

-21-

227. Defendants state that the referenced PCAOB standard speaks for itself; to the extent a further response is required, defendants deny the allegations.

228. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

229. Defendants deny the allegations in the first and second sentences. Defendants admit the allegations in the third sentence. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations.

230. Defendants deny the allegations.

231. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

232. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

233. Defendants deny the allegations in the last sentence. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the last sentence.

234. Defendants deny the allegations.

235. Defendants deny the allegations.

236. Defendants deny the allegations.

237. Defendants admit the allegations.

238. Defendants admit the allegations.

239. Defendants admit that the certification was available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

240. Defendants admit the allegations.

241. Defendants deny the allegations.

242. Defendants deny the allegations.

243. Defendants deny the allegations.

244. Defendants deny the allegations.

245. Defendants deny the allegations.

246. Defendants admit that the SEC Form S-3 filed by Impax on May 28, 2004 included the quoted statements.

247. Defendants admit the allegation.

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

-22-

248.  Defendants admit that the referenced SEC Form S-3 was available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

249.  Defendants admit the allegations in the first sentence.  Defendants deny the allegations in the second and third sentences.

250.  Defendants deny the allegations.

251.  Defendants deny the allegations.

252.  Defendants deny the allegations.

253.  Defendants state that the referenced memorandum and Nigel Fleming Notes speak for themselves and require no response; to the extent a further response is required, defendants deny the allegations to the extent inconsistent with the referenced memorandum and notes, and to the extent that they may not accurately reflect the statements made.  D. Edwards specifically denies that he was in favor of WD's sale of Impax stock or pressured to resign from Impax's board.

254.  Defendants admit, as the Fourth Amended Complaint alleges in paragraph 256 that April results were distributed to Impax's board of directors on May 14.  Defendants state that the referenced memorandum and Nigel Fleming Notes speak for themselves and require no response; to the extent a further response is required, defendants deny the allegations to the extent inconsistent with the referenced memorandum and notes, and to the extent that they may not accurately reflect the statements made.

255.  Defendants deny the allegations.

256.  Defendants deny the allegations in the first sentence.  Defendants state that the referenced "internal Impax documents" consists of the Report of the Special Litigation Committee, which document speaks for itself and requires no response; to the extent a response is required, defendants deny the allegations to the extent inconsistent with the referenced report, and to the extent that they do not accurately reflect the statements made.

257.  Defendants state that the referenced memorandum speaks for itself; to the extent a response is required, defendants deny the allegations to the extent inconsistent with the referenced report, and to the extent that they do not accurately reflect the statements made.

-23-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

Blank Rome LLP

Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

258. Defendants state that the referenced "internal Impax documents" consists of the Report of the Special Litigation Committee, which document speaks for itself and requires no response; to the extent a response is required, defendants admit the allegations, except that D. Edwards lacks knowledge sufficient to admit or deny and therefore denies the allegations.

259. Defendants state that the referenced "internal Impax documents" consists of the Report of the Special Litigation Committee, which document speaks for itself and requires no response; to the extent a response is required, defendants admit the allegations.

260. Defendants state that the referenced documents speak for themselves and require no response; to the extent a response is required, defendants deny the allegations to the extent inconsistent with the referenced report, and to the extent that they do not accurately reflect the statements made.

261. Defendants deny the allegations.

262. Defendants state that the referenced memorandum speaks for itself and requires no response; to the extent a response may be required, defendants note that the referenced memorandum states that the Teva fax was received late in the day on June 7, 2004 and deny that the referenced memorandum states that defendant Spiegler reviewed the fax from Teva on June 7, 2004.

263. Defendants admit that defendants Doll, B. Edwards, Hsiao, Hsu and Spiegler sold stock on June 7, 2004, and deny the remaining allegations. Defendants state that the referenced memorandum speaks for itself and requires no response; to the extent a response is required defendants admit that the referenced memorandum states that defendant Doll had received and was aware of Impax's insider trading policy, but had not studied it, and deny the remaining allegations.

