BLANK ROME LLP
MICHAEL JOSEPH (pro hac vice)
JOSEPH O. CLICK (pro hac vice)
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Telephone: 202/772-5966
202/572-8361 (fax)

BINGHAM MCCUTCHEN LLP
DALE BARNES (SBN 99273)
Three Embarcadero Center
San Francisco, CA 94111
Telephone: 415/393-2522
415/393-2286 (fax)

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re IMPAX LABORATORIES, INC. SECURITIES LITIGATION | Master File No. C-04-4802-JW <br><br> <u>CLASS ACTION</u> |
| This Document Related To: <br><br> ALL ACTIONS | DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND FOR STAY OF PROCEEDINGS <br><br><br> Date: TBD <br> Time: TBD <br> Place: Courtroom 8, Fourth Floor <br> Judge: Hon. James Ware |

DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND FOR STAY OF PROCEEDINGS

## MOTION

Pursuant to Local Rule 7-9(a), defendants Impax Laboratories, Inc. (Impax), Barry R. Edwards, Charles Hsiao, Larry Hsu, David J. Edwards, Cornel C. Spiegler, and David S. Doll move the Court (i) for leave to file a motion for reconsideration of the Court's July 18, 2007 Order Denying Defendants' Motion to Dismiss Third Amended Consolidated Complaint (TAC), and April 17, 2008 Order Denying Motion for Reconsideration, or, alternatively, for certification of those orders for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and (ii) for a stay of proceedings pending disposition of the motion. As shown below and in the attached Motion for Reconsideration, there has been a change in the law from that which was presented to the Court before the entry of these orders, and a change of law occurred after the order. Specifically, on July 25, 2008, the Ninth Circuit issued a controlling opinion in *Metzler Investment GMBH v. Corinthian Colleges, Inc.*, No. 06-55826, --- F.3d ---, 2008 WL 2853402 (9th Cir. July 25, 2008), a securities fraud case that, as discussed below, analyzes and adopts standards for pleading loss causation that are directly contrary to those applied by the Court in the Orders at issue.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

As the Court is well aware, defendants have consistently maintained that plaintiffs have failed to allege loss causation, that is, an actual loss incurred by plaintiffs that was caused by the alleged misrepresentations in Impax's first- and second-quarter financial statements. The Court has on three prior occasions considered the allegations of loss causation made by plaintiffs, first holding, in its January 3, 2007 Order that plaintiffs had failed to allege loss causation, and more recently, in its July 2007 Order and its April 2008 Order that plaintiffs had pled loss causation by alleging that it could be reasonably inferred that the market "understood" that a November 3, 2004 press release "potentially implicated" previously reported financial results that were incorrect and hence allegedly fraudulent. Given that plaintiffs have made no changes in the alleged disclosures providing the causal link between the alleged misrepresentations and the plaintiffs' purported damages, defendants

would not file another motion for reconsideration except under only the most compelling circumstances.

Such compelling circumstances arose on July 25, 2008, when the Ninth Circuit Court of Appeals issued its opinion in *Metzler Investment GMBH v. Corinthian Colleges, Inc.*, No. 06-55826, --- F.3d ---, 2008 WL 2853402 (9th Cir. July 25, 2008), a copy of which is attached.. As summarized below, and explained in detail in the accompanying Motion for Reconsideration, defendants submit that in *Metzler*, the Ninth Circuit has now established a standard for pleading loss causation that is plainly inconsistent with the standards previously applied in the Court's July 2007 and April 2008 Orders, and has expressly rejected those prior standards.

I. **The Court Should Grant Leave to File a Motion for Reconsideration.**

A. **Legal Standards for Granting Leave to File Motion for Reconsideration.**

Local Rule 7-9(b) provides that a party moving for reconsideration show (1) that there has been a change in material fact or law from that which was presented to the Court before the entry of the order, (2) the emergence of new material facts or a change of law occurring after the order, or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before the order. "The Ninth Circuit has espoused three grounds upon which a motion for reconsideration may be based: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice. [citations omitted] These grounds are generally replicated in Federal Rule of Civil Procedure 59(e) and Civil Local Rule 7-9(b)." *Ankele v. Johnson*, 2005 WL 1459553 at *2 (N.D. Cal. June 21, 2005) (Ware, J.); *United States ex rel. Newsham v. Lockheed Missiles and Space Co., Inc.*, 1997 WL 858547 at *3 (N.D. Cal. July 31, 1997) (Ware, J.); *accord Tyler B. v. San Antonio Elem. School. Dist.*, 253 F. Supp. 2d 1111, 1115 (N.D. Cal. 2003) (Ware, J.).

