COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
AZRA Z. MEHDI (220406)
DANIEL J. PFEFFERBAUM (248631)
SUZANNE H. KAPLAN (247067)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
amehdi@csgrr.com
dpfefferbaum@csgrr.com
shkaplan@csgrr.com
       – and –
LAURIE L. LARGENT (153493)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
llargent@csgrr.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re IMPAX LABORATORIES, INC. SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Master File No. C-04-4802-JW <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO APPRISE COURT OF RECENT NINTH CIRCUIT DECISION ON LOSS CAUSATION |

1    Plaintiffs respectfully submit this brief in response to defendants' Motion for Leave to File
2 Motion for Reconsideration.  Although the local rules do not require a response to motions for
3 reconsideration, the Ninth Circuit's recent decision in *In re Gilead Sciences Securities Litigation*,
4 filed after defendants' motion, necessitates response.

### I. THE NINTH CIRCUIT'S MOST RECENT OPINION ON LOSS CAUSATION SUPPORTS THIS COURT'S DECISION UPHOLDING THE COMPLAINT

On August 11, 2008, the Ninth Circuit addressed loss causation in *In re Gilead Scis. Sec. Litig.*, No. 06-16185, 2008 U.S. App. LEXIS 17076 (9th Cir. Aug. 11, 2008), a copy of which is attached as Exhibit A.

In *Gilead*, the Court followed the Supreme Court and its own prior decisions in holding that loss causation is amply pled by allegations of a disclosure that publicly reveals the true financial condition of the company which had been concealed by the fraud.  *Id.* at *13-*14.  Even where the specific practices alleged to be fraudulent were made public earlier, *Gilead* upheld allegations that there was no loss caused until 3 months later when "the third-quarter earnings release made the *effect of that information* inescapably clear."  *Id.*[1]  Loss was not caused until the market learned of the *impact* of defendants' fraud on the company's true financial condition.

This holding accords with *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 344 (2005), which defined the "relevant truth" that must be alleged to have been disclosed as "'when the facts . . . become generally known' and 'as a result' share value 'depreciate[s].'"  *Gilead* also follows *In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006, 1026 (9th Cir. 2005), which clarified that the *Dura* "facts" were adequately pled by allegations that "the price of [defendant company's] stock fell precipitously after defendants began to reveal figures showing the company's *true financial condition*."  *Gilead* is also consistent with *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 989-90 (9th Cir. 2008), which reaffirmed that public disclosure of reduced revenue sufficiently alleged loss causation when

---

[1]   All emphasis is added and all citations and internal quotations and footnotes are omitted unless otherwise noted.

combined with complaint allegations that it was defendants' alleged fraudulent practices that had caused the true financial condition to previously be concealed.

*Gilead* also emphasized that "it is normally inappropriate to rule on loss causation at the pleading stage" because loss causation "'is a matter of proof at trial and not to be decided on a Rule 12(b)(6) motion to dismiss.'" *Gilead*, 2008 U.S. App. LEXIS 17076, at \*23. "[S]o long as the plaintiff alleges facts to support a theory that is not facially implausible," the complaint should be upheld. *Id.* at \*22.

Here, this Court appropriately recognized plaintiffs' plausible loss causation theory: "bupropion was launched in the First Quarter and the August statement reported that revenues were down in the Second Quarter. Therefore, the market would have been on notice that problems related to 'the timing of certain customer credits on bupropion products,' as reported in the November 3, 2004 announcement, might impact the First and Second Quarter results." April 17, 2008 Order at 6.

Importantly, both *Berson* and *Gilead* underscore that plaintiffs need not **prove** loss causation at the pleading stage. A complaint amply **pleads** loss causation where it alleges "'sufficient detail to give defendants ample notice of [their] loss causation theory, and to give [the Court] some assurance that the theory has a basis in fact." *Gilead*, 2008 U.S. App. LEXIS 17076, at \*19 (citing *Berson*, 527 F.3d at 989-90). Here, this Court correctly found that plaintiffs have pled sufficient facts to give defendants notice of their theory, and this Court assured that the allegations should "proceed to the evidentiary stages to determine the extent" of defendants' fraud and the loss it caused investors. *See id.* at \*25-\*26.

**II.  THE NINTH CIRCUIT'S EARLIER DECISION IN *METZLER* ALSO SUPPORTS THIS COURT'S DECISION UPHOLDING THE COMPLAINT**

In light of the clear line of *Dura, Daou, Berson* and *Gilead*, the Ninth Circuit's decision in *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, No. 06-55826, 2008 WL 2853402 (9th Cir. July 25, 2008), appears to be aberrant. Still, in this case, plaintiffs' loss causation allegations are so strong that they satisfy *Metzler* as well.

