IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NO. C 04-04802 JW

In re: IMPAX Laboratories, Inc., Securities Litigation

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

/

This is a securities fraud class action brought on behalf of investors who acquired Impax Laboratories, Inc. ("Impax") securities between May 5, 2004 and November 3, 2004 (the "Class Period") against Impax and certain members of Impax's senior officers and directors ( collectively, "Defendants"). Plaintiffs allege violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 of the Securities and Exchange Commission ("SEC").

On July 7, 2008, the Court denied Defendants' motion to dismiss the Fourth Amended Complaint. (See Docket Item No. 169.) Presently before the Court is Defendants' Motion for Leave to File a Motion for Reconsideration. (hereafter, "Motion," Docket Item No. 175.)

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L.R. 7-9(a). In doing so, the moving party must specifically show the following:

(1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

  (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L. R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id.

  Defendants move for reconsideration on the grounds that a recent decision by the Ninth Circuit Court of Appeals articulates a new standard for evaluating allegations of the loss causation in a securities class action. (Motion at 1.) Specifically, Defendants contend that the opinion in Metzler Investment GMBH v. Corinthian Colleges, Inc., No. 06-55826, — F. 3d —, 2008 WL 2853402 (9th Cir. July 25, 2008), requires Plaintiffs to plead loss causation with greater specificity. (Motion at 2.) Upon review, the Court finds that Metzler does not articulate a new standard for pleading loss causation; rather it applies the standards articulated by the Supreme Court in Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 341 (2005) and In re Daou Sys., Inc. Sec. Litig., 411 F.3d 1006, 1014 (9th Cir. 2005). Metzler, 2008 WL 2853402 at * 9-10. Since the Court considered both Dura and Daou in its July 7, 2008 Order, reconsideration on the basis of new law under Metzler is not appropriate at this time. (See Docket Item No. 169.)

  Accordingly, the Court DENIES Defendants' Motion for Leave to File Motion for Reconsideration and for an Order Staying Proceedings.

Dated: August 15, 2008

                 JAMES WARE
                 United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Azra Z. Mehdi azram@csgrr.com
Dale E. Barnes dale.barnes@bingham.com
Daniel Jacob Pfefferbaum Dpfefferbaum@csgrr.com
Elizabeth Pei Lin elin@milberg.com
Joseph Otto Click click@blankrome.com
Laurie L. Largent llargent@csgrr.com
Monique C. Winkler e_file_sd@csgrr.com
Patrick J. Coughlin PatC@csgrr.com
Robert S. Green RSG@CLASSCOUNSEL.COM
Suzanne Heald Kaplan shkaplan@csgrr.com
Tricia Lynn McCormick triciam@csgrr.com
William S. Lerach e_file_sd@lerachlaw.com
Willow E. Radcliffe willowr@csgrr.com

**Dated: August 15, 2008**              **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
     **Elizabeth Garcia**
     **Courtroom Deputy**

**United States District Court**
For the Northern District of California