COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
AZRA Z. MEHDI (220406)
DANIEL J. PFEFFERBAUM (248631)
SUZANNE H. KAPLAN (247067)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
amehdi@csgrr.com
dpfefferbaum@csgrr.com
shkaplan@csgrr.com
    – and –
LAURIE L. LARGENT (153493)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
llargent@csgrr.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re IMPAX LABORATORIES, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-04-4802-JW<br><br>CLASS ACTION<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM IMPAX DEFENDANTS<br><br>DATE: October 29, 2008<br>TIME: 9:30 a.m.<br>COURTROOM: The Honorable Richard G. Seeborg |

On October 21, 2008, defendants filed a Supplemental Brief in Opposition to Plaintiffs' Motion to Compel Production of Documents from Impax Defendants ("Surreply"), along with an accompanying declaration attaching exhibits. Dkt. Nos. 205, 206. The Surreply is both substantively and procedurally improper and should be disregarded by the Court. The local rules clearly state that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." N.D. Cal. Civil L. R. 7-3(d). Defendants did not obtain this Court's permission to file supplemental briefing and therefore the Surreply and its accompanying declaration and exhibits in support thereof were filed in violation of the local rules. However, in the event that the Court does entertain defendants' Surreply, defendants' arguments only serve to underscore the relevance of the documents sought by plaintiffs' Motion to Compel Production of Documents from the Impax Defendants ("Motion to Compel"). Dkt. No. 195.

Plaintiffs have consistently maintained that post Class Period events, up to and through the resolution of Impax Laboratories, Inc.'s ("Impax" or the "Company") 2004 financial results, are relevant to their claims. Motion to Compel at §V.A.1; Plaintiffs' Reply Brief in Support of Motion to Compel Production of Documents From Impax Defendants, Dkt. No. 202 ("Reply") at §II.B-C. Plaintiffs allege that defendants improperly recognized revenue on the sale of bupropion products in 2004 under the Strategic Alliance Agreement ("SAA") with Teva Pharmaceutical Industries Ltd., and that defendants' November 2004 restatement did not resolve the Company's revenue recognition problems. ¶¶7-8; 86, 91-94, 104-108, 149, 196, 199, 219, 285-286, 332;[1] Motion to Compel at 3. Defendants' improper revenue recognition policy led to Impax's failure to file any mandated periodic disclosures with the Securities and Exchange Commission ("SEC") and the subsequent delisting of Impax's securities from the NASDAQ. ¶¶405-418; Motion to Compel at 3; Surreply at 1. Plaintiffs' discovery requests seek documents created after the Class Period which relate to defendants' 1Q04 and 2Q04 accounting, their revenue recognition policies and their communications

---

[1] All "¶" references are to the Fourth Amended Complaint ("Complaint") Dkt. No. 156.

PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL - C-04-4802-JW - 1 -

with the Office of the Chief Accountant of the SEC and its auditors. Motion to Compel at §V.A.1-V.C.

The Surreply only reinforces the relevance of documents created up to, and through, the present related to defendants' new revenue recognition policy. In their Surreply, defendants admit that they overstated revenue for 1Q04 and 2Q04 and that they could not file periodic SEC reports subsequent to 3Q04 due to the need to develop a proper revenue recognition policy for the SAA. Surreply at 1. Defendants' Surreply quotes extensively from their new and drastically revised revenue recognition policy, thereby highlighting the impropriety of the policy employed in 2004. *Id.* at 2-4. Plaintiffs alleged in the Complaint, and have consistently maintained ever since, defendants' revenue recognition for bupropion sales in 2004 was improper and the November 2004 restatement failed to remedy accounting for revenue under the SAA. ¶¶7-8; 86, 91-94, 104-108, 149, 196, 199, 219, 285-286, 332; Motion to Compel at 3. Documents created through the filing of defendants' Registration Form 10 under §12(g) on October 10, 2008 ("2008 Registration Statement") are relevant to plaintiffs' claims regarding defendants' improper revenue recognition. Defendants' briefing, especially their Surreply, unequivocally demonstrates that the Company did not resolve these issues in November 2004 or March 2005, as defendants contended in an attempt to circumvent discovery. Reply at §II.B.

Defendants' Surreply acknowledges that the Company's previously reported financial figures for 1Q04 and 2Q04 were false. Surreply at 4. What were the Company's first three profitable quarters under their old revenue recognition policy became part of the Company's largest annual loss in its history, almost $49 million under the new revenue recognition policy. Surreply at 4. The Company has still not filed audited financials for 2004 and therefore documents relevant to plaintiffs' requests may still be created through the present. Nonetheless, defendants boldly characterize the dramatic restatement of their 2004 accounting as unrelated to plaintiffs' allegations of fraud. Surreply at 4.

