BLANK ROME LLP
MICHAEL JOSEPH (*pro hac vice*)
JOSEPH O. CLICK (*pro hac vice*)
HARDY VIEUX (*pro hac vice*)
TIMOTHY P. HARRIS (*pro hac vice*)
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
Telephone:  202.772.5800
Facsimile: 202.572.5858
         -and-
LOUIS H. KOZLOFF (*pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
Telephone: 215.569.5500
Facsimile: 215.569.5555


BINGHAM MCCUTCHEN LLP
DALE BARNES (SBN 99273)
Three Embarcadero Center
San Francisco, California 94111
Telephone:  415.393.2522
Facsimile: 415.393.2286


*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re IMPAX LABORATORIES, INC. SECURITIES LITIGATION | Master File No. C-04-4802-JW |
| | <u>CLASS ACTION</u> |
| This Document Related to: | |
| ALL ACTIONS | DEFENDANTS' REPORT CONCERNING ITEMS REMAINING IN DISPUTE IN PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM IMPAX DEFENDANTS |
| | DATE:  October 29, 2008<br>TIME:  2:30 p.m.<br>COURTROOM:  The Honorable Richard G. Seeborg |

DEFENDANTS' REPORT CONCERNING ITEMS REMAINING IN DISPUTE IN PLAINTIFFS' MOTION
TO COMPEL PRODUCTION OF DOCUMENTS FROM IMPAX DEFENDANTS C-04-4802-JW (RS)

Defendants Impax Laboratories, Inc. ("Impax"), Barry R. Edwards, Cornel C. Spiegler, Charles Hsiao, Larry Hsu, David S. Doll, and David J. Edwards (collectively, the "Defendants") hereby submit this Report Concerning Items Remaining in Dispute in Plaintiffs' Motion to Compel Production of Documents from Impax Defendants.

On October 29, 2008, the parties appeared before this Court on Plaintiffs' Motion to Compel Production of Documents from Impax Defendants. At the conclusion of argument, the Court directed the parties to further meet and confer with respect to the disputed items in an attempt to narrow the issues to be decided by the Court. The parties have done so and it is Defendants' understanding and belief that nearly all issues raised by Plaintiffs' Motion have been resolved. Defendants have agreed to expand the scope of their review for documents responsive to certain Requests in a manner acceptable to Plaintiffs. Plaintiffs have agreed to limit certain Requests in a manner acceptable to Defendants. Defendants have provided, or will provide, certain information that Plaintiffs have represented is sufficient to eliminate the need for Defendants to produce documents in response to certain other requests. And, Plaintiffs have agreed to withdraw their Motion to Compel additional documents responsive to certain Requests, subject to renewal if issues arise. Nonetheless, despite good faith efforts to reach agreement, the parties were unable to resolve their dispute with respect to two Document Requests – Request Numbers 44 and 45.

## I. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST NUMBERS 44 AND 45

Request Numbers 44 and 45 concern Impax's appointment of Grant Thornton as its new auditor after Deloitte & Touche ("Deloitte"), who audited Impax's 2004 financial statements covering the entire time period of the transactions that are at issue in this litigation, informed Impax that it would not stand for reappointment as Impax's auditor upon the completing of its audit of 2004 financial statements.

Document Request No. 44 seeks:

> Documents and communications relating or referring to the circumstances surrounding and reasons for the announcement by Deloitte that it would not stand for reappointment as [Impax's] auditor.

Document Request No. 45 seeks:

> Documents and communications relating or referring to the circumstances surrounding and reasons for the election and employment of Grant Thornton as [Impax's] auditor.

It remains Defendants' position that this litigation concerns Impax's reported financial results for the first and second quarters of 2004 and restatement of these results in November 2004. The Fourth Amended Complaint (4th AC) makes clear that these results were incorrect due to reporting errors by Teva Pharmaceuticals (Teva) with respect to revenue for first and second quarter 2004 sales of the generic drug bupropion through the Strategic Alliance Agreement (SAA) between Impax and Teva. As the Fourth Amended Complaint also alleges those results were incorrect because they did not take into account certain credits that Teva gave to some of its customers, but did not report to Impax until the third quarter. The only allegations concerning the accounting methodology Impax employed in the first two quarters of 2004 concern: (1) Impax's inclusion of the revenue reported by Teva when the prices that Teva charged its customers were not were not fixed and determinable because of those credits, and (2) inadequate product return reserves. (4th AC, ¶¶ 84, 89-94, 104-09, et al.)[1] The allegations do not even come close to alleging that Impax should have accounted for revenues generated by Teva's sales under to the new revenue recognition policy that Impax has adopted and employed in financial statements filed with the SEC in October 2008.[2] Accordingly, it

