1

2   BLANK ROME LLP
    MICHAEL JOSEPH (*pro hac vice*)
    JOSEPH O. CLICK (*pro hac vice*)
3   HARDY VIEUX (*pro hac vice*)
    TIMOTHY P. HARRIS (*pro hac vice*)
4   600 New Hampshire Avenue, N.W.
    Washington, D.C.  20037
5   Telephone:  202.772.5800
    Facsimile: 202.572.5858
6        -and-
    LOUIS H. KOZLOFF (*pro hac vice*)
7   One Logan Square
    130 North 18th Street
8   Philadelphia, Pennsylvania 19103-6998
    Telephone: 215.569.5500
9   Facsimile: 215.569.5555

10

    BINGHAM MCCUTCHEN LLP
11  DALE BARNES (SBN 99273)
    Three Embarcadero Center
12  San Francisco, California 94111
    Telephone:  415.393.2522
13  Facsimile: 415.393.2286

14

    *Counsel for Defendants*
15
    Additional Counsel on Signature Page
16
                    **UNITED STATES DISTRICT COURT**
17                  **NORTHERN DISTRICT OF CALIFORNIA**

18  In re IMPAX LABORATORIES, INC.         )    Master File No. C-04-4802-JW
    SECURITIES LITIGATION                  )
19  _____      )    CLASS ACTION
                                           )
20                                         )
     This Document Related to:            )
21                                         )    STIPULATION AND PROTECTIVE
                                           )    ORDER REGARDING
22              ALL ACTIONS                )    CONFIDENTIALITY OF
                                           )    DISCOVERY MATERIALS
23                                         )
                                           )
24                                         )
                                           )
25                                         )
                                           )
26  _____      )
                                           )
27

28  _____
                STIPULATION AND PROTECTIVE ORDER REGARDING
         CONFIDENTIALITY OF DISCOVERY MATERIALS, CASE NO. C-04-4802-JW
    122077.00601/11840131v.2

**STIPULATION AND PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

## 1.    INTRODUCTION

This Stipulation and Protective Order Regarding Confidentiality of Discovery Materials ("Stipulation and Order") is entered pursuant to Federal Rule of Civil Procedure 26(c) to facilitate the production, inspection and copying of information during discovery by the parties to the above-captioned action, and as well as to protect information produced by others who are not parties to the action.   Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

122077.00601/11840131v.2

1       2.3    "Confidential" Information or Items: information (regardless of how generated, stored

2   or maintained) or tangible things that qualify for protection under standards developed under Fed. R.

3   Civ. P. 26(c).

4       2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely

5   sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would

6   create a substantial risk of serious injury that could not be avoided by less restrictive means.

7       2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a

8   Producing Party.

9       2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material

10  in this action.

11      2.7    Designating Party: a Party or non-party that designates information or items that it

12  produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential –

13  Attorneys' Eyes Only."

14      2.8    Protected Material: any Disclosure or Discovery Material that is designated as

15  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

16      2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to

17  represent or advise a Party in this action.

18      2.10    House Counsel: attorneys who are employees of a Party.

19      2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their

20  support staffs).

21      2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the

22  litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

23  consultant in this action and who is not a past or a current employee of a Party or of a competitor of

3

a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. Given the complexity of this litigation and the potential that a party or non-party will be required to produce significant amounts of documents, in order to expedite production of those documents, the Parties may in good faith liberally designate material for protection.  Nonetheless, a Designating Party should take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1   Mass, indiscriminate, or routinized designations should be avoided.  Designations that are

2   shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to

3   unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

4   and burdens on other parties), expose the Designating Party to sanctions.  Objections to designations

5   solely on grounds that such designations do not comply with this section 5.1 shall be made in good

6   faith and only if such designations are clearly unjustified and made for an improper purpose.

7   If it comes to a Party's or a non-party's attention that information or items that it designated

8   for protection do not qualify for protection at all, or do not qualify for the level of protection initially

9   asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

10  mistaken designation.

11  5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

12  (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

13  that qualifies for protection under this Order must be clearly so designated before the material is

14  disclosed or produced.

