**\*E-Filed 11/26/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE IMPAX LABORATORIES, INC. SECURITIES LITIGATION _____/ AND ALL RELATED CASES _____/ | NO. C 04-4802 JW (RS) **ORDER GRANTING MOTION TO COMPEL** |

In this securities fraud class action, plaintiffs bring suit on behalf of investors who procured Impax Laboratories, Inc., et al. ("Impax") securities against Impax and its senior officers and directors (collectively "defendants"). In 2001, Impax (a pharmaceutical company) and a subsidiary of a large drug company entered into a strategic alliance agreement ("SAA") to develop and sell an anti-depressant. In 2004, after gaining the Food and Drug Administration's approval to ship and sell the drug, Impax reported several profitable quarters of revenue. In November 2004, however, Impax announced that it was restating and reducing its revenue from its first two 2004 quarter results. In 2005, Impax's auditors, Deloitte & Touche ("Deloitte"), informed Impax that it would not be able to render an opinion on its financial statements because Deloitte was unable to determine whether Impax was properly accounting for items under the SAA. Grant Thornton LLP ("Grant Thornton") then replaced Deloitte, which however continued work on the 2004 financials and ultimately signed off on those results in 2008.

In the instant motion, plaintiffs move to compel production of documents from defendants. At the hearing on October 29, 2008, the parties were instructed to meet and confer further with

respect to the disputed items. At the conclusion of that meet and confer process only document request numbers forty-four and forty-five remain in dispute. Both of those requests relate to Impax auditor Deloitte and its post 2004 replacement as auditor by Grant Thornton.[1]

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of any nonprivileged matter that is relevant to any party's claims or defenses, or "for good cause," discovery of any matter relevant to the subject matter involved in the action. Plaintiffs argue that the two remaining requests are relevant because the documents requested may shed light on the revenue recognition practices at issue in this action. For example, plaintiffs maintain that documents responsive to request number forty-four could show that defendants improperly accounted for sales and revenue under the SAA because they decided to use an accounting methodology that Deloitte deemed improper. Defendants counter that because the 2004 financial information was ultimately signed off by Deloitte in 2008, the change of accounting firms and any documentation reflecting that substitution is simply irrelevant. While defendants may advance the argument on the merits that the shift in accounting entities says nothing about the financial practices in dispute, plaintiffs have nonetheless articulated a reasonable basis for seeking to review the requested documents at the discovery stage. Accordingly, the motion to compel is granted.

IT IS SO ORDERED.

Dated: 11/26/08

RICHARD SEEBORG
United States Magistrate Judge

---

[1] The document request numbers no longer at issue are: 4, 8-13, 18, 21-29, 32-33, 46, and 50. Document request number forty-four seeks: "Documents and communications relating or referring to the circumstances surrounding and reasons for the announcement by Deloitte that it would not stand for reappointment as [Impax's] auditor." Document request number forty-five seeks: "Documents and communications relating or referring to the circumstances surrounding and reasons for the election and employment of Grant Thornton as [Impax's] auditor."

ORDER GRANTING MOTION TO COMPEL
C 04-4802 JW (RS)

2