1   COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2   AZRA Z. MEHDI (220406)
    DANIEL J. PFEFFERBAUM (248631)
3   SUZANNE H. KAPLAN (247067)
    100 Pine Street, Suite 2600
4   San Francisco, CA  94111
    Telephone:  415/288-4545
5   415/288-4534 (fax)
    amehdi@csgrr.com
6   dpfefferbaum@csgrr.com
    shkaplan@csgrr.com
7        – and –
    JOY ANN BULL (138009)
8   LAURIE L. LARGENT (153493)
    655 West Broadway, Suite 1900
9   San Diego, CA  92101
    Telephone:  619/231-1058
10  619/231-7423 (fax)
    joyb@csgrr.com
11  llargent@csgrr.com

12  Lead Counsel for Plaintiffs

13  [Additional counsel appear on signature page.]

14              UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16                  SAN JOSE DIVISION

17  In re IMPAX LABORATORIES, INC.      )   Master File No. C-04-4802-JW
    SECURITIES LITIGATION              )
18  _____)   CLASS ACTION
                                        )
19  This Document Relates To:          )   STIPULATION OF SETTLEMENT
                                        )
20      ALL ACTIONS.                    )
                                        )
21  _____)

22

23

24

25

26

27

28

This Stipulation of Settlement dated as of January 28, 2009 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section III hereof) to the above-entitled Litigation: (i) the Plaintiffs (on behalf of themselves and each of the Settlement Class Members), by and through their counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.      THE LITIGATION

The following actions were filed in the United States District Court for the Northern District of California, San Jose Division as securities fraud class actions on behalf of purchasers of the securities of Impax Laboratories, Inc.

| CASE TITLE | CIVIL ACTION NO. | DATE FILED |
|---|---|---|
| *Rosen v. Impax Labs, Inc.* | 04-CV-04802 | November 12, 2004 |
| *Mihalik v. Impax Labs, Inc.* | 04-CV-04920 | November 18, 2004 |
| *Tetzeli v. Impax Labs, Inc.* | 04-CV-05057 | November 30, 2004 |
| *Elnekave v. Impax Labs, Inc.* | 04-CV-05215 | December 9, 2004 |
| *Bhandari v. Impax Labs, Inc.* | 04-CV-05252 | December 10, 2004 |

The above actions were consolidated by the Court on February 8, 2005. The consolidated actions are referred to herein as the "Litigation."

On March 21, 2005, the Court appointed United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan ("Local 655") as lead plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995, and approved its selection of Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel.

In connection with a motion for reconsideration of the Court's denial of Defendants' motion to dismiss the Third Amended Consolidated Complaint, Defendants moved to dismiss Local 655 for

1   lack of standing.  The Court dismissed Local 655 for lack of standing, but granted Plaintiffs' request

2   to add City of Dearborn Heights Act 345 Police & Fire Retirement System as the new lead plaintiff.

3       The operative complaint in the Litigation is the Fourth Amended Consolidated Complaint for

4   Violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, filed May 16, 2008.

5   The Complaint alleges violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5

6   promulgated thereunder on behalf of a class of all purchasers of Impax securities between May 5,

7   2004 and November 3, 2004.

8       On November 4 and December 22, 2008, the Settling Parties participated in mediation

9   sessions with the Honorable Edward Infante (Ret.).  Counsel for the Settling Parties prepared

10  mediation briefs and presented, among other things, their respective views regarding the merits of

11  the Litigation, including the defenses, the claims, and the damages sought in the Litigation.  During

12  the December 22 mediation session, Judge Infante issued a "Mediator's Proposal" to settle the

13  Litigation for $9 million cash in exchange for a mutually agreeable release, with the funds to be

14  deposited into an account controlled by Lead Counsel within seven calendar days of the Court's

15  preliminary approval of the Settlement.  The Settling Parties accepted the Mediator's Proposal.

