1  COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  AZRA Z. MEHDI (220406)
   DANIEL J. PFEFFERBAUM (248631)
3  SUZANNE H. KAPLAN (247067)
   100 Pine Street, Suite 2600
4  San Francisco, CA  94111
   Telephone:  415/288-4545
5  415/288-4534 (fax)
   amehdi@csgrr.com
6  dpfefferbaum@csgrr.com
   shkaplan@csgrr.com
7      – and –
   JOY ANN BULL (138009)
8  LAURIE L. LARGENT (153493)
   655 West Broadway, Suite 1900
9  San Diego, CA  92101
   Telephone:  619/231-1058
10 619/231-7423 (fax)
   jbull@csgrr.com
11 llargent@csgrr.com

12 Lead Counsel for Plaintiffs

13

14            UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16                SAN JOSE DIVISION

17 In re IMPAX LABORATORIES, INC.          )  Master File No. C-04-4802-JW
   SECURITIES LITIGATION                  )
18 ────────────────────────────           )  CLASS ACTION
                                          )
19 This Document Relates To:              )  [PROPOSED] ORDER PRELIMINARILY
                                          )  APPROVING SETTLEMENT AND
20     ALL ACTIONS.                       )  PROVIDING FOR NOTICE
   ────────────────────────────           )

21

22

23

24

25

26

27

28

1    WHEREAS, a class action is pending before the Court entitled *In re Impax Laboratories, Inc.*

2    *Securities Litigation*, Master File No. C-04-4802-JW (the "Litigation");

3    WHEREAS, the Court has received the Stipulation of Settlement dated as of January 28,

4    2009 (the "Stipulation"), that has been entered into by the Plaintiffs and Defendants, and the Court

5    has reviewed the Stipulation and its attached Exhibits;

6    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

7    Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance

8    with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and

9    conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with

10   prejudice upon the terms and conditions set forth therein; and the Court having read and considered

11   the Stipulation and the Exhibits annexed thereto; and

12   WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

13   the Stipulation;

14   NOW, THEREFORE, IT IS HEREBY ORDERED:

15   1.    The Court does hereby preliminarily approve the Stipulation and the Settlement set

16   forth therein, subject to further consideration at the Final Approval Hearing described below.

17   2.    A hearing (the "Final Approval Hearing") shall be held before this Court on May 11,

18   2009, at 9:00 a.m., at the United States Courthouse, 280 South First Street, San Jose, California, to

19

20   determine whether the proposed Settlement of the Litigation on the terms and conditions provided

21   for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved

22   by the Court; whether a Judgment as provided in ¶1.15 of the Stipulation should be entered herein;

23   whether the proposed Plan of Allocation should be approved; and to determine the amount of fees

24   and expenses that should be awarded to Plaintiffs' counsel. The Court may adjourn the Final

25   Approval Hearing without further notice to Members of the Settlement Class.

26   3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily

27

28   certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE - C-04-4802-JW                                                    - 1 -

1 purchased or otherwise acquired Impax securities during the period from and including May 5, 2004

2 and November 3, 2004, and were damaged thereby. Excluded from the Settlement Class are

3 Defendants, any entity in which any Defendant has or had a controlling interest or that is a parent or

4 subsidiary or is controlled by any Defendant, Defendants' officers and directors, including any

5 person who was an officer or director during the Settlement Class Period, Defendants' affiliates,

6

7 legal representatives, heirs, predecessors, successors or assigns, and members of Defendants'

8 immediate families. Also excluded from the Settlement Class are those Persons who timely and

9 validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and

10 Proposed Settlement of Class Action.

11     4.     With respect to the Settlement Class, this Court preliminarily finds for purposes of

12 effectuating this Settlement that (a) the Members of the Settlement Class are so numerous that

13 joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions

14 of law and fact common to the Settlement Class which predominate over any individual questions;

15

16 (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and

17 Lead Counsel have fairly and adequately represented and protected the interests of all of the

18 Settlement Class Members; and (e) a class action is superior to other available methods for the fair

19 and efficient adjudication of the controversy, considering: (i) the interests of the Members of the

20 Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent

21

22 and nature of any litigation concerning the controversy already commenced by Members of the

23 Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in

24 this particular forum; and (iv) the difficulties likely to be encountered in the management of the class

25 action.

26     5.     The Court approves, as to form and content, the Notice of Pendency and Proposed

27 Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of

28

1 Claim"), and Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto,

2 and finds that the mailing and distribution of the Notice and publishing of the Summary Notice

3 substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of

4 Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the

5 circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6

7    6.    Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints

8 Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as

9 well as the processing of claims as more fully set forth below:

10    (a)    Not later than March 10, 2009 (the "Notice Date"), Lead Counsel shall cause a

11 copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-

12 2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with

13 reasonable effort;

14

15    (b)    Not later than March 10, 2009, Lead Counsel shall cause the Summary Notice

16 to be published once in *Investor's Business Daily*;

17    (c)    Not later than March 10, 2009, Lead Counsel shall cause the Stipulation and

18 its Exhibits to be posted on the following website: www.gilardi.com; and

19    (d)    On or before April 14, 2009, Lead Counsel shall cause to be served on

20 Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and

21 publishing.

22

23    7.    Nominees who purchased or otherwise acquired Impax securities between May 5,

24 2004 and November 3, 2004, inclusive, shall send the Notice and the Proof of Claim to all beneficial

25 owners of such Impax securities within ten (10) days after receipt thereof, or send a list of the names

26 and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt

27 thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of

28

1   Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage

2   houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing

3   notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which

4   expenses would not have been incurred except for the sending of such notice, subject to further order

5

6   of this Court with respect to any dispute concerning such compensation.

7        8.    All Members of the Settlement Class shall be bound by all determinations and

8   judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the

9   Settlement Class.

10       9.    Settlement Class Members who wish to participate in the Settlement shall complete

11   and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the

12

13   Court orders otherwise, all Proof of Claim forms must be postmarked no later than ninety (90) days

14   from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim

15   within the time provided for shall be barred from sharing in the distribution of the proceeds of the

16   Net Settlement Fund, unless otherwise ordered by the Court or allowed by the Stipulation.

17      10.    Any Person who desires to request exclusion from the Settlement Class shall do so

18   within the time set forth and in the manner described in the Notice. All Persons who submit valid

19

20   and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the

21   Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by

22   the Stipulation or the Judgment entered in the Litigation.