264. Defendants admit the allegations in the first sentence. Defendants state that the referenced SLC minutes speak for themselves and require no response; to the extent a response is required, defendants, except D. Edwards, admit that the referenced SLC minutes contain the statement quoted in the paragraph. Defendants, except D. Edwards, note that the referenced D&O carrier reimbursed the defendants the costs they incurred for defending the referenced derivative litigation. Defendants lack sufficient knowledge to admit or deny, and therefore deny, the allegations in the last sentence.

-24-

1  D. Edwards lacks knowledge sufficient to admit or deny and therefore denies, all of the allegations

2  of the paragraph except those in the first paragraph.

3      265.  Defendants deny the allegation that the stock chart accurately reflects the defendants' stock

4  sales as a percentage of shares owned by the defendants for purposes of this lawsuit.

5      266.  Defendants deny the allegations.

6      267.  Defendants admit that the closing price of Impax stock on May 28, 2004 was $22.15 and

7  on June 1, 2004 was $22.37.

8      268.  Defendants deny the allegations.

9      269.  Defendants deny the allegations.

10     270.  Defendants deny the allegations.

11     271.  Defendants admit the allegations.

12     272.  Defendants admit the allegations.

13     273.  Defendants admit that the referenced SEC Form S-3 was available to the investing public,

14  and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

15     274.  Defendants admit the allegations in the first sentence.  Defendants deny the remaining

16  allegations.

17     275.  Defendants deny the allegations.

18     276.  Defendants deny the allegations.

19     277.  Defendants deny the allegations.

20     278.  Defendants deny the allegations.

21     279.  Defendants deny the allegations.

22     280.  Defendants admit that on August 4, 2004 Impax issued a press release that included the

23  language quoted in the paragraph, and deny the remaining allegations.

24     281.  Defendants admit that on August 4, 2004 Impax issued a press release that included the

25  language quoted in the paragraph.

26     282.  Defendants admit that the quoted statement was available to the investing public, and lacks

27  knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

28

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

-25-

283. Defendants admit that the statements were issued by Impax and deny the remaining allegations.

284. Defendants deny the allegations.

285. Defendants admit that Impax restated its second-quarter 2004 financial results, and denies the remaining allegations.

286. Defendants admit that the table includes a summary of Impax's amended second-quarter 2004 financial statements.

287. Defendants deny the allegations.

288. Defendants deny the allegations.

289. Defendants admit that Impax stock price closed at $13.97 on August 3, 2004, and $12 on August 4, 2004 and that trading volume in the stock on August 4, 2004 was approximately 7.1 million shares, and lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations in the first and second sentences. Defendants lack knowledge sufficient to admit or deny, and therefore deny the allegations in the third, fourth and fifth sentences.

290. Defendants deny the allegations.

291. Defendants deny the allegations.

292. Defendants deny the allegations.

293. Defendants admit that Impax's August 4, 2004 press release included the quoted language and deny the remaining allegations.

294. Defendants admit the allegations.

295. Defendants admit that the quoted statement was available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

296. Defendants admit the allegations in the first sentence, and deny the remaining allegations.

297. Defendants deny the allegations.

298. Defendants deny the allegations.

299. Defendants deny the allegations.

300. Defendants state that the referenced memorandum speaks for itself and requires no response; to the extent a response is required, defendants deny the allegations to the extent

-26-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

inconsistent with the referenced report, and to the extent that they do not accurately reflect the statements made.

301. Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

302. Defendants admit that Impax stock price closed at $13.97 on August 3, 2004, and $12 on August 4, 2004 and that trading volume in the stock on August 4, 2004 was approximately 7.1 million shares, and lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations in the first and second sentences. Defendants lack knowledge sufficient to admit or deny, and therefore deny the allegations in the third, fourth and fifth sentences.