District courts in this Circuit typically reconsider prior orders pursuant to duly filed motions where, subsequent to the order's issuance, the Ninth Circuit publishes a new opinion establishing a legal standard that appears to be or is contrary to the legal standard previously applied by the district court. *See, e.g., Todd v. LaMarque*, 2007 WL 1982782 (N.D. Cal. July 2, 2007); *Matsushita Elec.*

2

*Indus. Co., Ltd. v. Mediatek, Inc.*, 2007 WL 963975 at *1 (N.D. Cal. March 30, 2007) (Spero, Magistrate Judge); *Lozano v. AT&T Wireless*, 2003 WL 25548566 at *1 (C.D. Cal. Aug. 18, 2003); *Doe v. Petaluma City Sch. Dist.*, 949 F. Supp. 1415, 1417 (N.D. Cal. 1996); *In re Valance Tech. Sec. Litig.*, 1996 WL 673326 at *5 (N.D. Cal. Feb. 13, 1996) (Ware, J.); *Coryell v. United States*, 855 F. Supp. 1120 (C.D. Cal. 1994); *Apersey Assoc. v. Employers Ins. of Wausau*, 1995 WL 317031 (N.D. Cal. May 22, 1995); *see also Colfield v. The American Tobacco Co.*, 1999 WL 33469191 (E.D. Cal. Aug. 6, 1999) (granting reconsideration based on new district court decision). Indeed, this Court has granted leave to file a motion for reconsideration where the Ninth Circuit issued a new opinion *before* the Court issued its order, but *after* the motion to dismiss had been fully briefed, in order to give "closer scrutiny to the law" addressed in the new Ninth Circuit opinion. *See Tyler B.*, 253 F. Supp. 2d at 1115.

Reconsideration of the Court's rulings on loss causation in its July 2007 and April 2008 Orders is warranted here. The Ninth Circuit's new *Metzler* opinion represents a change in the law from that presented to the Court before it issued those orders (Local Rule 7-9(b)(1)) and a change in law that occurred after the Court issued its Orders (Local Rule 7-9(b)(2)).

**B.     The Ninth Circuit's New Opinion and the Loss Causation Determination.**

The July 2007 Order held (at 9) that to plead loss causation in a fraud-on-the-market case such as this, a complaint need only contain allegations that allow a court to "find[] it reasonable to infer that the market understood" that information made available to the public "potentially implicated" prior representations that were allegedly false. And the April 2008 Order explained the July 2007 Order as holding that "the market would have been *on notice* that problems related to 'the timing of certain customer credits on bupropion products,' as reported in the November 3, 2004 announcement, *might impact* the First and Second Quarter results." April 2008 Order at 6 (emphasis added). The July 2007 Order relied solely on *Wagner v. Barrick Gold Corp.*, No. 03 CIV. 4302, 2006 U.S. Dist. LEXIS 3854 at *10-12 (S.D.N.Y. Jan. 31, 2006), for its legal standard, while the

3

DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND FOR STAY OF PROCEEDINGS

1  April 2008 Order did not cite any authority for the explication set forth in that Order of that legal
2  standard.[1]

3  In *Metzler*, the Ninth Circuit has now made clear that the *Barrick Gold* standard applied in
4  the July 2007 and April 2008 Orders is incorrect. As explained in detail in the accompanying
5  Motion for Reconsideration, *Metzler* requires a plaintiff to allege actual disclosures of the truth
6  concerning the alleged fraudulent conduct to plead loss causation, and explicitly disapproves as a
7  basis for pleading loss causation allegations of "possible" or "potential" "implication" of a
8  disclosure such as those offered here by plaintiffs.