In *Metzler*, the Court rejected loss causation allegations related to an earnings miss because plaintiff only alleged that, through "euphemism," the earnings miss could be considered connected to

1   defendants' earlier fraud. *Id.* at *10. Here, there is no euphemism. Defendants, themselves, told the
2   market about problems with "'the timing of certain customer credits **on bupropion products**.'"
3   April 17, 2008 Order at 6. Bupropion was IMPAX Laboratories, Inc.'s ("Impax" or the "Company")
4   core product and the reason why the Company was finally profitable after 18 quarters of losses. ¶¶4,
5   91.[2] Further, the Court found that plaintiff in *Metzler* did not point to any information beyond the
6   two alleged disclosures that informed the market of defendants' fraud. *Metzler*, 2008 WL 2853402,
7   at *6. Here, plaintiffs alleged significant contemporaneous facts, particularly on November 3, 2004,
8   that Impax's partner in bupropion sales, Andrx Corporation, announced a $9 million reduction in
9   revenue related to "initial pipeline fills" and "discounts" on bupropion. ¶¶136-137. Plaintiffs also
10  quote transcripts from a November 4, 2004 Impax conference call with analysts, which confirm that
11  the market understood the connection between the August and November partial revelations and
12  defendants' prior false statements. ¶142; *see Gilead*, 2008 U.S. App. LEXIS 17076, at *25 (finding
13  that similar analyst statements demonstrated that "the market did react immediately to the corrective
14  disclosure"). The ambiguity in *Metzler* does not exist here. There is no reason for this Court to
15  reconsider its prior decision.

16       *Metzler* also rejected loss causation allegations that related to "potential but real risk" that a
17  discrete incident of fraud might be more widespread. *Metzler*, 2008 WL 2853402, at *9. Here, the
18  relevant disclosure was not related to a "risk." Impax ***did, in fact***, "postpone[] its release of 2004
19  third quarter financial results . . . in order to allow its independent auditors more time to complete
20  their review of the Company's third quarter financial statements, ***including the timing of certain***
21  ***customer credits on bupropion products*** marketed by a strategic partner." ¶135. The disclosure in
22  this case was not about a "risk" – it was about a reality. Again, there is no reason for this Court to
23  reconsider its prior decision.

---

[2]   All paragraph references ("¶__") are to the Fourth Amended Consolidated Complaint, filed on May 16, 2008.

PLTFFS' RESPONSE TO DEFS' MOTION FOR LEAVE TO APPRISE COURT OF
RECENT NINTH CIRCUIT DECISION ON LOSS CAUSATION - C-04-4802-JW         - 3 -

| | | |
|---|---|---|
| 1 | DATED: August 14, 2008 | Respectfully submitted, |
| 2 | | COUGHLIN STOIA GELLER |
| | |   RUDMAN & ROBBINS LLP |
| 3 | | AZRA Z. MEHDI |
| | | DANIEL J. PFEFFERBAUM |
| 4 | | SUZANNE H. KAPLAN |

                                                /s/ Azra Z. Mehdi
                                                  AZRA Z. MEHDI

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
LAURIE L. LARGENT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

T:\CasesSF\IMPAX Labs\RES00053354.doc

CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 14, 2008.

    /s/ Azra Z. Mehdi
AZRA Z MEHDI
COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:amehdi@csgrr.com

# Mailing Information for a Case 5:04-cv-04802-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dale E. Barnes , Jr**
  dale.barnes@bingham.com,teresa.bowen@bingham.com,lisa.lee@bingham.com

- **Joseph Otto Click**
  click@blankrome.com,smith-sh@blankrome.com

- **Patrick J. Coughlin**
  PatC@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Robert S. Green**
  CAND.USCOURTS@CLASSCOUNSEL.COM

- **Suzanne Heald Kaplan**
  shkaplan@csgrr.com

- **Laurie L. Largent**
  llargent@csgrr.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Elizabeth Pei Lin**
  elin@milberg.com,schang@milberg.com,cchaffins@milberg.com

- **Tricia Lynn McCormick**
  triciam@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Azra Z. Mehdi**
  azram@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@csgrr.com,khuang@csgrr.com,GDarwish@csgrr.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Monique C. Winkler**
  e_file_sd@csgrr.com,shawnw@csgrr.com,travisd@csgrr.com,E_File_SF@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing

program in order to create notices or labels for these recipients.

**Kerry Brainard**
600 New Hampshire Avenue, N.W.
Washington, DC 20037

**Tim P. Harris**
Blank Rome LLP
Watergate 600
New Hampshire Avenue,NW
Washington, DC 20037

**Michael Joseph**
600 New Hampshire Avenue, N.W.
Washington, DC 20037

**Louis H. Kozloff**
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103-6998

**Darren Jay Robbins**
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Hardy Vieux**
Blank Rome LLP
Watergate 600
New Hampshire Avenue,NW
Washington, DC 20037