Defendants' tortured efforts to distinguish between their various accounting problems and plaintiffs' allegations only bolster the relevancy of the documents sought by plaintiffs. Defendants read plaintiffs' allegations in exceedingly narrow terms and attempt to limit plaintiffs' discovery

1  only to issues with credits on bupropion sales. Surreply at 4-5. Plaintiffs' claims are much broader
2  than defendants' failure to account for credits, and in fact encompass all of defendants' improper
3  revenue recognition in 2004. ¶¶91-114, 419-448. Furthermore, defendants' efforts only demonstrate
4  the relevance of the documents sought. For instance, in the Declaration of Kenneth Neumann in
5  Support of Plaintiffs' Third Amended Consolidated Complaint for Violations of Sections 10(B) and
6  20(A) of the Securities Exchange Act of 1934, the exact same language is quoted from Emerging
7  Issues Task Force No. 00-21 ("EITF") that now appears in the 2008 Registration Statement to
8  explain why defendants' revenue recognition in 2004 was improper.[2] DJP reply Decl. Ex. B at 10.
9  Defendants make the absurd argument that because plaintiffs' accountant – based only on publicly
10 available information – did not articulate the full breadth of defendants' revenue recognition
11 problems under the SAA in the exact manner that defendants now describe it, plaintiffs are not
12 entitled to discovery related to the full extent of defendants' fraudulent accounting for 1Q04 and
13 2Q04. This contention is nonsensical. Plaintiffs alleged improper revenue recognition. Defendants
14 admit that their revenue recognition was not appropriate. This entitles plaintiffs to the discovery
15 sought.

---

[2] Plaintiffs' accountant struck the heart of defendants' revenue recognition problems in stating that "[i]f separation is possible, revenue is recognized for each deliverable when the revenue recognition criteria for the specific deliverable is achieved. If separation is not possible, ***revenue recognition is required to be spread over an extended period***." Declaration of Daniel J. Pfefferbaum in Further Support of Plaintiffs' Motion to Compel Production of Documents From Impax Defendants ("DJP reply Decl."), Ex. B at 9. Defendants in fact bolster this very point when they say, "Again, deferral under the new policy is based on Impax's application of EITF 00-21 and its determination that the various deliverables are not divisible into separate units of accounting and must therefore all be accounted in the same manner pursuant to a policy that recognizes revenue over the estimated life of the agreement." Surreply at 6.

1   Defendants' improper and unauthorized Surreply actually bolsters plaintiffs' positions, not
2   defendants.
3   DATED: October 21, 2008                Respectfully submitted,

    COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
    AZRA Z. MEHDI
    DANIEL J. PFEFFERBAUM
    SUZANNE H. KAPLAN


                                               s/ Daniel J. Pfefferbaum
                                            DANIEL J. PFEFFERBAUM

    100 Pine Street, Suite 2600
    San Francisco, CA  94111
    Telephone:  415/288-4545
    415/288-4534 (fax)

    COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
    LAURIE L. LARGENT
    655 West Broadway, Suite 1900
    San Diego, CA  92101
    Telephone:  619/231-1058
    619/231-7423 (fax)

    Lead Counsel for Plaintiffs

    VANOVERBEKE MICHAUD &
      TIMMONY, P.C.
    MICHAEL J. VANOVERBEKE
    THOMAS C. MICHAUD
    79 Alfred Street
    Detroit, MI  48201
    Telephone:  313/578-1200
    313/578-1201 (fax)

    Additional Counsel for Plaintiffs

S:\CasesSD\IMPAX Labs\BRF00055054.doc

PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL - C-04-4802-JW                                               - 4 -

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 21, 2008.

s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

E-mail:dpfefferbaum@csgrr.com

# Mailing Information for a Case 5:04-cv-04802-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dale E. Barnes , Jr**
  dale.barnes@bingham.com,teresa.bowen@bingham.com,lisa.lee@bingham.com

- **Joseph Otto Click**
  click@blankrome.com,smith-sh@blankrome.com

- **Patrick J. Coughlin**
  PatC@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Robert S. Green**
  CAND.USCOURTS@CLASSCOUNSEL.COM

- **Suzanne Heald Kaplan**
  shkaplan@csgrr.com

- **Louis H. Kozloff**
  Kozloff@blankrome.com

- **Laurie L. Largent**
  llargent@csgrr.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Elizabeth Pei Lin**
  elin@milberg.com,schang@milberg.com,cchaffins@milberg.com

- **Tricia Lynn McCormick**
  triciam@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Azra Z. Mehdi**
  azram@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@csgrr.com,nrogers@csgrr.com,khuang@csgrr.com,GDarwish@csgrr.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing

program in order to create notices or labels for these recipients.

**Kerry Brainard**
600 New Hampshire Avenue, N.W.
Washington, DC 20037

**Tim P. Harris**
Blank Rome LLP
Watergate 600
New Hampshire Avenue,NW
Washington, DC 20037

**Michael Joseph**
600 New Hampshire Avenue, N.W.
Washington, DC 20037

**Darren Jay Robbins**
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Hardy Vieux**
Blank Rome LLP
Watergate 600
New Hampshire Avenue,NW
Washington, DC 20037