---

[1] The parties' submissions to the Court prior to argument on Plaintiffs' Motion to Compel and the argument before the Court on October 29, 2008 demonstrate that Plaintiffs and Defendants disagree regarding scope of the allegations of Plaintiffs' Fourth Amended Complaint. In particular, Defendants disagree with the position advanced by the Plaintiffs after Impax recently filed its 2008 Registration Statement that the Fourth Amended Complaint alleges that Impax's financial disclosures where false and misleading for reasons other than the pricing and reserve issues that are the only deficiencies in Impax's accounting procedures that are actually discussed in the Fourth Amended Complaint.

[2] Moreover, given that it took almost two years for Impax, Deloitte, FTI Consulting (Impax's accounting subject-matter expert), and the SEC's Office of the Chief Accountant (OCA) to develop and approve of the new policy, Plaintiffs cannot possibly claim, much less prove, that Impax improperly employed its prior accounting policy with anything even remotely approaching scienter.

is Impax's accounting for product sales under the SAA in 2004 that are relevant or potentially relevant in this litigation.

### A. Documents Concerning Deloitte's Decision Not to Stand for Reappointment as Impax's Auditor Are Not Within the Scope of Discovery

Documents concerning Deloitte's decision to step down as the company's auditor after its 2004 audit concluded are simply not relevant or reasonably calculated to lead to discovery of relevant information or admissible evidence in this action. This is especially so given that as a result of the agreements reached in meet and confer discussions since the parties were last before the Court, Defendants will produce additional documents regarding Deloitte's role as Impax's auditor in 2004. Accordingly, Plaintiffs' Motion to Compel should be denied.

It is beyond dispute that Deloitte, and only Deloitte, audited Impax's financial statements for 2004. And although Deloitte decided not to stand for reappointment as Impax's auditor in 2005, it remained the company's auditor for Impax's financial statements for 2004. (Kozloff Decl. Exs. 5 and 6.[3]) As Plaintiffs know, Deloitte continued to perform this role until October 2008, when Deloitte signed-off on Impax's audited financial statements for 2004. (Click Decl. Ex. C.[4]) Therefore, Deloitte's decision not to stand for reappointment had no effect on Deloitte's audit of 2004 financial statements or its role in evaluating how to account for bupropion sales in 2004.

Plaintiffs contend that discovery into the circumstances of Deloitte's decision not to stand for reappointment is necessary because of a history of disagreements between Impax and Deloitte concerning Deloitte's 2004 audit. (Plaintiffs' Reply (Dkt. No. 202), at 13-15.) This is a red herring. Deloitte's decision not to stand for reappointment as Impax's auditor is discussed in the SEC 8-K

---

[3] References to the "Kozloff Declaration" refer to the Declaration of Louis H. Kozloff in Support of Defendants' Opposition to Plaintiffs' Motion to Compel Production of Documents from Impax Defendants. (Dkt. No. 200.)

[4] References to the "Click Declaration" refer to the Declaration of Joseph O. Click in Support of Defendants' Supplemental Brief in Opposition to Plaintiffs' Motion to Compel Production of Documents from Impax Defendants. (Dkt. No. 205.)

and amended 8-K reports that Impax filed in 2005—reports that are already in Plaintiffs' possession and that include Deloitte's statement that there are no material disagreements.

Further, Plaintiffs' examples of "disagreement" are mistaken. For example, Plaintiffs refer to a statement made by Impax that Deloitte was unable to "reach a consensus on the appropriate method of revenue recognition for the transactions [arising under the Agreement] in 2004." (Plaintiffs' Reply, at 14.) The inability to reach a consensus, however, refers to disagreement <u>among accountants at Deloitte</u> regarding the revenue recognition methodology, not a disagreement between Deloitte and Impax. (Pfefferbaum Decl., Ex. 14, at 3.[5]) Another example is Plaintiffs' citation to a statement that Deloitte believed that a revenue recognition model proposed by Impax was "acceptable" but that "application of that model may not result in financial statements that provide transparent financial information to investors." (Plaintiffs' Reply, at 14.) Aside from the fact that this so-called "disagreement" has nothing to do with the Fourth Amended Complaint's allegations, it is not clear that there is disagreement between Impax and Deloitte that the method adopted is not the most transparent. Indeed, this statement appeared in Impax's financial submission to the OCA in February 2007, and Impax, Deloitte, FTI and the SEC's OCA subsequently devoted considerable effort in drafting notes to the financial statements, which were approved by Deloitte, to make them more transparent with respect to Impax's revenue recognition policy.[6]