15  Designation in conformity with this Order requires:

16  (a)   <u>for information in documentary form</u> (apart from transcripts of depositions or

17  other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

18  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the margin of each page that

19  contains protected material.  If only a portion or portions of the material on a page qualifies for

20  protection, the Producing Party also must reasonably and clearly identify the protected portion(s)

21  (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level

22  of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY").  A Party or non-party that makes original documents or materials

24  available for inspection need not designate them for protection until after the inspecting Party has

25  indicated which material it would like copied and produced.  During the inspection and before the

26  designation, all of the material made available for inspection shall be deemed "HIGHLY

27

28

1    CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

2    documents it wants copied and produced, the Producing Party must determine which documents, or

3    portions thereof, qualify for protection under this Order, then, before producing the specified

4    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

5    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") in the margin of each page that

6    contains Protected Material. If only a portion or portions of the material on a page qualifies for

7    protection, the Producing Party also must reasonably and clearly identify the protected portion(s)

8    (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level

9    of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY").

11            (b)      for testimony given in deposition or in other pretrial or trial proceedings, that

12   the Party or non-party offering or sponsoring the testimony identify on the record, before the close of

13   the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions

14   of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15   When it is impractical to identify separately each portion of testimony that is entitled to protection,

16   and when it appears that substantial portions of the testimony may qualify for protection, the Party or

17   non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

18   deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions

19   of the testimony as to which protection is sought and to specify the level of protection being asserted

20   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only

21   those portions of the testimony that are appropriately designated for protection within the days shall

22   be covered by the provisions of this Stipulated Protective Order.  Transcript pages containing

23   Protected Material must be separately bound by the court reporter, who must affix to the top of each

24   such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the

26   testimony.

27

28

STIPULATION AND PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS, CASE NO. C-04-4802-JW
122077.00601/11840131v.2

1        (c)   <u>for information produced in some form other than documentary, and for any</u>

2    <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

3    container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information

5    or item warrant protection, the Producing Party, to the extent practicable, shall reasonably identify

6    the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential

7    – Attorneys' Eyes Only."

8        (d)   <u>any document which contains "Confidential" or "Highly Confidential –</u>

9    <u>Attorneys' Eyes Only" information</u> that is filed with the Court pursuant to permission properly

10   obtained under Civil Local Rule 79-5, shall be placed in a sealed envelope, which shall be marked

11   with the caption of this action, the title of the document to be filed, and a legend substantially similar

12   to the following:

13   *DOCUMENT SUBMITTED UNDER SEAL*

14   <u>CONFIDENTIAL – Subject to Protective Order</u>

15
16       This envelope is sealed pursuant to an Order of the Court, contains Confidential information and is not to be opened or the contents revealed, except by the Order of the Court or agreement by the parties.

17       No documents containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

18   information shall be filed on the Court's Electronic Case Filing System without the prior written

19   consent of the Producing Party.

20

21       5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

22   designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

23   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

24   this Order for such material.  If material is appropriately designated as "Confidential" or "Highly

25   Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

26

27

28

7

1   on timely notification of the designation, must make reasonable efforts to assure that the material is

2   treated in accordance with the provisions of this Order.

3   **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4           6.1     <u>Timing of Challenges</u>.  If any party objects to a designation of information as

5   "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the party shall so state the

6   objection on the record at a deposition in which such designation was made or by giving written

7   notice to the Producing Party identifying the information to which the objection is directed.  The

8   parties shall meet and confer in good faith to attempt to resolve all objections by agreement.  If any

9   objections cannot be resolved by agreement within ten (10) business days from when they are first

10  made, the party objecting to the designation may file a motion with the court no later than ten (10)

11  business day from the expiration of such earlier ten-day period challenging the designation.  The

12  proponent of the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation shall

13  bear the burden of persuasion that there is good cause for the information to have such protection.