16  **II.   ASSERTIONS AND DENIALS OF THE SETTLING PARTIES AND THE**
        **BENEFITS OF THE SETTLEMENT**

17

18      Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence

19  developed to date supports the claims.  Plaintiffs recognize and acknowledge the expense and length

20  of continued proceedings necessary to prosecute the Litigation against Defendants through trial and

21  through appeals.  Plaintiffs have also taken into account the uncertain outcome and the risk of any

22  litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays

23  inherent in such litigation.  Plaintiffs are also mindful of the problems of proof, and possible

24  defenses to the securities law violations asserted in the Litigation.  Plaintiffs believe that the

25  Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class

26  Members, is in the best interests of Plaintiffs and the Settlement Class Members, and is fair,

27  reasonable and adequate.

28

1    Defendants, individually and collectively, have denied and continue to deny each and all of

2    the claims and contentions alleged by Plaintiffs in the Litigation. Defendants expressly have denied

3    and continue to deny all charges of wrongdoing or liability against them arising out of any of the

4    conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

5    Defendants further deny Plaintiffs or the Settlement Class have suffered damages, that the prices of

6    Impax securities were artificially inflated during the Settlement Class Period as the result of any

7    alleged misrepresentations, omissions, non-disclosures or otherwise by Defendants, and that

8    Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Complaint.

9    Nonetheless, Defendants have concluded that further conduct of the Litigation would be

10   protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the

11   manner and upon the terms and conditions set forth in this Stipulation. Defendants also considered

12   the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation.

13   Defendants have, therefore, determined that it is desirable and beneficial to them to settle the

14   Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

15   **III.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

16   NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

17   Plaintiffs, acting on behalf of themselves and all Settlement Class Members, and Defendants, by and

18   through their respective counsel or attorneys of record, that, subject to the approval of the Court, the

19   Litigation, the Released Claims, and all matters encompassed within the scope of the releases set

20   forth or referenced in this Stipulation shall be finally, fully and forever compromised, settled and

21   released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and

22   subject to the terms and conditions of the Stipulation, as follows.

23   **1.     Definitions**

24   As used in this Stipulation, the following terms have the meanings specified below:

25   1.1     "Authorized Claimant" means any Settlement Class Member whose claim for

26   recovery has been allowed pursuant to the terms of the Stipulation.

27

28

1      1.2    "Claimant" means any Settlement Class Member who files a Proof of Claim and

2   Release in such form and manner, and within such time, as the Court shall prescribe.

3      1.3    "Claims Administrator" means Gilardi & Co. LLC.

4      1.4    "Complaint" means the Fourth Amended Consolidated Complaint for Violations of

5
    Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, filed in the Litigation on May 16,
6
    2008.
7

8      1.5    "Court" means the United States District Court for the Northern District of California.

9      1.6    "Defendants" means Impax and the Individual Defendants.

10     1.7    "Effective Date" means the first date by which all of the events and conditions

11  specified in ¶8.1 of the Stipulation have been met and have occurred.

12     1.8    "Escrow Account" means the interest-bearing account controlled by Lead Counsel

13
    into which the Full Settlement Amount shall be deposited.
14

15     1.9    "Escrow Agent" means the law firm of Coughlin Stoia Geller Rudman & Robbins

16  LLP or its successor(s).

17     1.10   "Final" means when the last of the following with respect to the Judgment approving

18  the Stipulation, substantially in the form of Exhibit B hereto, shall occur: (i) the expiration of the

19  time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has

20
    passed without any such motion having been filed; (ii) the expiration of the time in which to appeal
21
    the Judgment has passed without any appeal having been taken, which date shall be deemed to be
22
    thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have
23

24  been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court

25  holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next

26  business day after such 30th day; and (iii) if such motion to alter or amend is filed or if an appeal is

27
    taken, immediately after the determination of that motion or appeal so that it is no longer subject to
28

1  any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last
2  resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to
3  permit the consummation of the Settlement substantially in accordance with the terms and conditions
4  of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ
5  of certiorari or other writ that may be filed in connection with approval or disapproval of this
6
7  Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and
8  reimbursement of costs or the Plan of Allocation of the Settlement Fund.