23      11.    Any Member of the Settlement Class may enter an appearance in the Litigation, at

24   their own expense, individually or through counsel of their own choice. If they do not enter an

25   appearance, they will be represented by Lead Counsel.

26      12.    Any Settlement Class Member may appear and show cause, if he, she or it has any

27   reason, why the proposed Settlement of the Litigation should or should not be approved as fair,

28

1   reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of

2   Allocation should or should not be approved, or why attorneys' fees and expenses should or should

3   not be awarded to Plaintiffs' counsel; provided, however, that no Settlement Class Member or any

4   other Person shall be heard or entitled to contest the approval of the terms and conditions of the

5   proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the

6   order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to

7   Plaintiffs' counsel, unless that Person has filed said objections, papers and briefs with the Clerk of

8   the United States District Court for the Northern District of California, San Jose Division, on or

9   before April 24, 2009 and delivered copies of any such papers to Coughlin Stoia Geller Rudman &

10  Robbins LLP, Joy Ann Bull, 655 W. Broadway, Suite 1900, San Diego, CA 92101 and to Blank

11  Rome LLP, Joseph O. Click, 600 New Hampshire Avenue, NW, Washington, DC 20037, such that

12  they are received on or before the same date. Any Settlement Class Member who does not make his,

13  her or its objection in the manner provided shall be deemed to have waived such objection and shall

14  forever be foreclosed from making any objection to the fairness or adequacy of the proposed

15  Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees

16  and expenses to Plaintiffs' counsel, unless otherwise ordered by the Court.

17  13.   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

18  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

19  funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20  14.   All papers in support of the Settlement, the Plan of Allocation, and the application for

21  attorneys' fees or expenses shall be filed and served on or before April 14, 2009. Any reply papers

22  shall be filed and served on or before May 4, 2009.

23  15.   Neither the Defendants nor their Related Parties shall have any responsibility for or

24  liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses

1 | submitted by Plaintiffs' counsel, and such matters will be considered separately from the fairness,

2 | reasonableness and adequacy of the Settlement.

3 |     16.    At or after the Final Approval Hearing, the Court shall determine whether the Plan of

4 | Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses shall be

5

6 | approved.

7 |     17.    All reasonable expenses incurred in identifying and notifying Settlement Class

8 | Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

9 | In the event the Settlement is not approved by the Court, or otherwise fails to become effective,

10 | neither the Plaintiffs nor Plaintiffs' counsel shall have any obligation to repay any amounts actually

11 | and properly disbursed from the Settlement Fund, as provided in the Stipulation.

12 |     18.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations

13

14 | or proceedings connected with it, shall be construed as an admission or concession by Defendants of

15 | the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any

16 | kind and shall not be construed as, or deemed to be evidence of or an admission or concession that

17 | Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss.

18 |     19.    In the event that the Settlement does not become effective in accordance with the

19 | terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement

20 | Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and

21

22 | void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in

23 | such event, all orders entered and releases delivered in connection herewith shall be null and void to

24 | the extent provided by and in accordance with the Stipulation.

25 |     20.    The Court reserves the right to adjourn the date of the Final Approval Hearing

26 | without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all

27 | further applications arising out of or connected with the proposed Settlement. The Court may

28

1   approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if

2   appropriate, without further notice to the Settlement Class.

3   DATED: February 18, 2009

4   _____
    THE HONORABLE JAMES WARE
    UNITED STATES DISTRICT JUDGE

5

6   S:\Settlement\Impax Labs.set\(v1) EA-00056589.doc

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  AZRA Z. MEHDI (220406)
   DANIEL J. PFEFFERBAUM (248631)
3  SUZANNE H. KAPLAN (247067)
   100 Pine Street, Suite 2600
4  San Francisco, CA  94111
   Telephone: 415/288-4545
5  415/288-4534 (fax)
   amehdi@csgrr.com
6  dpfefferbaum@csgrr.com
   shkaplan@csgrr.com
7        – and –
   JOY ANN BULL (138009)
8  LAURIE L. LARGENT (153493)
   655 West Broadway, Suite 1900
9  San Diego, CA  92101
   Telephone: 619/231-1058
10 619/231-7423 (fax)
   joyb@csgrr.com
11 llargent@csgrr.com

12 Lead Counsel for Plaintiffs

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16
   In re IMPAX LABORATORIES, INC.      )   Master File No. C-04-4802-JW
17 SECURITIES LITIGATION               )
                                       )   CLASS ACTION
18 ─────────────────────────────────── )
   This Document Relates To:           )   NOTICE OF PENDENCY AND PROPOSED
19                                      )   SETTLEMENT OF CLASS ACTION
        ALL ACTIONS.                   )
20 ─────────────────────────────────── )   EXHIBIT A-1

21

22

23

24

25

26

27

28

1 | *IF YOU PURCHASED OR OTHERWISE ACQUIRED IMPAX LABORATORIES, INC. ("IMPAX") SECURITIES BETWEEN MAY 5, 2004 AND NOVEMBER 3, 2004, INCLUSIVE,*
2 | *YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

3 | A federal court authorized this Notice. This is not a solicitation from a lawyer.

4 | **Securities and Time Period:** Impax common stock (CUSIP No. 45256B101) purchased or
5 | acquired between May 5, 2004 and November 3, 2004, inclusive.

6 | **Settlement Fund:** $9,000,000 in cash. Your recovery will depend on the number of shares
7 | of Impax securities purchased or acquired between May 5, 2004 and November 3, 2004, inclusive
8 | and the timing of your purchases, acquisitions and any sales. If claims are submitted for 100% of the
9 | eligible shares of Impax common stock, the estimated average recovery per share of common stock
10 | will be approximately $0.351 before deduction of Court-approved fees and expenses.