303. Defendants deny the allegations.

304. Defendants deny the allegations.

305. Defendants deny the allegations.

306. Defendants admit that on August 9, 2004 Impax filed its SEC Form 10-Q for the second quarter of 2004, and that that document included the language quoted in the paragraph, and notes that the quotation excludes information concerning second quarter 2004 results.

307. Defendants admit the allegations.

308. Defendants admit that the quoted statement was available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

309. Defendants admit the allegations of the first sentence, and deny the remaining allegations.

310. Defendants deny the allegations.

311. Defendants deny the allegations.

312. Defendants admit that the closing price of Impax stock on August 11, 2004 was $13.46. Impax admits the allegations in the second sentence.

313. Defendants deny the allegations.

314. Defendants deny the allegations.

315. Defendants deny the allegations.

316. Defendants admit that Impax's SEC Form 10-Q for the second quarter of 2004 included the quoted language and deny the remaining allegations.

317. Defendants admit the allegations.

-27-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

318.  Defendants admit that the quoted statement was available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

319.  Defendants admit the allegations of the first sentence, and deny the remaining allegations.

320.  Defendants deny the allegations.

321.  Defendants deny the allegations.

322.  Defendants admit that the closing price of Impax stock on August 11, 2004 was $13.46. Impax admits the allegations in the second sentence.

323.  Defendants deny the allegations.

324.  Defendants deny the allegations.

325.  Defendants deny the allegations.

326.  Defendants admit that Impax's SEC Form 10-Q for the second quarter of 2004 included the quoted language and deny the remaining allegations.

327.  Defendants admit the allegations.

328.  Defendants admit that the quoted statements were available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

329.  Defendants admit the allegations in the first sentence and deny the remaining allegations.

330.  Defendants deny the allegations.

331.  Defendants deny the allegations.

332.  Defendants admit that the quoted language is contained in Impax's SEC Form 10-Q/A for the second quarter of 2004, and deny the remaining allegations.

333.  Defendants deny the allegations.

334.  Defendants admit that the closing price of Impax stock on August 11, 2004 was $13.46. Impax admits the allegations in the second sentence.

335.  Defendants deny the allegations.

336.  Defendants deny the allegations.

337.  Defendants deny the allegations.

338.  Defendants admit that the quoted language is contained in Impax's SEC Form 10-Q for the second quarter of 2004, and deny the remaining allegations.

-28-

339.  Defendants admit the allegations.

340.  Defendants admit that the quoted statements were available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

341.  Defendants admit the allegations in the first sentence and deny the remaining allegations.

342.  Defendants deny the allegations.

343.  Defendants deny the allegations.

344.  Defendants admit that the closing price of Impax stock on August 11, 2004 was $13.46. Impax admits the allegations in the second sentence.

345.  Defendants deny the allegations.

346.  Defendants deny the allegations.

347.  Defendants deny the allegations.

348.  Defendants admit that defendants B. Edwards and Spiegler signed certifications that included the language in quoted in the paragraph and deny the remaining allegations.

349.  Defendants admit the allegations.

350.  Defendants admit that the quoted statements were available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

351.  Defendants admit the allegations.

352.  Defendants admit that Impax's SEC Form 10-Q/A for the second quarter of 2004 included the quoted language, and denies the allegations contained in the first, lead-in sentence of the paragraph.

353.  Defendants deny the allegations.

354.  Defendants deny the allegations.

355.  Defendants state that the provisions of section 302 of the Sarbanes-Oxley Act speak for themselves, and deny the remaining allegations.

356.  Defendants admit the allegations, except that D. Edwards at this time lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.

357.  Defendants deny that defendant Spiegler had knowledge of the internal weaknesses and lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations in the first

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

-29-

sentence.  Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations in the second sentence.  Defendants deny the allegations in the third sentence.

358.  Defendants admit that the closing price of Impax stock on August 11, 2004 was $13.46. Impax admits the allegations in the second sentence.