9  First, the Ninth Circuit holds in *Metzler* that, to plead loss causation, a plaintiff must allege
10 facts that show an alleged disclosure *actually exposed* the *fraud* alleged in the complaint. The Ninth
11 Circuit explains that the plaintiffs in *In re Daou Systems, Inc. Sec. Litig.*, 411 F.3d 1006 (9th Cir.
12 2005), adequately alleged loss causation based on allegations that identified actual "major losses
13 reported in an August 1998 quarterly report," followed by a stock price decline related directly to the
14 defendants allegedly fraudulent practice of inflating revenues by "systematically recognizing
15 revenue on contracts that that had not been completed." *Metzler*, 2008 WL 2853402 at *8-*9.
16 Indeed, to make this point with ultimate clarity, the Ninth Circuit emphasizes in *Metzler* that "[i]n
17 *Daou* the defendant *disclosed* that the company *actually had* $10 million in unbilled receivables, not
18 merely that there was some risk that it might accrue such receivables." *Id.* (emphasis added).

19 *Metzler* precludes plaintiffs from relying on allegations of disclosures that merely revealed an
20 alleged "potential" for fraud or a "risk" of fraud as a basis for pleading loss causation. Specifically
21 relying on *Daou Systems, Inc., supra,* and *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005), the
22 Ninth Circuit holds that "neither *Daou* nor *Dura* support the notion that loss causation is pled where
23 a defendant's disclosure reveals a 'risk' or ' potential' for widespread fraudulent conduct." *Metzler*,
24 2008 WL 2853402 at *9. The Ninth Circuit also eliminates as a basis for pleading loss causation

---

[1] As Impax has previously pointed out, no other case even cites *Barrick Gold*, much less relies on it, as support for the notion that loss causation can be premised on what one can infer the market "understood" or speculated to be the case, based on vague or neutral statements.

allegations of what the market "understood" from a disclosure, observing that "[s]o long as there is a drop in a stock's price, a plaintiff will always be able to contend that the market 'understood' a defendant's statement precipitating a loss as a coded message revealing the fraud," and that "[e]nabling a plaintiff to proceed on such a theory would effectively resurrect what *Dura* discredited—that loss causation is established through an allegation that a stock was purchased at an inflated price." *Id.* at *10.

Finally, the Ninth Circuit's application of these legal principles to the allegations in *Metzler* make clear that plaintiffs' allegations do not and cannot adequately plead or establish loss causation. Indeed, the loss causation allegations here are weaker than those found insufficient by the Ninth Circuit in *Metzler*. One disclosure in *Metzler*, a June 24, 2004 press release, disclosed *some* offensive conduct—improper financial aid practices at one of Corinthian's 88 colleges—that plaintiffs alleged had occurred widely at all 88 of Corinthian's campuses. *See Metlzer*, 2007 WL 2853402 at *9. And the second, an August 2 press release amending the defendant company's previous earnings forecasts based in part on "higher than anticipated attrition," at least contained actual hard numbers. *Id.* at *10. Here, neither of the press releases on which plaintiffs base their allegations of loss causation disclose any misconduct at all, much less any misconduct related to Impax's first- or second-quarter results. Nor did they disclose that those results would be restated at all, much less the amounts by which they would be restated.

Under *Metzler*, the plaintiffs here are required to plead a disclosure of the truth that actually revealed that Impax's first- and second-quarter financial results were incorrect and fraudulent, not a disclosure from which one might infer that the market "understood" that those results might be incorrect.

### III. The Proceedings Should Be Stayed At Least Until The Court Decides The Motion For Reconsideration.

If the Court grants leave to file the Motion for Reconsideration, then defendants' Motion to Dismiss is still pending before the Court, and the PSLRA's mandatory automatic stay of "discovery and other proceedings" would apply. *See* 15 U.S.C. § 78u-4(b)(3)(B). Indeed, the Court essentially

5

DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND FOR STAY OF PROCEEDINGS

Blank Rome LLP
Watergate 600 New Hampshire Ave., NW Washington, DC 20037

so held when it stayed discovery pending resolution of Impax's previous Motion for Reconsideration. *See* Order Granting Defendants' Motion for Leave to File a Motion for Reconsideration of the Court's July 18, 2007 Order; etc., (Docket Item 134) at 2.

## CONCLUSION

For the foregoing reasons, the Court should grant defendants' Motion for Leave to File a Motion for Reconsideration and stay further proceedings pending further order of the Court.

Respectfully submitted,

Dated: August 7, 2008

BLANK ROME LLP

BINGHAM MCCUTCHEN LLP

/s/ Joseph O. Click
JOSEPH O. CLICK (pro hac vice)

*Attorneys for Defendants*