In any event, it is unnecessary to require production of documents responsive to Request Number 44 to satisfy plaintiffs' desire to discover information about the so-called disagreements between Impax and Deloitte. Based on the agreements reached in the meet and confer process since October 29, Defendants will produce documents concerning Deloitte's role in accounting issues

---

[5] References to the "Pfefferbaum Declaration" refer to the Declaration of Daniel J. Pfefferbaum in Support of Plaintiffs' Motion to Compel Production of Documents from Impax Defendants. (Dkt. No. 203.)

[6] Further, to aid investors in understanding Impax's revenues and operations, the MD&A section of Impax's Form 10 Registration Statement includes "Non-GAPP" financial results for sales of products under the SAA. (Click Decl., Ex. B.)

DEFENDANTS' REPORT CONCERNING ITEMS REMAINING IN DISPUTE IN PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM IMPAX DEFENDANTS C-04-4802-JW (RS)     4

related to the 2004 sales of bupropion under the SAA.  Any purported disagreements would be reflected in those documents, if in fact such disagreements occurred.

In short, Defendants are not foreclosing Plaintiffs' discovery of information concerning Deloitte's role in the transactions at issue in this litigation.  Defendants will produce documents reflecting Deloitte's role in the relevant subject matter – Impax's method for recognizing revenue for year 2004 sales of bupropion under the SAA.  However, Deloitte's decision not to stand for reappointment as Impax's auditor for years after 2004 is a topic that is wholly collateral to the subject matter of this litigation.  Accordingly, the Court should not compel Impax to produce documents responsive to Request Number 44.

### B. Documents Concerning the Appointment of Grant Thornton as Impax's Auditor Are Not Within the Scope of Discovery

Likewise, the Court should not compel Defendants to produce documents concerning the equally collateral issue of Impax's employment of Grant Thornton to replace Deloitte.  The "circumstances surrounding and reasons for" Impax's employment of Grant Thornton are simply that Deloitte would not be serving as Impax's auditor for 2005 and beyond and the company needed to appoint a new auditor.

Furthermore, Grant Thornton had no involvement with accounting for the transactions in 2004 that are the subject matter of this litigation.  In the recent meet and confer discussions, Defendants' have agreed to produce documents concerning Grant Thornton's involvement in accounting for 2004 sales of bupropion under the SAA, to the extent such documents exist.  However, the anticipated lack of any responsive documents will confirm that Grant Thornton had no involvement in accounting for the 2004 transactions.

Therefore, Defendants are not foreclosing all discovery regarding Grant Thornton.  In response to requests that are actually reasonably calculated to lead to the discovery of relevant information, Defendants will produce responsive documents if they exist.  However, given that Deloitte has completed its audit of Impax's financial statements for the year in which the relevant transactions occurred, Grant Thornton's employment as Impax's auditor for the subsequent years is

in no way relevant to this litigation. Therefore, the Court should deny Plaintiffs' Motion to Compel Defendants to produce documents responsive to Request Number 45.

## II. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel Production of Documents with respect to Document Request Number 44 and 45.

Dated: November 12, 2008　　　　　　　　　BLANK ROME LLP
　　　　　　　　　　　　　　　　　　　　　　BINGHAM MCCUTCHEN LLP


　　　　　　　　　　　　　　　　　　　　　 s/ Louis H. Kozloff
　　　　　　　　　　　　　　　　　　　　　JOSEPH O. CLICK (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　LOUIS H. KOZLOFF (*pro hac vice*)

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on November 12, 2008, I electronically filed with the Clerk of the Court using the ECF System a copy of Defendants' Report Concerning Items Remaining in Dispute in Plaintiffs' Motion to Compel Production of Documents from the Impax Defendants. Service will be made electronically through the ECF system to all parties registered for electronic filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 12, 2008.

      s/ Louis H. Kozloff
      Louis H. Kozloff

DEFENDANTS' REPORT CONCERNING ITEMS REMAINING IN DISPUTE IN PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM IMPAX DEFENDANTS C-04-4802-JW (RS)