14  Disputed information shall remain "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

15  information under the terms of this Stipulation and Order until the Court rules on such motion or the

16  Producing Party withdraws such designation in writing.

17          6.2     <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a Designating Party's

18  confidentiality designation, including any challenge to the scope of the designations under section

19  5.1 hereto, must do so in good faith and must begin the process by conferring directly (in voice to

20  voice dialogue; other forms of communication are not sufficient) with counsel for the Designating

21  Party.  In conferring, the challenging Party must explain the basis for its belief that the

22  confidentiality designation was not proper and must give the Designating Party an opportunity to

23  review the designated material, to reconsider the circumstances, and, if no change in designation is

24  offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next

25  stage of the challenge process pursuant to section 6.1 hereto only if it has engaged in this meet and

26  confer process first.

27

28

STIPULATION AND PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS, CASE NO. C-04-4802-JW
122077.00601/11840131v.2

1    6.3    <u>Judicial Intervention</u>.  A Party that elects to challenge a confidentiality designation

2    after considering the justification offered by the Designating Party may file and serve a motion under

3    Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the

4    challenged material and sets forth in detail the basis for the challenge.  Each such motion must be

5    accompanied by a competent declaration that affirms that the movant has complied with the meet

6    and confer requirements imposed in the preceding sections 6.1 and 6.2 and that sets forth with

7    specificity the justification for the confidentiality designation that was given by the Designating

8    Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding

9    shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to

10   afford the material in question the level of protection to which it is entitled under the Producing

11   Party's designation.

12   **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

13   7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or

14   produced by another Party or by a non-party in connection with this case only for prosecuting,

15   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

16   the categories of persons and under the conditions described in this Order.  When the litigation has

17   been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

18   DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a

19   location and in a secure manner that ensures that access is limited to the persons authorized under

20   this Order.

21   7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered

22   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

23   information or item designated CONFIDENTIAL only to:

24        (a)     the Receiving Party's Outside Counsel of record in this action, including all

25   employees of said Counsel;

26

27

28

---

9

1        (b)     the officers, directors, and employees (including House Counsel) of the

2  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

3  the "Agreement to Be Bound by Protective Order" (Exhibit A);

4        (c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for

5  this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6        (d)     the Court and its personnel;

7        (e)     court reporters, their staffs, and Professional Vendors to whom disclosure is

8  reasonably necessary for this litigation;

9        (f)     during their depositions, witnesses in the action to whom disclosure is

10  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

11  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

12  Protected Material must be separately bound by the court reporter and may not be disclosed to

13  anyone except as permitted under this Stipulated Protective Order.

14        (g)     the author of the document or the original source of the information.

15      7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

17  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19        (a)     the Receiving Party's Outside Counsel of record in this action, including all

20  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

21  litigation;

22        (b)     Experts of the Receiving Party to whom disclosure is reasonably necessary for

23  this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

24        (c)     the Court and its personnel;

25        (d)     court reporters, their staffs, and Professional Vendors to whom disclosure is

26  reasonably necessary for this litigation; and

27

28

STIPULATION AND PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS, CASE NO. C-04-4802-JW

122077.00601/11840131v.2

1       (e)      the author of the document or the original source of the information.

2   **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**
3           **LITIGATION**

4       If a Receiving Party is served with a subpoena or an order issued in other litigation that

5   would compel disclosure of any information or items designated in this action as

6   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

7   Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if

8   possible) immediately and in no event more than three business days after receiving the subpoena or

9   order. Such notification must include a copy of the subpoena or court order.  The Receiving Party

10  also must immediately inform in writing the Party who caused the subpoena or order to issue in the

11  other litigation that some or all the material covered by the subpoena or order is the subject of this

12  Protective Order and deliver a copy of this Stipulated Protective Order promptly to the Party in the

13  other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to

14  alert the interested parties to the existence of this Protective Order and to afford the Designating

15  Party in this case an opportunity to protect its confidentiality interests in the court from which the

16  subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking

17  protection in that court of its confidential material - and nothing in these provisions should be

18  construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

19  from another court.

20  **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

21      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

22  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

23  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

24  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

25  person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

26  (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

27
28

1  that is attached hereto as Exhibit A, and (e) request that such person or persons return all copies of

2  the Protected Material.