9      1.11    "Final Approval Hearing" means the hearing to determine whether the proposed
10  Settlement embodied by this Stipulation is fair, reasonable and adequate to the Settlement Class, and
11  whether the Court should enter a Judgment approving the proposed Settlement.

12      1.12    "Full Settlement Amount" means Nine Million Dollars and No/Cents
13  ($9,000,000.00).
14

15      1.13    "Impax" means Impax Laboratories, Inc.

16      1.14    "Individual Defendants" means Barry R. Edwards, Cornel C. Spiegler, Charles Hsiao,
17  Larry Hsu, David S. Doll and David J. Edwards.

18      1.15    "Judgment" means the judgment to be rendered by the Court, substantially in the
19  form attached hereto as Exhibit B.
20

21      1.16    "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP.

22      1.17    "Lead Plaintiff" means City of Dearborn Heights Act 345 Police & Fire Retirement
23  System.

24      1.18    "Mediator" means the Honorable Edward Infante (Ret.).

25      1.19    "Notice Order" means the preliminary order as approved by the Court for mailing and
26  publication of notice.
27

28

STIPULATION OF SETTLEMENT - C-04-4802-JW                                          - 5 -

1  1.20    "Person" means a natural person, individual, corporation, partnership, limited

2  partnership, association, joint stock company, estate, legal representative, trust, unincorporated

3  association, government or any political subdivision or agency thereof, and any business or legal

4  entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

5  1.21    "Plaintiffs" means collectively the Lead Plaintiff and the Representative Plaintiff.

6

7  1.22    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund

8  whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses

9  of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees,

10  costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of

11  the Stipulation and Defendants and their Related Parties shall have no responsibility therefore or

12  liability with respect thereto.

13

14  1.23    "Related Parties" means each of a Defendant's past or present directors, officers,

15  employees, partners, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders,

16  attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives,

17  predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs,

18  estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any

19  members of an Individual Defendant's immediate family, any trust of which an Individual Defendant

20  is the settlor or which is for the benefit of an Individual Defendant and/or any member of an

21

22  Individual Defendant's immediate family, and any entity in which a Defendant and/or any member

23  of an Individual Defendant's immediate family has or have a controlling interest (directly or

24  indirectly).

25  1.24    "Released Claims" shall collectively mean all claims (including "Unknown Claims"

26  as defined in ¶1.36 hereof), demands, rights, liabilities and causes of action of every nature and

27  description whatsoever, known or unknown, contingent or absolute, mature or immature,

28

discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore has existed, asserted or that might have been asserted by Plaintiffs or any Settlement Class Member against the Defendants or their Related Parties arising out of the purchase or acquisition of Impax securities by the Plaintiffs or any Settlement Class Member and/or their Related Parties based upon, arising out of, or related to (i) any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have been alleged in or embraced or otherwise referred to or encompassed by the Litigation; and (ii) the purchase or other acquisition of Impax securities by Plaintiffs or any Settlement Class Member during the Settlement Class Period, regardless of the basis, whether legal or equitable, including without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of loyalty, fraud, breach of fiduciary duty, or violations of any common law principle, federal, state, local or other statute or law, administrative rule or regulation, tort, or contract.

1.25   "Released Parties" means each and all of the Defendants and each and all of their Related Parties.

1.26   "Representative Plaintiff" means Dr. Melvin M. Owen.

1.27   "Settlement" means the settlement contemplated by this Stipulation.

1.28   "Settlement Class," "Settlement Class Members," and "Members of the Settlement Class" mean Lead Plaintiff, Representative Plaintiff, all Persons who purchased or otherwise acquired Impax securities during the period from and including May 5, 2004 to November 3, 2004, and were damaged thereby. Excluded from the Settlement Class are Defendants, any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant, Defendants' officers and directors, including any person who was an officer or director during the Settlement Class Period, Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns, and members of Defendants' immediate families.   Also

excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

1.29    "Settlement Class Period" means the period between and including May 5, 2004 and November 3, 2004.