11 | **Settlement Class:** The Court has certified a Settlement Class of all purchasers or acquirers of
12 | Impax securities between May 5, 2004 and November 3, 2004, inclusive, who were damaged.
13 | Excluded from the Settlement Class are Defendants, the officers and directors of Impax, including
14 | officers and directors during the Settlement Class Period, Defendants' affiliates, members of
15 | Defendants' immediate families, and their legal representatives, heirs, predecessors, successors or
16 | assigns and any entity in which any of the Defendants have or had a controlling interest or that is a
17 | parent or subsidiary or is controlled by any Defendant. Also excluded from the Settlement Class are
18 | those Persons who timely and validly request exclusion from the Settlement Class pursuant to this
19 | Notice.

20 | **Reasons for Settlement:** Avoids the costs and risks associated with continued litigation,
21 | including the danger of no recovery, and provides a benefit to the Settlement Class now.

22 | **If the Case Had Not Settled:** The settlement must be compared to the risk of no recovery
23 | after contested motions, trial and likely appeals. A trial is a risky proposition and Plaintiffs might
24 | not have prevailed. The claims in this case involve numerous complex legal and factual issues that
25 | would require extensive and costly expert testimony. Among the many key issues about which the
26 | two sides do not agree are: (1) whether any of the Defendants violated the securities laws or
27 | otherwise engaged in any wrongdoing; (2) whether the facts alleged by the Plaintiffs were material,
28 | false, misleading or otherwise actionable under the securities laws; (3) the extent (if any) that various

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
- C-04-4802-JW                                                                          - 1 -

1   facts alleged by the Plaintiffs influenced the trading prices of Impax securities during the relevant

2   period; (4) the method for determining whether Impax securities were artificially inflated during the

3   relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that

4   could be recovered at trial.

5   **Attorneys' Fees and Expenses:** Plaintiffs' counsel have not received any payment for their

6   work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the

7   Plaintiffs and the Settlement Class. Plaintiffs' counsel will ask the Court for attorneys' fees of up to

8   25% of the Settlement Fund and expenses not to exceed $660,000 to be paid from the Settlement

9   Fund. If the above amounts are requested and approved by the Court, the average cost per share of

10  common stock will be approximately $0.114, making the estimated recovery per share after fees and

11  expenses $0.237.

12  **Deadlines:**

13  Submit Claim:          June 8, 2009

14  Request Exclusion:     April 24, 2009

15  File Objection:        April 24, 2009

16  **Court Hearing on Fairness of Settlement:** May 11, 2009

17  **More Information:** www.gilardi.com

18  Claims Administrator:                          Lead Counsel:

19  *Impax Securities Litigation*                  Rick Nelson
    Claims Administrator                           Shareholder Relations
20  c/o Gilardi & Co. LLC                          Coughlin Stoia Geller
    P.O. Box 8040                                     Rudman & Robbins LLP
21  San Rafael, CA 94912-8040                      655 West Broadway, Suite 1900
22                                                 San Diego, CA 92101

23      • Your legal rights are affected whether you act or don't act. Read this Notice carefully.

24      **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

25  **SUBMIT A CLAIM**          The only way to receive a payment.

26  **OBJECT**                  You may write to the Court if you do not like this settlement.

27

28

| | | |
|---|---|---|
| 1 | **GO TO A HEARING** | You may ask to speak in Court about the fairness of the |
| 2 | | settlement. |
| 3 | **DO NOTHING** | Receive no payment. |
| 4 | **EXCLUDE YOURSELF** | Receive no payment. This is the only option that allows you to |
| 5 | | participate in another lawsuit against the Defendants relating to |
| 6 | | the claims being released in this case. |
| 7 | | |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1.     Why Did I Receive This Notice Package?**

You or someone in your family may have purchased or acquired Impax securities between May 5, 2004 and November 3, 2004, inclusive.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, San Jose Division, and the case is known as *In re Impax Laboratories, Inc. Securities Litigation*, Master File No. C-04-4802-JW. The pension fund and individual that sued are called the

1    Plaintiffs, and the company and the individuals they sued, Impax, Barry R. Edwards, Cornel C.

2    Spiegler, Charles Hsiao, Larry Hsu, David S. Doll and David J. Edwards, are called the Defendants.

3    **2.    What Is This Lawsuit About?**

4    This case was brought as a class action alleging that Defendants made false and misleading

5    statements and omissions between May 5, 2004 and November 3, 2004, about Impax's 1Q04 and

6    2Q04 financial results.   The case asserts that these financial results were overstated because

7    Defendants improperly and prematurely recognized revenue on bupropion sales and improperly

8    failed to set up reserves for returns and other contingencies common in the pharmaceutical industry

9    even though they were dealing with a new product that had no historical data. The case alleges that

10   these false financial statements and omissions resulted in the artificial inflation of the prices of

11   Impax securities between May 5, 2004 and November 3, 2004.   Defendants have denied and

12   continue to deny that they did anything wrong.

13   **3.    Why Is This a Class Action?**

14   In a class action, one or more people called class representatives (in this case the Court-

15   appointed Lead Plaintiff, City of Dearborn Heights Act 345 Police & Fire Retirement System, and

16   Representative Plaintiff, Dr. Melvin M. Owen) sue on behalf of people who have similar claims.

17   Here, all these people are called a Settlement Class or Settlement Class Members.   One court

18   resolves the issues for all Settlement Class Members, except for those who timely and validly

19   exclude themselves from the Settlement Class. Judge James Ware is in charge of this class action.

20   **4.    Why Is There a Settlement?**

21   The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a

22   settlement. That way, they avoid the cost and uncertainty of a trial, and eligible Settlement Class

23   Members who submit valid claims will receive compensation. The Plaintiffs and their attorneys

24   think the settlement is best for all Settlement Class Members.

25   **WHO IS IN THE SETTLEMENT**

26   To see if you will receive money from this settlement, you first have to determine if you are a

27   Settlement Class Member.

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
- C-04-4802-JW                                                                      - 4 -

### 5.    How Do I Know if I Am Part of the Settlement?

The Settlement Class includes *all purchasers or acquirers of Impax securities between May 5, 2004 and November 3, 2004, inclusive*, who were damaged thereby.

### 6.    What Are the Exceptions to Being Included?

You are not a Settlement Class Member if you are a Defendant, an officer or director of Impax, including any Person who was an officer or director during the Settlement Class Period, Defendants' affiliates, a member of Defendants' immediate families, a legal representative, heir, successor or assign or an entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant. You are also not a Settlement Class Member if you timely and validly request exclusion from the Settlement Class pursuant to this Notice.