359.  Defendants deny the allegations.

360.  Defendants deny the allegations.

361.  Defendants deny the allegations.

362.  Defendants admit the allegations.

363.  Defendants admit the allegations.

364.  Defendants admit that the quoted statements were available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

365.  Defendants admit the allegations.

366.  Defendants deny the allegations.

367.  Defendants deny the allegations.

368.  Defendants admit that the closing price of Impax stock on August 11, 2004 was $13.46. Impax admits the allegations in the second sentence.

369.  Defendants deny the allegations.

370.  Defendants deny the allegations.

371.  Defendants deny the allegations.

372.  Defendants admit that the referenced SEC Form S-3/A contained the language quoted in the paragraph, and deny the remaining allegations.

373.  Defendants admit the allegations.

374.  Defendants admit that the quoted statements were available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

375.  Defendants admit the allegations in the first sentence and deny the remaining allegations.

376.  Defendants deny the allegations.

377.  Defendants deny the allegations.

378.  Defendants deny the allegations.

-30-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

379.  Defendants state that the referenced memorandum speaks for itself; to the extent a response is required, defendants deny the allegations to the extent inconsistent with the referenced report, and to the extent that they do not accurately reflect the statements made.

380.  Defendants state that the referenced "Chronology" speaks for itself; to the extent a response is required, defendants deny the allegations to the extent inconsistent with the referenced Chronology, and to the extent that they do not accurately reflect the statements madetherein.

381.  Defendants state that the referenced memorandum speaks for itself; to the extent a response is required, defendants deny the allegations to the extent inconsistent with the referenced report, and to the extent that they do not accurately reflect the statements made.

382.  Defendants state that the referenced memorandum speaks for itself; to the extent a response is required, defendants deny the allegations to the extent inconsistent with the referenced report, and to the extent that they do not accurately reflect the statements made.

383.  Defendants deny the allegations.

384.  Defendants state that the referenced "internal Impax documents" is the SLC Report, and that the SLC Report speaks for itself; to the extent a response is required, defendants deny the allegations to the extent inconsistent with the referenced SLC Report, and to the extent that they do not accurately reflect the statements made.

385.  Defendants state that the referenced "Chronology" speaks for itself; to the extent a response is required, defendants deny the allegations to the extent inconsistent with the referenced "Chronology," and to the extent that they do not accurately reflect the statements made.

386.  Defendants deny the allegations.

387.  Defendants deny the allegations.

388.  Defendants deny the allegations.

389.  Defendants admit that the referenced SEC Form S-3/A contained the language quoted in the paragraph, and deny the remaining allegations.

390.  Defendants admit the allegations.

391.  Defendants admit that the quoted statements were available to the investing public, and lacks knowledge sufficient to admit or deny, and therefore denies, the remaining allegations.

-31-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

1    392.  Defendants admit the allegations in the first sentence and deny the remaining allegations.

2    393.  Defendants deny the allegations.

3    394.  Defendants deny the allegations.

4    395.  Defendants deny the allegations.

5    396.  Defendants deny the allegations.

6    397.  Defendants deny the allegations.

7    398.  Defendants admit that on November 3, 2004, Impax issued a press release that stated "The

8    Company has postponed its release of 2004 third quarter financial results to Tuesday, November 9,

9    2004 in order to allow its auditors more time to complete their review of the Company's third

10    quarter financial statements, including the timing of certain customer credits on bupropion products

11    marketed by a strategic partner" and deny the remaining allegations.

12    399.  Defendants admit that the closing price of Impax stock on November 3, 2004 was $13 and

13    on November 4, 2004 was $10.07, and that volume on November 4, 2004 was approximately 6.77

14    million shares, and deny the remaining allegations.

15    400.  Defendants admit the allegations in the first sentence, and deny the remaining allegations.