3  **10.    FILING PROTECTED MATERIAL**

4        Without written permission from the Designating Party or a court order secured after

5  appropriate notice to all interested persons, a Party other than the Designating Party may not file in

6  the public record in this action any Protected Material.  A Party that seeks to file under seal any

7  Protected Material must comply with Civil Local Rule 79-5.

8  **11.    FINAL DISPOSITION**

9        Unless otherwise ordered or agreed in writing by the Producing Party, within 120 days after

10  the final termination of this action, each Receiving Party must return all Protected Material to the

11  Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

12  compilations, summaries or any other form of reproducing or capturing any of the Protected

13  Material.  With permission in writing from the Designating Party, the Receiving Party may destroy

14  some or all of the Protected Material instead of returning it.  Whether the Protected Material is

15  returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

16  (and, if not the same person or entity, to the Designating Party) by the 120 day deadline that

17  identifies (by category, where appropriate) all the Protected Material that was returned or destroyed

18  and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

19  summaries or other forms of reproducing or capturing any of the Protected Material.

20  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

21  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

22  materials contain Protected Material. Any such archival copies that contain or constitute Protected

23  Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

24

25

26

27

28

122077.00601/11840131v.2

1 **12.    MISCELLANEOUS**

2      12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek

3 its modification by the Court in the future.

4      12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order

5 no Party waives any right it otherwise would have to object to disclosing or producing any

6 information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

7 Party waives any right to object on any ground to use in evidence of any of the material covered by

8 this Protective Order.

9      The parties to the above-captioned matter, through their respective counsel, expressly agree

10 to the terms of this Stipulation and Order and consent to its form and entry.

11

12 Dated: November ___, 2008

13 **IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:**

14

15                      [SIGNATURE PAGE TO FOLLOW]

16

17

18

19

20

21

22

23

24

25

26

27

28

---

13

1

2

**COUGHLIN STOIA GELLER RUDMAN**
**& ROBBINS LLP**

3

4

/s/ AZRA MEHDI

5
Azra Mehdi
Daniel J. Pfefferbaum

6
Suzanne Kaplan
100 Pine Street, Suite 2600

7
San Francisco, California  94111
        -and-

8
Laurie L. Largent
655 West Broadway, Suite 1900

9
San Diego, California  92101

VANOVERBEKE MICHAUD &

10
TIMMONY, P.C.
Michael Vanoverbeke

11
Thomas C. Michaud
79 Alfred Street

12
Detroit, Michigan  48201

13

14
*Counsel for Plaintiffs*

15

16

17

18

19

**BLANK ROME LLP**

/s/ MICHAEL JOSEPH
Michael Joseph
Joseph O. Click
Hardy Vieux
Timothy P. Harris
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
Telephone:  202.772.5800
Facsimile: 202.572.5858
        -and-
Louis H. Kozloff
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
Telephone: 215.569.5500
Facsimile: 215.569.5555

**BINGHAM MCCUTCHEN LLP**

Dale Barnes
John Pernick
Three Embarcadero Center
San Francisco, California 94111
Telephone:  415.393.2522
Facsimile: 415.393.2286

*Counsel for Defendants*

20
**PURSUANT TO STIPULATION, IT IS SO ORDERED** in accordance with the foregoing

21
stipulation.

22
 11/24/08
Date

~~James Ware~~
~~United States District Judge~~

23

24
Richard Seeborg
United States Magistrate Judge

25

26

27
                                          14

28

1

# **EXHIBIT A**

2

3

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

4

I _____ of _____, declare

5

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

6

Order that was issued by the United States District Court for the Northern District of California on

7

_____ [date] in the case of *In re Impax Laboratories, Inc. Securities Litigation*, Master File No.

8

C-04-4802-JW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

9

Order and I understand and acknowledge that failure to so comply could expose me to sanctions and

10

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any

11

information or item that is subject to this Stipulated Protective Order to any person or entity except

12

in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action. I hereby

16

appoint_____[print or type full name] of _____

17

[print or type full address and telephone number] as my California agent for service of process in

18

connection with this action or any proceedings related to enforcement of this Stipulated Protective

19

Order.

20

Date: _____

21

City and State where sworn and signed: )
Printed name:                                            )

22

[printed name]                                           )

23

Signature:

24

By: _____

25

26

27

28