1.30    "Settlement Fund" means the monies paid by Defendants and/or insurers into the Escrow Account pursuant to this Stipulation, that is, the Full Settlement Amount, plus any accrued interest.

1.31    "Settling Parties" means, collectively, (a) Defendants, and (b) Plaintiffs, on behalf of themselves and the Settlement Class Members.

1.32    "Stipulation" means this Stipulation of Settlement, including the recitals and exhibits hereto.

1.33    "Supplemental Agreement" means the agreement described in ¶8.3.

1.34    "Taxes" means all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund.

1.35    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.9.

1.36    "Unknown Claims" means collectively any Released Claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the

Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall

have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1     In consideration of the terms of this Stipulation, Defendants shall pay or cause their insurers to pay the Full Settlement Amount into the Escrow Account no later than seven (7) calendar days after the Court's preliminary approval of the Settlement. If the agreed upon sum is not timely

1   transferred to the Escrow Agent, interest shall accrue at the rate of 4% per annum on any unpaid

2   amount from the date due up to and including the date of deposit into the Escrow Account.

3           2.2     All fees, costs, and expenses incurred by or on behalf of Plaintiffs and the Settlement

4   Class associated with this Settlement, including but not limited to Taxes, Tax Expenses, any

5   administrative costs and costs of providing notice of the Settlement to Settlement Class Members,

6

7   and any award of attorneys' fees and expenses of Lead Counsel shall be paid from the Settlement

8   Fund and in no event shall Defendants bear any additional responsibility for any such fees, costs, or

9   expenses.

10          2.3     The payment described in ¶2.1 is the only payment to be made by or on behalf of

11  Defendants in connection with this Settlement.

12                  **b.      The Escrow Agent**

13

14          2.4     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof

15  in instruments backed by the full faith and credit of the United States Government or fully insured by

16  the United States Government or an agency thereof and shall reinvest the proceeds of these

17  instruments as they mature in similar instruments at their then-current market rates. The Settlement

18  Fund shall bear all risks related to its investment.

19          2.5     The Escrow Agent shall not disburse the Settlement Fund except as provided in the

20  Stipulation, by an order of the Court, or with the written agreement of Lead Counsel and

21

22  Defendants' counsel.

23          2.6     Subject to further order and/or direction as may be made by the Court, the Escrow

24  Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

25          2.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

26  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

27  funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

28

2.8     The Escrow Agent may pay from the Settlement Fund, without further approval from Defendants or the Court, the costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any.

                    c.     **Taxes**

2.9     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

            (b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

            (c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

1  may be imposed upon the Defendants or their Related Parties with respect to any income earned by

2  the Settlement Fund for any period during which the Settlement Fund does not qualify as a

3  "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses shall be

4  paid out of the Settlement Fund; in no event shall Defendants, their Related Parties, or their counsel

5

6  have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  From the

7  Settlement Fund, the Escrow Agent shall indemnify and hold each of the Defendants, their Related

8  Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes

9  payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated

10 as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by

11 the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow

12 Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from

13

14 distribution to Authorized Claimants any funds necessary to pay such amounts, including the

15 establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that

16 may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants, their

17 Related Parties, their counsel, nor their insurers are responsible therefore nor shall they have any

18 liability with respect thereto.  The Settling Parties agree to cooperate with the Escrow Agent, each

19 other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the

20 provisions of this paragraph.