If you sold Impax securities between May 5, 2004 and November 3, 2004, inclusive, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you purchased or acquired Impax securities between May 5, 2004 and November 3, 2004, inclusive.

### 7.    I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can call Rick Nelson of Coughlin Stoia Geller Rudman & Robbins LLP at 619/231-1058 for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8.    What Does the Settlement Provide?

Defendants have agreed to pay $9.0 million in cash. The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund") will be divided among all eligible Settlement Class Members who send in valid claim forms.

1

**9.     How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in and the number of shares of Impax securities you purchased or acquired during the relevant period and when you bought and sold them.  A claim will be calculated as follows:

The allocation below is based on the following price declines as well as the statutory PSLRA 90 day look back amount of $14.83:

| | |
|---|---|
| November 3, 2004 Closing Price: | $13.00 |
| November 4, 2004 Closing Price: | $10.07 |
| November 4, 2004 Price Decline: | $ 2.93 |

For shares of Impax common stock *purchased or acquired on May 5, 2004 through and including November 3, 2004*, the claim per share shall be as follows:

(a)     For shares sold on or before November 3, 2004, the claim per share is $0.

(b)     For shares retained at the close of trading on November 3, 2004, and sold on or before February 1, 2005, the claim per share shall be the lesser of (i) $2.93 (November 4, 2004 Price Decline); or (ii) the difference between the purchase price and the sale price; or (iii) the difference between the purchase price and the average closing price per share up to the date of sale as set forth in the table below.

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 4-Nov-04 | $10.07 | $10.07 |
| 5-Nov-04 | $11.17 | $10.62 |
| 8-Nov-04 | $11.25 | $10.83 |
| 9-Nov-04 | $11.85 | $11.09 |
| 10-Nov-04 | $12.73 | $11.41 |
| 11-Nov-04 | $13.30 | $11.73 |
| 12-Nov-04 | $13.14 | $11.93 |
| 15-Nov-04 | $12.96 | $12.06 |
| 16-Nov-04 | $12.85 | $12.15 |
| 17-Nov-04 | $12.65 | $12.20 |
| 18-Nov-04 | $12.29 | $12.21 |
| 19-Nov-04 | $12.36 | $12.22 |
| 22-Nov-04 | $12.02 | $12.20 |
| 23-Nov-04 | $11.99 | $12.19 |
| 24-Nov-04 | $12.46 | $12.21 |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
- C-04-4802-JW

| 26-Nov-04 | $12.70 | $12.24 |
|---|---|---|
| 29-Nov-04 | $12.36 | $12.24 |
| 30-Nov-04 | $12.52 | $12.26 |
| 1-Dec-04 | $13.25 | $12.31 |
| 2-Dec-04 | $13.38 | $12.37 |
| 3-Dec-04 | $13.69 | $12.43 |
| 6-Dec-04 | $14.44 | $12.52 |
| 7-Dec-04 | $14.45 | $12.60 |
| 8-Dec-04 | $13.99 | $12.66 |
| 9-Dec-04 | $14.13 | $12.72 |
| 10-Dec-04 | $14.06 | $12.77 |
| 13-Dec-04 | $14.99 | $12.85 |
| 14-Dec-04 | $15.46 | $12.95 |
| 15-Dec-04 | $16.49 | $13.07 |
| 16-Dec-04 | $15.97 | $13.17 |
| 17-Dec-04 | $15.87 | $13.25 |
| 20-Dec-04 | $16.04 | $13.34 |
| 21-Dec-04 | $15.29 | $13.40 |
| 22-Dec-04 | $15.31 | $13.46 |
| 23-Dec-04 | $15.34 | $13.51 |
| 27-Dec-04 | $15.22 | $13.56 |
| 28-Dec-04 | $15.61 | $13.61 |
| 29-Dec-04 | $15.84 | $13.67 |
| 30-Dec-04 | $16.13 | $13.73 |
| 31-Dec-04 | $15.88 | $13.79 |
| 3-Jan-05 | $16.09 | $13.84 |
| 4-Jan-05 | $15.89 | $13.89 |
| 5-Jan-05 | $16.42 | $13.95 |
| 6-Jan-05 | $16.71 | $14.01 |
| 7-Jan-05 | $16.59 | $14.07 |
| 10-Jan-05 | $16.58 | $14.13 |
| 11-Jan-05 | $16.06 | $14.17 |
| 12-Jan-05 | $16.31 | $14.21 |
| 13-Jan-05 | $16.32 | $14.25 |
| 14-Jan-05 | $16.25 | $14.29 |
| 18-Jan-05 | $17.19 | $14.35 |
| 19-Jan-05 | $17.26 | $14.41 |
| 20-Jan-05 | $17.75 | $14.47 |
| 21-Jan-05 | $17.82 | $14.53 |
| 24-Jan-05 | $17.39 | $14.58 |
| 25-Jan-05 | $17.01 | $14.63 |
| 26-Jan-05 | $17.19 | $14.67 |
| 27-Jan-05 | $16.91 | $14.71 |
| 28-Jan-05 | $16.81 | $14.75 |
| 31-Jan-05 | $17.15 | $14.79 |

| 1-Feb-05 | $17.27 | $14.83 |
|---|---|---|

(c)    For shares retained at the close of trading on November 3, 2004, and sold on or after February 2, 2005, the claim per share shall be the lesser of: (i) $2.93 (November 4, 2004 Price Decline), or (ii) the difference between the purchase price and $14.83.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who held Impax securities at the beginning of the Settlement Class Period or made multiple purchases, acquisitions or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim.  Under the FIFO method, sales of securities during the Settlement Class Period will be matched, in chronological order, first against securities held at the beginning of the Settlement Class Period.  The remaining sales of securities during the Settlement Class Period will then be matched, in chronological order, against securities purchased or acquired during the Settlement Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss.  All gains and losses (as calculated under the above plan) will be combined and thereafter netted against each other.

## HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM

**10.    How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a valid claim form, and properly document your claim as requested in the claim form.  A claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than June 8, 2009.