16    401.  Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

17    402.  Defendants state that the referenced "Minutes" speak for themselves; to the extent a

18    response is required, defendants deny the allegations to the extent inconsistent with the referenced

19    "Minutes," and to the extent that they do not accurately reflect the statements made..

20    403.  Defendants state that the referenced "Minutes" speak for themselves, and require no

21    response; to the extent a response may be required, defendants deny the allegations.

22    404.  Defendants admit the allegations in the first two sentences, and deny the remaining

23    allegations.

24    405.  Defendants deny the allegations in the first sentence.  Defendants admit that on March 14,

25    2005 Impax announced it would be filing for an extension of time to file its SEC Form 10-K for

26    2004, and announced on March 31, 2005 that it would not be able to file that report by March 31,

27    2005.  Defendants admit that on November 18, 2005 Impax filed with SEC and SEC Form NTN 10-

28    Q that included the statement that the Company "will be unable to file its Report on Form 10-Q for

-32-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

the quarter ended September 30, 2005 within the prescribed period" and that the Company "has not yet been able to complete its year-end financial closing and audit, and the 2004 Form 10-K filed." Defendants deny the remaining allegations.

406.   Defendants deny the allegations in the first and second sentences, except that D. Edwards lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.. Defendants admit that Impax's auditors had not reach a conclusion with respect to the revenue recognition policies discussed in Impax's first submission to the SEC's Office of the Chief Accountant (OCA), except that D. Edwards lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.

407.   Defendants deny the allegations in the last sentence, and admit the remaining allegations, except that D. Edwards lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.

408.   Defendants admit that in a November 8, 2005 SEC Form 8-K, Impax stated that it had submitted additional information to the OCA that the OCA had requested in connection with the Company's request for guidance from the OCA with respect to the recognition of revenue generated by Teva's sales under the SAA.

409.   Defendants state that the referenced pleading speaks for itself, except that D. Edwards lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.

410.   Defendants admit the allegations, except that D. Edwards lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.

411.   Defendants admit that hearing was held on May 19, 2005 before NASDAQ, but deny that the hearing was held "to review the NASDAQ staff's determination to delist Impax's common stock." Defendants admit the remaining allegations.

412.   Defendants, except D. Edwards, admit the allegations, except to the extent they allege that Impax was "forced" to do anything.  D. Edwards lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.

413.   Defendants admit the allegations, except that D. Edwards lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.

-33-

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

1   414.   Defendants admit the allegations, except that D. Edwards lacks sufficient knowledge to

2   admit or deny, and therefore denies, the allegations.

3   415.   Defendants admit the allegations in the first sentence, except that D. Edwards lacks

4   sufficient knowledge to admit or deny, and therefore denies, the allegations..   Defendants admit the

5   allegations as of the date of the filing of the Fourth Amended Complaint, except that D. Edwards

6   lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.

7   416.   Defendants admit the allegations, except that D. Edwards lacks sufficient knowledge to

8   admit or deny, and therefore denies, the allegations.

9   417.   Defendants admit the allegations in the first and second sentences, except that D. Edwards

10   lacks sufficient knowledge to admit or deny, and therefore denies, the allegations..   Defendants deny

11   the allegations in the third sentence, except that D. Edwards lacks sufficient knowledge to admit or

12   deny, and therefore denies, the allegations.

13   418.   Defendants admit the allegations, except that D. Edwards lacks sufficient knowledge to

14   admit or deny, and therefore denies, the allegations.

15   419.   The allegations are too vague to allow defendants to formulate a response; to the extent a

16   response may be required, defendants deny the allegations.

17   420.   Defendants admit the allegations.

18   421.   Defendants state that the referenced provisions of GAAP, including FAS 48 and SAB 101,

19   speak for themselves and require no response.

20   422.   Defendants state that the referenced provision, SAB 104, speaks for itself and required no

21   response.  The allegations set forth propositions or conclusions that are the subject of expert opinion,

22   and to which no response is required; to the extent a response may be required, defendants deny the

23   allegations.