21

22  **d.  Termination of the Settlement**

23  2.10  In the event that the Stipulation is not approved, or is terminated, canceled, or fails to

24 become effective for any reason, the Settlement Fund, including accrued interest, less the expenses

25 and Taxes described in ¶¶2.8 and 2.9 hereof actually incurred or due and owing, shall be refunded to

26 Defendants pursuant to written instructions from Defendants' counsel.

27

28

1        **3.     Certification of the Settlement Class**

2        3.1     Solely for purposes of this Settlement, and subject to approval by the Court, the

3    Settling Parties agree that the Settlement Class shall be certified and Plaintiffs shall be appointed as

4    representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23, as set forth in

5    the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval

6    Order"). Should the Settlement Class not be certified, or should any court attempt to amend the

7    scope of the Settlement Class, each of the Settling Parties reserves the right to void this Stipulation

8    in accordance with ¶8.5 hereof.

9        **4.     Preliminary Approval Order and Final Approval Hearing**

10       4.1     Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation

11   together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order,

12   substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the

13
     Settlement set forth in the Stipulation, and approval for mailing a settlement notice ("Notice"),
14
15   substantially in the form of Exhibit A-1 hereto and publication of a summary notice ("Summary

16   Notice"), substantially in the form of Exhibit A-3 hereto. The Notice shall include the general terms

17   of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of

18   the Fee and Expense Application as defined in ¶7.1 below, and the date of the Final Approval

19   Hearing.

20       4.2     Lead Counsel shall request that after notice is given, the Court hold a Final Approval
21
     Hearing and approve the Settlement of the Litigation as set forth herein. Lead Counsel also will
22
23   request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

24       **5.     Releases**

25       5.1     Upon the Effective Date, as defined in ¶1.7 hereof, Plaintiffs, and each of the

26   Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have,

27   fully, finally, and forever released, relinquished and discharged all Released Claims against the
28

1    Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of

2    Claim and Release form. The Settling Parties acknowledge and the Settlement Class Members shall

3    be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the

4    provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is

5
6    a key element of the Settlement of which the release in this paragraph is a part.

7        5.2    The Proof of Claim and Release to be executed by Settlement Class Members shall

8    release all Released Claims against the Released Parties and shall be substantially in the form

9    contained in Exhibit A-2 hereto.

10       5.3    Upon the Effective Date, Plaintiffs and all Settlement Class Members and anyone

11   claiming through or on behalf of any of them, are forever barred and enjoined from commencing,

12   instituting, or continuing to prosecute any action or proceeding in any court of law or equity,

13
14   arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the

15   Released Parties, and each of them, any of the Released Claims.

16       5.4    Upon the Effective Date, each of the Released Parties shall be deemed to have, and by

17   operation of the Judgment shall have, fully, finally, and forever released, relinquished and

18   discharged Plaintiffs, Settlement Class Members, and Lead Counsel from all claims (including,

19   without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution,

20   prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

21
22       **6.    Administration and Calculation of Claims, Final Awards and
             Supervision and Distribution of Settlement Fund**

23       6.1    The Claims Administrator shall administer and calculate the claims submitted by

24
25   Settlement Class Members. The Claims Administrator will be subject to such supervision and

26   direction from the Court and/or Lead Counsel as may be necessary or as circumstances may require.

27       6.2    The Settlement Fund shall be applied as follows:

28

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.9 hereof;

(c)     to pay Plaintiffs' attorneys' fees and expenses if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

6.5     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject

1   to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

2   Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted

3   claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

4          6.6     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in

5   accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If

6   there is any balance remaining in the Net Settlement Fund after six (6) months from the date of

7   distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or

8   otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in

9   an equitable and economic fashion.   Thereafter, any balance which still remains in the Net

10  Settlement Fund shall be donated to an appropriate, non-profit organization.

11

12         6.7     This Settlement is not a claims-made settlement and, if all conditions of the

13  Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be

14  returned to the Defendants or their insurers.   Defendants and their Related Parties shall have no

15  responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net

16  Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims,

17  the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection

18  therewith.

19

20         6.8     No Person shall have any claim against Lead Counsel, the Claims Administrator or

21  other entity designated by Lead Counsel based on distributions made substantially in accordance

22  with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s)

23  of the Court.