**11.    When Will I Receive My Payment?**

The Court will hold a hearing on May 11, 2009, to decide whether to approve the settlement. If Judge Ware approves the settlement, there may be appeals.  It is always uncertain whether these

1  appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who

2  sends in a claim form will be informed of the determination with respect to their claim. Please be

3  patient.

4      **12.    What Am I Giving Up to Receive a Payment or Stay in the Settlement Class?**

5      Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and

6  that means that you cannot sue, continue to sue, or be part of any other lawsuit against the

7  Defendants about the Released Claims in this case. It also means that all of the Court's orders will

8  apply to you and legally bind you and you will release your claims in this case against the

9  Defendants. The terms of the release are included in the claim form that is enclosed.

10              **EXCLUDING YOURSELF FROM THE SETTLEMENT**

11      If you do not want a payment from this settlement, but you want to keep the right to sue or

12  continue to sue the Defendants on your own for the Released Claims in this case, then you must take

13  steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to

14  as opting out of the Settlement Class.

15      **13.    How Do I Get Out of the Settlement Class?**

16      To exclude yourself from the Settlement Class, you must send a letter by mail stating that

17  you want to be excluded from *In re Impax Laboratories, Inc. Securities Litigation*, Master File No.

18  C-04-4802-JW. You must include your name, address, telephone number, your signature, and the

19  number of shares of Impax securities you purchased or acquired between May 5, 2004 and

20  November 3, 2004, the number of shares sold during this time period, if any, and the dates of such

21  purchases, acquisitions and sales. You must mail your exclusion request postmarked no later than

22  April 24, 2009 to:

23          *Impax Securities Litigation*
            Claims Administrator
24          c/o Gilardi & Co. LLC
            P.O. Box 8040
25          San Rafael, CA 94912-8040

26      You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are

27  not eligible to receive any settlement payment, and you cannot object to the settlement. You will not

28  be legally bound by anything that happens in this lawsuit.

**14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.   Unless you timely and validly exclude yourself, you give up any right to sue the Defendants for the Released Claims in this settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is April 24, 2009.

**15.    If I Exclude Myself, Can I Receive Money from This Settlement?**

No.  If you exclude yourself, do not send in a claim form.  But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants.

## THE LAWYERS REPRESENTING YOU

**16.    Do I Have a Lawyer in This Case?**

The Court asked the law firm of Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How Will the Lawyers Be Paid?**

Plaintiffs' counsel will ask the Court for attorneys' fees of up to 25% of the Settlement Fund and for expenses up to $660,000, which were advanced in connection with the litigation.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The expense number above includes $5,600, which is the maximum aggregate amount of expenses that the Plaintiffs will seek as reimbursement for their time and expenses incurred in representing the Settlement Class.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.  Plaintiffs' counsel have committed significant time and expenses in litigating this case for the benefit of the Settlement Class since the case began in 2004.  To date, Plaintiffs' counsel have not been paid for their services in conducting this litigation on behalf of the

1  Plaintiffs and the Settlement Class, nor for their substantial expenses. The fees requested will

2  compensate Plaintiffs' counsel for their work in achieving the Settlement Fund and is well within the

3  range of fees awarded to class counsel under similar circumstances in other cases of this type. The

4  Court may award less than this amount.

5  **OBJECTING TO THE SETTLEMENT**

6  You can tell the Court that you do not agree with the settlement or some part of it.

7  **18.    How Do I Tell the Court that I Do Not Like the Settlement?**

8  If you are a Settlement Class Member, you can object to the settlement if you do not like any

9  part of it, including the Plan of Allocation and the request for attorneys' fees. You can state the

10  reasons why you think the Court should not approve it. The Court will consider your views. To

11  object, you must send a letter saying that you object to the settlement in *In re Impax Laboratories,*

12  *Inc. Securities Litigation*, Master File No. C-04-4802-JW. Be sure to include your name, address,

13  telephone number, your signature, the number of shares of Impax securities purchased or acquired

14  and sold between May 5, 2004 and November 3, 2004, and the reasons you object. Any objection

15  must be mailed or delivered such that it is received by *each* of the following no later than April 24,

16  2009:

17  *Court:*

18  Clerk of the Court
    UNITED STATES DISTRICT COURT
19  NORTHERN DISTRICT OF CALIFORNIA
    SAN JOSE DIVISION
20  United States Courthouse
    280 South First Street
21  San Jose, CA 95113

22  *Counsel for Plaintiffs:*

23  Joy Ann Bull
    COUGHLIN STOIA GELLER
24  RUDMAN & ROBBINS LLP
    655 West Broadway, Suite 1900
25  San Diego, CA 92101

26

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
- C-04-4802-JW                                                                      - 11 -

*Counsel for Defendants*:

Joseph O. Click
BLANK ROME LLP
600 New Hampshire Avenue, NW
Washington, DC 20037

**19.    What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

**20.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at 9:00 a.m., on May 11, 2009, at the United States Courthouse, 280 South First Street, San Jose, California. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Ware will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Plaintiffs' counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21.    Do I Have to Come to the Hearing?**

No. Lead Counsel will answer any questions Judge Ware may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your intention to appear in *In re Impax Laboratories, Inc. Securities*

1  *Litigation*, Master File No. C-04-4802-JW. Be sure to include your name, address, telephone

2  number, your signature, and the number of shares of Impax securities purchased or acquired between

3  May 5, 2004 and November 3, 2004. Your notice of intention to appear must be received no later

4  than April 24, 2009, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three

5  addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the

6  Settlement Class.

7  **IF YOU DO NOTHING**

8  **23.    What Happens if I Do Nothing at All?**

9      If you do nothing, you will be a Settlement Class Member, but you will not receive any

10  money from this settlement because it is necessary to submit a claim form. However, unless you

11  exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other

12  lawsuit against the Defendants about the Released Claims in this case.

13  **GETTING MORE INFORMATION**

14  **24.    Are There More Details About the Settlement?**

15      This Notice summarizes the proposed settlement. More details are in the Stipulation of

16  Settlement dated as of January 28, 2009. You can obtain a copy of the Stipulation of Settlement by

17  writing to Rick Nelson, Shareholder Relations, Coughlin Stoia Geller Rudman & Robbins LLP, 655

18  West Broadway, Suite 1900, San Diego, CA 92101, or from the Clerk's office at the United States

19  District Court for the Northern District of California, San Jose Division, 280 South First Street, San

20  Jose, California during regular business hours, or by going to www.gilardi.com.

21  **25.    How Do I Get More Information?**

22      You can call 619/231-1058 or write to Rick Nelson, Shareholder Relations, Coughlin Stoia

23  Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the

24  following website: www.gilardi.com.