24   423.   Defendants admit the allegations in the first sentence.  Defendants deny the allegations of

25   the second sentence.

26   424.   Defendants deny the allegation that the price of bupropion products was not fixed and

27   determinable.  Defendants admit that the language quoted in the paragraph were extracted from

28   statements that were made by defendants' counsel at a hearing on February 6, 2006, and further

-34-

1  state that the quoted language does not accurately reflect the totality of the statements made, and on

2  that basis denies the allegations.

3     425.  Defendants deny the allegations.

4     426.  Defendants deny the allegations.

5     427.  Defendants deny the allegations of the first, second and third sentences.  Defendants admit

6  that Impax relied upon Teva to submit report of "Net Sales" of products under the SAA on a

7  quarterly basis in compliance with the terms of the SAA and in compliance with GAAP, that such

8  reliance was justified and in accordance with GAAP, and that Impax did not "undertake" the so-

9  called "inquires" referenced in the last sentence.  Defendants deny that Impax was "premature in

10  recognizing revenues under the SAA in the first and second quarters of 2004."

11     428.  Defendants deny the allegations.

12     429.  Defendants admit that it began building inventories of drugs for which it expected

13  imminent FDA approval prior to receipt of such approval, and began manufacturing bupropion and

14  began keeping in inventory in the fourth quarter of 2003.  Defendants deny the remaining

15  allegations.

16     430.  Defendants deny the allegations.

17     431.  Defendants deny the allegations.

18     432.  Defendants admit that the allegation accurately reflects the description of how Impax

19  calculates the sales return reserve for products sold directly by Impax to customers, but deny that it

20  is a description of the calculation of Impax's "critical accounting policy relating to sales return

21  reserve."

22     433.  Defendants admit the allegations.

23     434.  Defendants admit the allegations.

24     435.  Defendants admit the allegations of the first and second sentences.  The third sentence sets

25  forth propositions or conclusions that are the subject of expert opinion, and to which no response is

26  required; to the extent a response may be required, defendants deny the allegations.  Defendants

27  admit that reserves for such things as discounts, rebates, chargebacks, returns and other credits

28  decreased as a percentage of gross sales, and state that the reason for the decline is that, as explained

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

-35-

in Impax's SEC Form 10-Qs for the first and second quarters, Impax included as gross revenue, the "Net Sales" reported by Teva, an amount that, according to the SAA, were net of such items.

436. Impax denies the allegations.

437. Defendants state that the referenced auditing standard, "AU § 110.03," speaks for itself.

438. Defendants deny the allegations.

439. Defendants, except D. Edwards, admit that Deloitte informed Impax's audit committee of the deficiencies identified in the paragraph, but deny that the SEC Form 8-K stated when "defendants were put on notice" of such deficiencies, and lack knowledge sufficient to admit or deny, and therefore deny, the remaining allegations. D. Edwards at this time lacks sufficient knowledge to admit or deny, and therefore denies, the allegations.

440. Defendants deny the allegations.

441. Defendants admit that sale revenue in the first quarter of 2004 increased significantly as a result of the introduction of bupropion, and that bupropion was sold by Teva pursuant to the SAA. Defendants deny that such increase was a "red-flag." Defendants state that the statement made by the Association of Certified Fraud Examiners quoted in the paragraph speak for themselves and require no response; to the extent a response may be required, defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

442. Defendants admit that sales revenue in the first quarter of 2004 increased significantly over sales revenue for the fourth quarter of 2003, and that reserves for such things as discounts, rebates, chargebacks, returns and other credits decreased as a percentage of gross sales, and state that the reason for the decline is that, as explained in Impax's SEC Form 10-Qs for the first and second quarters, Impax included as gross revenue, the "Net Sales" reported by Teva, an amount that, according to the SAA, were net of such items. Defendants lack knowledge sufficient to admit or deny the allegations in the second sentence. Defendants deny the allegations in the last sentence.