24

25         6.9     It is understood and agreed by the Settling Parties that any proposed Plan of

26  Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

27  Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered

28

1   by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy

2   of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of

3   Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of

4   the Court's Judgment approving this Stipulation and the Settlement set forth therein (including the

5   releases contained herein), or any other orders entered pursuant to this Stipulation.

6

7        **7.     Plaintiffs' Attorneys' Fees and Expenses**

8        7.1     Counsel for Plaintiffs may submit an application or applications (the "Fee and

9   Expense Application") for distributions to them from the Settlement Fund for: (a) an award of

10  attorneys' fees; plus (b) reimbursement of actual expenses, including Plaintiffs' expenses, and the

11  fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any

12  interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by

13  the Settlement Fund (until paid), as may be awarded by the Court.  Lead Counsel reserves the right

14  to make additional applications for fees and expenses incurred.

15

16       7.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead

17  Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order

18  awarding such fees and expenses.  Lead Counsel may thereafter allocate the attorneys' fees and

19  expenses among counsel for Plaintiffs in a manner in which they in good faith believe reflects the

20  contributions of such counsel to the institution, prosecution and resolution of the Litigation.  In the

21  event that the Effective Date does not occur, or the Judgment or the order making the Fee and

22  Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other

23  reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead

24  Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from

25  a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously

26

27

28

1  paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the

2  Settlement Fund in an amount consistent with such reversal or modification.

3        7.3    The procedure for and the allowance or disallowance by the Court of any applications

4  by counsel for the Plaintiffs for attorneys' fees and expenses, including the fees of experts and

5
   consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this
6
7  Stipulation, and are to be considered by the Court separately from the Court's consideration of the

8  fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or

9  proceedings relating to the Fee and Expense Application, or any appeal from any order relating

10 thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or

11 affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the

12
   Litigation set forth therein (including the releases contained herein).
13
        7.4    Defendants and their Related Parties shall have no responsibility for or liability with
14
15 respect to any payment of attorneys' fees and expenses to any counsel for Plaintiffs over and above

16 payment from the Settlement Fund.

17    **8.    Conditions of Settlement, Effect of Disapproval, Cancellation or
       Termination**
18
19       8.1    The Effective Date of this Stipulation shall be conditioned on the occurrence of all of

20 the following events:

21            (a)    The Settlement Fund has been deposited by Defendants or their insurers into

22 an interest bearing account maintained by the Escrow Agent, as required by ¶2.1 hereof;

23            (b)    The Court has entered the Preliminary Approval Order, as required by ¶4.1
24
   hereof;
25
26            (c)    Defendants have not exercised their option to terminate the Stipulation

27 pursuant to ¶8.3 hereof;

28

(d)     The Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto; and

(e)     The Judgment has become Final, as defined in ¶1.10 hereof.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.5 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

8.3     Defendants shall have the option to terminate the Settlement in the event that Persons who purchased or acquired more than a certain number of shares of Impax common stock during the Settlement Class Period choose to exclude themselves from the Settlement Class ("Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel, which is incorporated into this Stipulation. The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.

8.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, then within ten (10) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to ¶¶2.8 and 2.9 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from counsel for Defendants. At the request of Defendants' counsel, the

1   Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay

2   the proceeds, after deduction of any fees or expenses incurred in connection with such application(s)

3   for refund, pursuant to written direction from Defendants' counsel.

4        8.5     In the event that the Stipulation is not approved by the Court or the Settlement set

5   forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

6   Settling Parties shall be restored to their respective positions in the Litigation as of January 28, 2009.

7   In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.8-2.10, 8.3, 8.4

8   and 8.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not

9   be used in this Litigation or in any other proceeding for any purpose, and any judgment or order

10  entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc*

11  *pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court

12  concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest

13

14  awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the

15  Stipulation.

16

17       8.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its

18  terms, neither the Lead Plaintiff, the Representative Plaintiff, nor Lead Counsel shall have any

19  obligation to repay any amounts actually and properly disbursed for notice costs pursuant to ¶¶2.8-

20  2.9 hereof.  In addition, any expenses already incurred and properly chargeable pursuant to ¶2.8

21  hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by

22  the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded

23  in accordance with ¶¶2.10 and 8.4 hereof.