25  ***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

26

27

28

1

**SPECIAL NOTICE TO NOMINEES**

2    The Court has ordered that if you held any Impax securities purchased or acquired between

3    May 5, 2004 and November 3, 2004 as nominee for a beneficial owner, then, within ten (10) days

4    after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all

5    such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims

6    Administrator:

7            *Impax Securities Litigation*
              Claims Administrator
8             c/o Gilardi & Co. LLC
              P.O. Box 8040
9             San Rafael, CA 94912-8040

10    If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

11    Claims Administrator (without cost to you) as many additional copies of these documents as you

12    will need to complete the mailing.

13    Regardless of whether you choose to complete the mailing yourself or elect to have the

14    mailing performed for you, you may obtain reimbursement for or advancement of reasonable

15    administrative costs actually incurred or expected to be incurred in connection with forwarding the

16    Notice and which would not have been incurred but for the obligation to forward the Notice, upon

17    submission of appropriate documentation to the Claims Administrator.

18    DATED: _____      BY ORDER OF THE COURT
                                UNITED STATES DISTRICT COURT
19                                NORTHERN DISTRICT OF CALIFORNIA
                                SAN JOSE DIVISION
20

    S:\Settlement\Impax Labs.set\(v1) A1-00056644.doc
21

22

23

24

25

26

27

28

# EXHIBIT A-2

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
AZRA Z. MEHDI (220406)
DANIEL J. PFEFFERBAUM (248631)
SUZANNE H. KAPLAN (247067)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
amehdi@csgrr.com
dpfefferbaum@csgrr.com
shkaplan@csgrr.com
      – and –
JOY ANN BULL (138009)
LAURIE L. LARGENT (153493)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
joyb@csgrr.com
llargent@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re IMPAX LABORATORIES, INC. SECURITIES LITIGATION ) ) ) | Master File No. C-04-4802-JW |
| | CLASS ACTION |
| This Document Relates To: ) ) | PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. ) ) | EXHIBIT A-2 |

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a Member of the Settlement Class based on your claims in the action entitled *In re  Impax Laboratories, Inc. Securities Litigation*, Master File No. C-04-4802-JW (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE JUNE 8, 2009, ADDRESSED AS FOLLOWS:

> *Impax Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**II.      DEFINITIONS**

1.      "Defendants" means Impax and the Individual Defendants, as defined below.

2.      "Individual Defendants" means Barry R. Edwards, Cornel C. Spiegler, Charles Hsiao, Larry Hsu, David S. Doll and David J. Edwards.

3.      "Released Parties" means each and all of the Defendants and each and all of their Related Parties.

1   **III.    CLAIMANT IDENTIFICATION**

2        1.     If you purchased or acquired Impax securities and held the certificate(s) in your

3   name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s)

4   were registered in the name of a third party, such as a nominee or brokerage firm, you are the

5   beneficial purchaser and the third party is the record purchaser.

6        2.     Use Part I of this form entitled "Claimant Identification" to identify each purchaser of

7   record ("nominee"), if different from the beneficial purchaser of Impax securities which form the

8   basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

9   PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH

10  PURCHASER(S) OR ACQUIRER(S) OF THE IMPAX SECURITIES UPON WHICH THIS

11  CLAIM IS BASED.

12       3.     All joint purchasers must sign this claim.  Executors, administrators, guardians,

13  conservators and trustees must complete and sign this claim on behalf of Persons represented by

14  them and their authority must accompany this claim and their titles or capacities must be stated. The

15  Social Security (or taxpayer identification) number and telephone number of the beneficial owner

16  may be used in verifying the claim.  Failure to provide the foregoing information could delay

17  verification of your claim or result in rejection of the claim.

18  **IV.    CLAIM FORM**

19       1.     Use Part II of this form entitled "Schedule of Transactions in Impax Securities" to

20  supply all required details of your transaction(s) in Impax securities.  If you need more space or

21  additional schedules, attach separate sheets giving all of the required information in substantially the

22  same form.  Sign and print or type your name on each additional sheet.

23       2.     On the schedules, provide all of the requested information with respect to all of your

24  purchases or acquisitions and all of your sales of Impax securities which took place at any time

25  between and including May 5, 2004 and November 3, 2004 (the "Settlement Class Period"), whether

26  such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in

27  the rejection of your claim.

28

1    3.    List each transaction in the Settlement Class Period separately and in chronological

2 order, by trade date, beginning with the earliest. You must accurately provide the month, day and

3 year of each transaction you list.

4    4.    Broker confirmations or other documentation of your transactions in Impax securities

5 should be attached to your claim. Failure to provide this documentation could delay verification of

6 your claim or result in rejection of your claim.

7    5.    The above requests are designed to provide the minimum amount of information

8 necessary to process the most simple claims. The Claims Administrator may request additional

9 information as required to efficiently and reliably calculate your losses. In some cases where the

10 Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the

11 Settlement Class with the information provided, the Claims Administrator may condition acceptance

12 of the claim upon the production of additional information and/or the hiring of an accounting expert

13 at the claimant's cost.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF CALIFORNIA

3   *In re Impax Laboratories, Inc. Securities Litigation*

4   Master File No. C-04-4802-JW

5   PROOF OF CLAIM AND RELEASE

6   Must Be Postmarked No Later Than:

7   June 8, 2009

8   Please Type or Print

9   PART I:        CLAIMANT IDENTIFICATION

10

11   _____
     Beneficial Owner's Name (First, Middle, Last)

12   _____
13   Street Address

14   _____        _____
15   City                       State          Zip Code

     _____        _____
16   Foreign Province           Foreign Country

17   _____        _____    Individual
     Social Security Number or
18   Taxpayer Identification Number    _____    Corporation/Other

19   _____        _____    (work)
     Area Code                  Telephone Number

20   _____        _____    (home)
21   Area Code                  Telephone Number