443. Defendants deny the allegations.

444. Defendants admit that under the SAA, Teva had exclusive control over the terms of its sales of bupropion products to Teva's customers. Defendants admit that variations in the terms and

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

Blank Rome LLP
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

1  conditions of Teva's sales of bupropion products to Teva's customers might have an effect on "Net

2  Sales" reported by Teva to Impax.  Defendants deny the remaining allegations.

3      445.  Defendants deny the allegations.

4      446.  Defendants lack knowledge sufficient to admit or deny, and therefore deny, the allegations.

5      447.  Defendants deny the allegations.

6      448.  Defendants deny the allegations.

7      449.  Defendants deny the allegations.

8      450.  Defendants admit that the referenced Proxy Statement included the language quoted, and

9  deny the remaining allegations.

10      451.  Defendants admit the allegations.

11      452.  Defendants state that the allegations are vague and ambiguous, and on that basis deny the

12  allegations.

13      453.  Defendants deny the allegations in the first and second sentences.  Defendants admit the

14  remaining allegations.

15      454.  (a)  Defendants admit the allegations.

16           (b)  Defendants admit the allegations.

17           (c)  Defendants admit the allegations.

18           (d)  Defendants admit the allegations.

19           (e)  Defendants admit the allegations in the first three sentences and deny the remaining

20  allegations.

21           (f)  Defendants deny the allegations.

22      455.  Defendants admit the first sentence.  Defendants deny the allegations in the second and

23  third sentences.

24      456.  The allegations in the first sentence state legal conclusions to which no response is

25  required; to the extent a response may be required, defendants deny the allegations.  Defendants lack

26  knowledge sufficient to admit or deny, and therefore deny, the allegations in the second sentence.

27      457.  The allegations state legal conclusions to which no response is required; to the extent a

28  response may be required, defendants deny the allegations.

-37-

Blank Rome LLP

Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

458.  Defendants lack information sufficient to admit or deny, and therefore deny the allegations.

459.  Defendants deny the allegations.

460.  Defendants deny the allegations.

461.  Defendants admit that retained counsel is competent and experienced in class action and securities litigation, and denies the remaining allegations.

462.  The allegations state legal conclusions to which no response is required; to the extent a response may be required, defendants lack knowledge sufficient to admit or deny, and therefore deny the allegations.

463.  Defendants incorporate their responses to the allegations of all of the paragraphs of the complain as if set forth here in full.

464.  Defendants deny the allegations.

465.  The allegations state legal conclusions to which no response is required; to the extent a response may be required, defendants deny the allegations.

466.  Defendants deny the allegations.

467.  Defendants deny the allegations.

468.  Defendants incorporate their responses to the allegations of all of the paragraphs of the complain as if set forth here in full.

469.  Defendants admit that defendant Spiegler prepared, and was responsible for preparing, Impax's SEC filings, and that defendants Spiegler and B. Edwards prepared, and were responsible for preparing, Impax's press releases, and deny the remaining allegations in the first sentence.  The remaining allegations state legal conclusions to which no response is required; to the extent a response may be required, defendants deny the allegations.

### Defenses

I.    The Fourth Amended Complaint fails to state a claim upon which relief may be granted.

Wherefore, defendants pray that

(a)    the action be dismissed with prejudice

-38-

1          (b)     defendants be awarded their reasonable attorneys' fees, expenses and costs of

2  defending this action; and

3          (c)     the Court grant such other and further relief as the Court deems just and

4  appropriate.

5  Dated:  July 25, 2008

6                                      BLANK ROME LLP
                                    BINGHAM MCCUTCHEN LLP

7

8                                     /s/ Joseph O. Click
                                  JOSEPH O. CLICK (pro hac vice)
                                  *Attorneys for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Blank Rome LLP**
Watergate, 600 New Hampshire Avenue, NW, Washington, DC, 20037,

110967.00100/35868827v.1