24

25       8.7     If a case is commenced in respect to any Defendant under Title 11 of the United

26  States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law,

27  and in the event of the entry of a final order of a court of competent jurisdiction determining the

28

transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, at Lead Plaintiff's option, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. While retaining their right to deny liability, Defendants agree that based upon the publicly available information at the time, the Litigation was filed in good faith, was not frivolous and is being settled voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as

1    an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or

2    administrative proceeding in any court, administrative agency or other tribunal. Defendants may file

3    the Stipulation and/or the Judgment in any action that may be brought against them in order to

4    support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

5
6    good faith settlement, judgment bar or reduction or any other theory of, without limitation, claim

7    preclusion or issue preclusion or similar defense or counterclaim.

8            9.4    All agreements made and orders entered during the course of the Litigation relating to

9    the confidentiality of information shall survive this Stipulation, pursuant to their terms.

10           9.5    All of the Exhibits to the Stipulation are material and integral parts hereof and are

11    fully incorporated herein by this reference.

12           9.6    Plaintiffs and their counsel agree to return, permanently delete, and/or destroy (and
13
14    certify in writing that they have done so) any documents produced by Defendants and any third

     parties in the Litigation (including any copies, notes, summaries, etc. thereof) and any translation of
15
16    any such documents within thirty (30) calendar days of the Effective Date.

17           9.7    This Stipulation shall not be construed more strictly against one party than another

18    merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

19    the parties, it being recognized that it is the result of arm's-length negotiations between the parties
20
     and that all parties have contributed substantially and materially to the preparation of this
21
22    Stipulation.

23           9.8    The Stipulation may be amended or modified only by a written instrument signed by

24    or on behalf of all Settling Parties or their respective successors-in-interest.

25           9.9    The Stipulation and the Exhibits attached hereto constitute the entire agreement

26    among the parties hereto and no representations, warranties or inducements have been made to any

27    party concerning the Stipulation or its Exhibits other than the representations, warranties and
28

1  covenants contained and memorialized in such documents. Except as otherwise provided herein,

2  each party shall bear its own costs.

3      9.10    Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the

4  Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class

5  pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any

6

7  modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem

8  appropriate.

9      9.11    Each counsel or other Person executing the Stipulation or any of its Exhibits on

10  behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11      9.12    The Stipulation may be executed in one or more counterparts. All executed

12  counterparts and each of them shall be deemed to be one and the same instrument. A complete set of

13  original executed counterparts shall be filed with the Court.

14

15      9.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and

16  assigns of the parties hereto.

17      9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of

18  the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for

19  purposes of implementing and enforcing the Settlement embodied in the Stipulation.

20      9.15    The Stipulation and the Exhibits hereto shall be considered to have been negotiated,

21  executed and delivered, and to be wholly performed, in the State of California, and the rights and

22  obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

23

24  governed by, the internal, substantive laws of the State of California without giving effect to that

25  State's choice-of-law principles.

26

27

28

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

2  their duly authorized attorneys dated as of January 28, 2009.