22

23   _____
     Record Owner's Name (if different from beneficial owner listed above)

24

25

26

27

28

PART II:   SCHEDULE OF TRANSACTIONS IN IMPAX SECURITIES

    A.    Number of shares of Impax common stock held at the beginning of trading on May 5, 2004: _____.

    B.    Purchases or Acquisitions of Impax common stock (May 5, 2004 – November 3, 2004, inclusive):

| Trade Date<br>Mo. Day Year | Number of<br>Shares<br>Purchased or Acquired | Total<br>Purchase or Acquisition Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

    C.    Sales of Impax common stock (May 5, 2004 – November 3, 2004, inclusive):

| Trade Date<br>Mo. Day Year | Number of<br>Shares<br>Sold | Total<br>Sales Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

    D.    Number of shares of Impax common stock held at the close of trading on November 3, 2004: _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of January 28, 2009 ("Stipulation") described in the Notice. I also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Lead Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases, acquisitions or sales of Impax securities during the Settlement Class Period and know of no other Person having done so on my behalf.

## VI.    RELEASE

1.    I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly).

2.    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or

1  heretofore has existed, asserted or that might have been asserted by Plaintiffs or any Settlement

2  Class Member against the Defendants or their Related Parties arising out of the purchase or

3  acquisition of Impax securities by the Plaintiffs or any Settlement Class Member and/or their Related

4  Parties based upon, arising out of, or related to (i) any of the facts, transactions, events, occurrences,

5  disclosures, statements, acts, omissions or failures to act which were or could have been alleged in or

6  embraced or otherwise referred to or encompassed by the Litigation; and (ii) the purchase or other

7  acquisition of Impax securities by Plaintiffs or any Settlement Class Member during the Settlement

8  Class Period, regardless of the basis, whether legal or equitable, including without limitation, claims

9  for negligence, gross negligence, breach of duty of care and/or breach of loyalty, fraud, breach of

10  fiduciary duty, or violations of any common law principle, federal, state, local or other statute or law,

11  administrative rule or regulation, tort, or contract.

12      3.    "Unknown Claims" means collectively any Released Claims that Plaintiffs or any

13  Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the

14  release of the Released Parties which, if known by him, her or it, might have affected his, her or its

15  settlement with and release of the Released Parties, or might have affected his, her or its decision not

16  to object to this Settlement. With respect to any and all Released Claims, the Settling Parties

17  stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the

18  Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall

19  have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

20        **A general release does not extend to claims which the creditor does not**
   **know or suspect to exist in his or her favor at the time of executing the release,**
21        **which if known by him or her must have materially affected his or her**
   **settlement with the debtor**.

22  Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by

23  operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits

24  conferred by any law of any state or territory of the United States, or principle of common law,

25  which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Settlement

26  Class Members may hereafter discover facts in addition to or different from those which he, she or it

27  now knows or believes to be true with respect to the subject matter of the Released Claims, but

28

1 | Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class
2 | Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall
3 | have, fully, finally, and forever settled and released, any and all Released Claims, known or
4 | unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or
5 | hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing
6 | or coming into existence in the future, including, but not limited to, conduct which is negligent,
7 | intentional, with or without malice, or a breach of any duty, law or rule, without regard to the
8 | subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and
9 | the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged,
10 | that the foregoing waiver was separately bargained for and a key element of the Settlement of which
11 | this release is a part.

12 |     4.      This release shall be of no force or effect unless and until the Court approves the
13 | Stipulation and it becomes effective on the Effective Date.

14 |     5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or
15 | purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this
16 | release or any other part or portion thereof.

17 |     6.      I (We) hereby warrant and represent that I (we) have included information about all
18 | of my (our) transactions in Impax securities that occurred during the Settlement Class Period as well
19 | as the number of shares of Impax securities held by me (us) at the opening of trading on May 5,
20 | 2004, and at the close of trading on November 3, 2004.

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME:_____

Check appropriate box:

☐ Individual/Sole Proprietor                    ☐ Pension Plan
☐ Corporation          ☐ Partnership     ☐ Trust
☐ IRA                  ☐ Other

Enter TIN on appropriate line.

    o     For individuals, this is your Social Security Number ("SSN").

    o     For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

    o     For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _    or    _ _ - _ _ _ _ _ _ _
Social Security Number         Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

     1.     The number shown on this form is my correct TIN; and

     2.     I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:     If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

1    *SEE* ENCLOSED FORM W-9 INSTRUCTIONS

2    The Internal Revenue Service does not require your consent to any provision of this document other

3    than the certification required to avoid backup withholding.

4         I declare under penalty of perjury under the laws of the United States of America that the

5    foregoing information supplied by the undersigned is true and correct.

6         Executed this _____ day of _____,

                                        (Month/Year)

7

8    in _____, _____.

      (City)                          (State/Country)

9

10                                _____
                             (Sign your name here)

11

12                                _____
                           (Type or print your name here)

13

14                                _____

15                              (Capacity of person(s) signing, *e.g.*,
                           Beneficial Purchaser or Acquirer,

16                              Executor or Administrator)

17               ACCURATE CLAIMS PROCESSING TAKES A

18                   SIGNIFICANT AMOUNT OF TIME.

19                  THANK YOU FOR YOUR PATIENCE.

20   Reminder Checklist:

21        1.    Please sign the above release and declaration.

22        2.    Remember to attach supporting documentation, if available.

23        3.    Do not send original stock certificates.

24        4.    Keep a copy of your claim form for your records.

25        5.    If you desire an acknowledgment of receipt of your claim form, please send it

26   Certified Mail, Return Receipt Requested.

27        6.    If you move, please send us your new address.