3                                              COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
4                                              AZRA Z. MEHDI
                                               DANIEL J. PFEFFERBAUM
5                                              SUZANNE H. KAPLAN
                                               100 Pine Street, Suite 2600
6                                              San Francisco, CA  94111
                                               Telephone: 415/288-4545
7                                              415/288-4534 (fax)

8                                              COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
9                                              JOY ANN BULL
                                               LAURIE L. LARGENT
10

11

12                                                    JOY ANN BULL

13                                             655 West Broadway, Suite 1900
                                               San Diego, CA  92101
14                                             Telephone: 619/231-1058
                                               619/231-7423 (fax)
15

16                                             Lead Counsel for Plaintiffs

17                                             VANOVERBEKE MICHAUD &
                                                  TIMMONY, P.C.
18                                             MICHAEL J. VANOVERBEKE
                                               THOMAS C. MICHAUD
19                                             79 Alfred Street
                                               Detroit, MI  48201
20                                             Telephone: 313/578-1200
                                               313/578-1201 (fax)
21
                                               Additional Counsel for Plaintiffs
22
                                               BLANK ROME LLP
23                                             MICHAEL JOSEPH
                                               JOSEPH O. CLICK
24

25
                                                      JOSEPH O. CLICK
26
                                               600 New Hampshire Avenue, NW
27                                             Washington, DC 20037
                                               Telephone: 202/772-5800
28                                             202/772-5858 (fax)

STIPULATION OF SETTLEMENT - C-04-4802-JW                                        - 24 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– and –
LOUIS H. KOZLOFF
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Telephone:  215/569-5500
215/569-5555 (fax)

BINGHAM McCUTCHEN LLP
DALE BARNES

_____
                  DALE BARNES

Three Embarcadero Center, Suite 1800
San Francisco, CA  94111-4066
Telephone:  415/393-2522
415/393-2286 (fax)

Attorneys for Defendants

S:\Settlement\Impax Labs.set\(v1) STIP 00056568.doc

STIPULATION OF SETTLEMENT - C-04-4802-JW

1

<u>CERTIFICATE OF SERVICE</u>

2  I hereby certify that on January 30, 2009, I electronically filed the foregoing with the Clerk

3 of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4 addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5 mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6 participants indicated on the attached Manual Notice List.

7  I further certify that I caused this document to be forwarded to the following designated

8 Internet site at:  http://securities.csgrr.com/.

9  I certify under penalty of perjury under the laws of the United States of America that the

10 foregoing is true and correct.  Executed on January 30, 2009.

11

12             s/ Joy A. Bull
              JOY ANN BULL

13

14            COUGHLIN STOIA GELLER
             RUDMAN & ROBBINS LLP

15            655 West Broadway, Suite 1900
            San Diego, CA  92101-3301

16            Telephone:  619/231-1058
            619/231-7423 (fax)

17

18            E-mail:Joyb@csgrr.com

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 5:04-cv-04802-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dale E. Barnes , Jr**
  dale.barnes@bingham.com,teresa.bowen@bingham.com,lisa.lee@bingham.com

- **Joseph Otto Click**
  click@blankrome.com,smith-sh@blankrome.com

- **Patrick J. Coughlin**
  PatC@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Robert S. Green**
  CAND.USCOURTS@CLASSCOUNSEL.COM

- **Suzanne Heald Kaplan**
  shkaplan@csgrr.com

- **Louis H. Kozloff**
  Kozloff@blankrome.com

- **Laurie L. Largent**
  llargent@csgrr.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Elizabeth Pei Lin**
  elin@milberg.com,schang@milberg.com,cchaffins@milberg.com

- **Tricia Lynn McCormick**
  triciam@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Azra Z. Mehdi**
  azram@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@csgrr.com,nrogers@csgrr.com,khuang@csgrr.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Kerry Brainard**
600 New Hampshire Avenue, N.W.
Washington, DC 20037

**Tim P. Harris**
Blank Rome LLP
Watergate 600
New Hampshire Avenue,NW
Washington, DC 20037

**Michael Joseph**
600 New Hampshire Avenue, N.W.
Washington, DC 20037

**Darren Jay Robbins**
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Hardy Vieux**
Blank Rome LLP
Watergate 600
New Hampshire Avenue,NW
Washington, DC 20037

MANUAL SERVICE LIST
*In re Impax Laboratories, Inc. Securities Litigation*


Michael J. Vanoverbeke
Thomas C. Michaud
VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)