28   sS:\Settlement\Impax Labs.set\(v1) A2-00056594.doc4

# EXHIBIT A-3

1   COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
2   AZRA Z. MEHDI (220406)
    DANIEL J. PFEFFERBAUM (248631)
3   SUZANNE H. KAPLAN (247067)
    100 Pine Street, Suite 2600
4   San Francisco, CA  94111
    Telephone: 415/288-4545
5   415/288-4534 (fax)
    amehdi@csgrr.com
6   dpfefferbaum@csgrr.com
    shkaplan@csgrr.com
7            – and –
    JOY ANN BULL (138009)
8   LAURIE L. LARGENT (153493)
    655 West Broadway, Suite 1900
9   San Diego, CA  92101
    Telephone: 619/231-1058
10  619/231-7423 (fax)
    joyb@csgrr.com
11  llargent@csgrr.com

12  Lead Counsel for Plaintiffs

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                  SAN JOSE DIVISION

17  In re IMPAX LABORATORIES, INC.      )   Master File No. C-04-4802-JW
    SECURITIES LITIGATION              )
18  _____ )   CLASS ACTION
                                        )
19  This Document Relates To:           )   SUMMARY NOTICE
                                        )
20      ALL ACTIONS.                    )   EXHIBIT A-3
    _____ )
21

22

23

24

25

26

27

28

1  TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED IMPAX
2        LABORATORIES, INC. ("IMPAX") SECURITIES BETWEEN MAY 5, 2004 AND
       NOVEMBER 3, 2004, INCLUSIVE

3      YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

4  for the Northern District of California, that a hearing will be held on May 11, 2009, at 9:00 a.m.,

5  before the Honorable James Ware at the United States Courthouse, 280 South First Street, San Jose,

6  California, for the purpose of determining (1) whether the proposed settlement of the claims in the

7  Litigation for the sum of $9,000,000 in cash should be approved by the Court as fair, reasonable and

8  adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the

9  terms and conditions set forth in the Stipulation of Settlement dated as of January 28, 2009; (3)

10  whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved;

11  and (4) whether the application of Plaintiffs' counsel for the payment of attorneys' fees and expenses

12  incurred in connection with this Litigation should be approved.

13      If you purchased or acquired Impax securities between May 5, 2004 and November 3, 2004,

14  inclusive, your rights may be affected by the settlement of this Litigation.  If you have not received a

15  detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the

16  Proof of Claim and Release, you may obtain copies by writing to *Impax Securities Litigation*, Claims

17  Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040.  If you are a

18  Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must

19  submit a Proof of Claim and Release postmarked no later than June 8, 2009, establishing that you are

20  entitled to recovery.

21      If you desire to be excluded from the Settlement Class, you must submit a request for

22  exclusion postmarked by April 24, 2009, in the manner and form explained in the detailed Notice

23  referred to above.  All Members of the Settlement Class who have not timely and validly requested

24  exclusion from the Settlement Class will be bound by any judgment entered in the Litigation

25  pursuant to the terms and conditions of the Stipulation of Settlement.

26      Any objection to the settlement must be mailed or delivered such that it is received by each

27  of the following no later than April 24, 2009:

28

SUMMARY NOTICE - C-04-4802-JW                                                    - 1 -

1   CLERK OF THE COURT
    UNITED STATES DISTRICT COURT
2   NORTHERN DISTRICT OF CALIFORNIA
    SAN JOSE DIVISION
3   United States Courthouse
    280 South First Street
4   San Jose, CA 95113

5   *Counsel for Plaintiffs*:

6   COUGHLIN STOIA GELLER
7    RUDMAN & ROBBINS LLP
    JOY ANN BULL
8   655 West Broadway, Suite 1900
    San Diego, CA  92101
9

10  *Counsel for Defendants:*

11  BLANK ROME LLP
    JOSEPH O. CLICK
12  600 New Hampshire Avenue, NW
    Washington, DC 20037
13

14  **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

15  **THIS NOTICE.** If you have any questions about the settlement, you may contact counsel for the

16  Plaintiffs at the address listed above or go to the following website: www.gilardi.com.

17

18  DATED: _____          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
19                                          NORTHERN DISTRICT OF CALIFORNIA
                                            SAN JOSE DIVISION
20

21  S:\Settlement\Impax Labs.set\A3-00056598.doc

22

23

24

25

26

27

28

SUMMARY NOTICE - C-04-4802-JW                                                    - 2 -

1

<u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on January 30, 2009, I electronically filed the foregoing with the Clerk

3 of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4 addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5 mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6 participants indicated on the attached Manual Notice List.

7      I further certify that I caused this document to be forwarded to the following designated

8 Internet site at:  http://securities.csgrr.com/.

9      I certify under penalty of perjury under the laws of the United States of America that the

10 foregoing is true and correct.  Executed on January 30, 2009.

11

12                          <u>s/ Joy A. Bull</u>
                              JOY ANN BULL

13

14                          COUGHLIN STOIA GELLER
                           RUDMAN & ROBBINS LLP

15                          655 West Broadway, Suite 1900
                         San Diego, CA  92101-3301

16                          Telephone:  619/231-1058
                         619/231-7423 (fax)

17

18                          E-mail:Joyb@csgrr.com

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 5:04-cv-04802-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dale E. Barnes , Jr**
  dale.barnes@bingham.com,teresa.bowen@bingham.com,lisa.lee@bingham.com

- **Joseph Otto Click**
  click@blankrome.com,smith-sh@blankrome.com

- **Patrick J. Coughlin**
  PatC@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Robert S. Green**
  CAND.USCOURTS@CLASSCOUNSEL.COM

- **Suzanne Heald Kaplan**
  shkaplan@csgrr.com

- **Louis H. Kozloff**
  Kozloff@blankrome.com

- **Laurie L. Largent**
  llargent@csgrr.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Elizabeth Pei Lin**
  elin@milberg.com,schang@milberg.com,cchaffins@milberg.com

- **Tricia Lynn McCormick**
  triciam@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Azra Z. Mehdi**
  azram@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@csgrr.com,nrogers@csgrr.com,khuang@csgrr.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Kerry Brainard**
600 New Hampshire Avenue, N.W.
Washington, DC 20037

**Tim P. Harris**
Blank Rome LLP
Watergate 600
New Hampshire Avenue,NW
Washington, DC 20037

**Michael Joseph**
600 New Hampshire Avenue, N.W.
Washington, DC 20037

**Darren Jay Robbins**
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Hardy Vieux**
Blank Rome LLP
Watergate 600
New Hampshire Avenue,NW
Washington, DC 20037

MANUAL SERVICE LIST
*In re Impax Laboratories, Inc. Securities Litigation*


Michael J. Vanoverbeke
Thomas C. Michaud
VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)